UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CS BUSINESS SYSTEMS, INC.; JAMES L. SHELTON; VIRGINIA L. SHELTON; BRAD HECKENBERG; LANA C. HECKENBERG; PJS RENTAL, LLC; WON Y. SHIN TRUST; WON Y. SHIN; BART SUTHERIN; KATHRYN SUTHERIN; and ITZ GROUP, LLC,

    Plaintiffs,

v.

Case No. 6:17-cv-364-Orl37TBS

DWIGHT C. SCHAR; PAUL E. SIMONSON; DCS INVESTMENTS HOLDINGS GP, LLC; DCS REAL ESTATE INVESTMENTS, LLC; DCS REAL ESTATE INVESTMENTS I, LLC; DCS REAL ESTATE INVESTMENTS II, LLC; DCS REAL ESTATE INVESTMENTS III, LLC; DCS REAL ESTATE INVESTMENTS IV, LLC; DCS REAL ESTATE INVESTMENTS IV-A, LLC; DCS REAL ESTATE INVESTMENTS V, LLC; BELLA COLLINA PROPERTY OWNERS ASSOCIATION, INC.; DAVID BURMAN; AEGIS COMMUNITY MANAGEMENT SOLUTIONS, INC.; RANDALL F. GREENE; KEITH CLARKE; PAUL LEBREUX; RICHARD C. ARRIGHI; JAMES D. RYAN; MICHAEL J. RYAN; THE RYAN LAW GROUP, LLC; CULLEN D'AMBROSIO; ROCKING RED H, LLC; RICKY L. SCHARICH; BELLA COLLINA TOWERS, LLC,

    Defendants.
_____

-1-

## ORDER

This cause is before the Court on Plaintiffs' Complaint for Civil Action (Doc. 1), filed March 2, 2017. Upon consideration, the Court finds that, to the extent Plaintiffs request emergency temporary injunctive relief in the Complaint (*see id*, ¶¶ 516–524), such request is improper and due to be denied.

Local Rule 4.05(b) requires, among other things, that a request for a temporary restraining order ("**TRO**") must be made by in a motion separate from the Complaint and include a supporting memorandum of law. Such memorandum must comply with Federal Rule of Civil Procedure 65 and set forth specific facts in a verified complaint or affidavit to demonstrate "not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." Local Rule 4.05(b)(2). Additionally, the motion must be accompanied by a proposed temporary restraining order. Local Rule 4.05(b)(3).

Here, Plaintiffs improperly subsume their request for a temporary restraining order in the Complaint, fail to set forth the requisite sworn facts in support of such relief, and do not include a proposed TRO. Indeed, Plaintiffs' complete failure to comply with the applicable rules warrants the summary denial of any purported request for temporary injunctive relief.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs request for temporary injunctive relief (Doc. 1, ¶¶ 516–524) is **DENIED WITHOUT PREJUDICE**. If

Plaintiffs choose to pursue their request for a temporary restraining order, such request must comport with the Federal Rules of Civil Procedure and the Court's Local Rules.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 2, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record