UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CS BUSINESS SYSTEMS, INC.;
JAMES L. SHELTON and VIRGINIA L.
SHELTON; BRAD HECKENBERG and
LANA C. HECKENBERG; PJS RENTAL, LLC;
WON Y. SHIN TRUST; WON Y. SHIN TRUSTEE;
BART SUTHERIN and KATHRYN SUTHERIN;
ITZ GROUP, LLC,

        Plaintiffs,        CASE NO.: 5:17-cv-86-OC-40-PRL

v.

DWIGHT C. SCHAR; PAUL E. SIMONSON;
DCS INVESTMENTS HOLDINGS GP, LLC;
DCS REAL ESTATE INVESTMENTS, LLC;
DCS REAL ESTATE INVESTMENTS I, LLC;
DCS REAL ESTATE INVESTMENTS II, LLC;
DCS REAL ESTATE INVESTMENTS III, LLC;
DCS REAL ESTATE INVESTMENTS IV, LLC;
DCS REAL ESTATE INVESTMENTS IV-A, LLC;
DCS REAL ESTATE INVESTMENTS V, LLC;
BELLA COLLINA PROPERTY OWNERS ASSOC.,
INC.; DAVID BURMAN; AEGIS COMMUNITY
MANAGEMENT SOLUTIONS, INC.; RANDALL
F. GREENE; KEITH CLARKE; PAUL LEBREUX;
RICHARD C. ARRIGHI; JAMES D. RYAN;
MICHAEL J. RYAN; THE RYAN LAW GROUP,
LLC; CULLEN D'AMBROSIO; ROCKING RED
H, LLC; RICKY L. SCHARICH; BELLA COLLINA
TOWERS, LLC,

        Defendants.
_____/

# DCS DEFENDANTS' MOTION TO REQUIRE RICO CASE STATEMENT AND INCORPORATED MEMORANDUM OF LAW

Defendants Dwight C. Schar, Paul E. Simonson, DCS Investments Holdings GP, LLC, DCS Real Estate Investments, LLC, DCS Real Estate Investments II, LLC, DCS Real Estate

Investments IV, LLC, DCS Real Estate Investments I, LLC, DCS Real Estate Investments III, LLC, DCS Real Estate Investments IV-A, LLC, DCS Real Estate Investments V, LLC, Rocking Red H, LLC, The Club at Bella Collina, LLC, Richard C. Arrighi, Ricky L. Scharich and Bella Collina Towers, LLC (collectively, the "DCS Defendants"), through the undersigned counsel, move for an Order requiring the plaintiffs, CS Business Systems, Inc., James L. Shelton and Virginia L. Shelton, Brad Heckenberg and Lana C. Heckenberg, PJS Rental, LLC, Won Y. Shin Trust, Won Y. Shin Trustee, Bart Sutherin and Kathryn Sutherin and ITZ Group, LLC (collectively, the "plaintiffs"), to file a RICO Case Statement.

As the Court knows, the plaintiffs filed an eighteen count Complaint. The Complaint also contains 408 general allegations that the plaintiffs reassert in each count. Counts I and II attempt to state claims for relief for violation of the federal and state RICO statutes. The DCS Defendants have sought a more definite statement in a motion joined by the other defendants. On further reflection, though, the DCS Defendants conclude that requiring the plaintiffs to complete a RICO Case Statement would assist all defendants and the Court, and would go a long way to confirm compliance with the Rule 11 "reasonable inquiry" requirement. If the Court orders a more definite statement and a RICO Case Statement, the likely outcome is a streamlined amended complaint and a narrowing, if not the complete elimination, of the RICO claims.

An order requiring a RICO Case Statement, along the lines of the form attached as Exhibit "A," would cause the plaintiffs to identify the elements, actors, and damages associated with the current, conclusory claims of racketeering. In this case, the plaintiffs assert without any specificity that each of the twenty-four defendants participated in a criminal enterprise. To the extent that the DCS Defendants can interpret the current Complaint, it appears that the plaintiffs suggest that all of the defendants engaged in all of the same acts and are equally culpable. Thus,

2

the Complaint is devoid of detailed, specific allegations that a proper RICO claim requires. A RICO Case Statement would force the plaintiffs to reveal the findings of their "reasonable inquiry," and identify important elements, like the nature of the enterprise, the participants in the predicate acts, a description of the pattern of activity, damages, and the like.

Other judges in this district have ordered plaintiffs to prepare RICO statements. For example, Judge Conway *sua sponte* ordered plaintiffs to prepare a RICO Case Statement. *Watkins v. Kajima Corp.*, Case No. 6:12-cv-515-Orl-22GJK [Doc. 7]. Judge Honeywell, on the recommendation of Magistrate Judge Baker, ordered plaintiffs to file a RICO Case Statement. *Gov't Employees Ins. Co. v. KJ Chiropractic Center, LLC,* Case No. 6:12-cv-1138-Orl-36DAB [Doc 179]. Judge Baker, in an order granting a motion to dismiss, ordered that the plaintiff file a RICO Case Statement if it asserted a RICO claim in an amended complaint. *Sigeo Int'l Ltd. v. Wade*, 2013 WL 12153590 *8 (M.D. Fla. April 2, 2013).

Accordingly, precedent exists in this District to require a RICO Case Statement. Other United States District Courts, including the Southern District of Florida, regularly require the completion of a RICO Case Statement by a litigant when it will assist the Court in evaluating a party's RICO claim. Given this practice, and the confusing and conclusory nature of the current Complaint, good cause exists to order the plaintiffs to provide a detailed and specific RICO Case Statement.

WHEREFORE, the DCS Defendants, respectfully request the Court to enter an order requiring the plaintiffs, CS Business Systems, Inc., James L. Shelton and Virginia L. Shelton, Brad Heckenberg and Lana C. Heckenberg, PJS Rental, LLC, Won Y. Shin Trust, Won Y. Shin Trustee, Bart Sutherin and Kathryn Sutherin and ITZ Group, LLC, to file a RICO Case Statement, and granting such additional relief as the circumstances warrant.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), the undersigned certifies that he conferred with counsel for the plaintiffs on March 22, 2017, in a good faith effort to resolve the issues presented in this Motion, and that the plaintiffs oppose the relief sought.

Dated: March 23, 2017

/s/ *Michael D. Crosbie*
**Michael D. Crosbie, Esq. (Trial Counsel)**
Florida Bar No. 72575
mcrosbie@shutts.com
**Jennifer P. Sommerville, Esq.**
Florida Bar No. 126616
jsommerville@shutts.com
**Nicole Ballante, Esq.**
Florida Bar No. 125356
nballante@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone: 407-423-3200
Facsimile: 407-425-8316

## CERTIFICATE OF SERVICE

I certify that on March 23, 2017, I electronically filed the foregoing with the Clerk of the Court which will send a notice of electronic filing to all counsel of record.

/s/ *Michael D. Crosbie*
Michael D. Crosbie, Esq.

ORL15304119v1