## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

CS BUSINESS SYSTEMS, INC.;
JAMES L. SHELTON and VIRGINIA L.
SHELTON; BRAD HECKENBERG and
LANA C. HECKENBERG; PJS RENTAL, LLC;
WON Y. SHIN TRUST; WON Y. SHIN TRUSTEE;
BART SUTHERIN and KATHRYN SUTHERIN;
ITZ GROUP, LLC,

               Plaintiffs,                      CASE NO.: 5:17-cv-86-OC-40-PRL

v.

DWIGHT C. SCHAR; PAUL E. SIMONSON;
DCS INVESTMENTS HOLDINGS GP, LLC;
DCS REAL ESTATE INVESTMENTS, LLC;
DCS REAL ESTATE INVESTMENTS I, LLC;
DCS REAL ESTATE INVESTMENTS II, LLC;
DCS REAL ESTATE INVESTMENTS III, LLC;
DCS REAL ESTATE INVESTMENTS IV, LLC;
DCS REAL ESTATE INVESTMENTS IV-A, LLC;
DCS REAL ESTATE INVESTMENTS V, LLC;
BELLA COLLINA PROPERTY OWNERS ASSOC.,
INC.; DAVID BURMAN; AEGIS COMMUNITY
MANAGEMENT SOLUTIONS, INC.; RANDALL
F. GREENE; KEITH CLARKE; PAUL LEBREUX;
RICHARD C. ARRIGHI; JAMES D. RYAN;
MICHAEL J. RYAN; THE RYAN LAW GROUP,
LLC; CULLEN D'AMBROSIO; ROCKING RED
H, LLC; RICKY L. SCHARICH; BELLA COLLINA
TOWERS, LLC,

               Defendants.

_____/

## ORDER FOR RICO CASE STATEMENT

This matter comes before the Court on the DCS Defendants' motion. The complaint in

this case alleges a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO),

18 U.S.C. § 1961 *et seq.*

## EXHIBIT "A"

To assure compliance with Federal Rule of Civil Procedure 11, which requires reasonable inquiry, plaintiffs shall, within twenty days, file a RICO Case Statement. This Statement shall include the facts upon which the plaintiffs are relying to initiate this RICO complaint as a result of the "reasonable inquiry" required by Rule 11 of the Federal Rules of Civil Procedure. In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state in *detail* and with *specificity* the following information:

1.    State whether the alleged unlawful conduct complained of is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

2.    For each defendant state the misconduct and basis of liability.

3.    List each alleged wrongdoer, other than named defendants, and state the misconduct of each such wrongdoer.

4.    List each alleged victim and state how each victim was allegedly injured.

5.    Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. The description of the pattern of racketeering shall include the following:

a.    The alleged predicate acts and the specific statutes that were allegedly violated;

b.    The dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

c.    If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place, and contents of the

misrepresentations, and the identity of persons to whom and by whom the misrepresentations were made;

        d.     State whether there has been a criminal conviction for violation of the predicate acts;

        e.     State whether civil litigation has resulted in a judgment in regard to the predicate acts;

        f.     Describe how the predicate acts form a "pattern of racketeering activity"; and

        g.     State whether the predicate acts relate to each other as part of a common plan. If so, describe the common plan in detail.

      6.     Describe in detail the alleged enterprise for each RICO claim. The description of the enterprise shall include the following;

        a.     State the names of the individuals, partnerships, corporations, associations, or other legal entities that allegedly constitute the enterprise;

        b.     Describe the structure, purpose, function, and course of conduct of the enterprise;

        c.     State whether any defendant is an employee, officer, or director of the alleged enterprise;

        d.     State whether any defendant is associated with the alleged enterprise;

        e.     State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

f.      If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7.      Describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8.      Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Describe how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9.      Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10.     Describe the effect of the activities of the enterprise in interstate or foreign commerce.

11.     If the Complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

a.      State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

b.      Describe the use or investment of such income.

12.     If the Complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13.     If the Complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

a.      State who is employed by or associated with the enterprise; and

4

b.    State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14.    If the Complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15.    Describe the alleged injury to business or property.

16.    Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17.    List the damages sustained for which each defendant is allegedly liable.

18.    List all other federal causes of action in the case, if any, and provide the relevant statute numbers.

19.    List all pendent state claims in the case, if any.

20.    Provide any additional information that you feel would be helpful to the Court in processing your RICO claim.

**DONE AND ORDERED** in Chambers in Ocala, Florida, on March _____, 2017.

_____
PAUL G. BYRON
United States District Judge