# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**CS BUSINESS SYSTEMS, INC., JAMES
L. SHELTON, VIRGINIA L. SHELTON,
BRAD HECKENBERG, LANA C.
HECKENBERG, PJS RENTAL, LLC,
WON Y. SHIN TRUST, WON Y. SHIN,
BART SUTHERIN, KATHRYN
SUTHERIN and ITZ GROUP, LLC, a
foreign for-profit corporation**

     **Plaintiffs,**

**v.**                                                   **Case No: 5:17-cv-86-Oc-PGBPRL**

**DWIGHT C. SCHAR, PAUL E.
SIMONSON, DCS INVESTMENTS
HOLDINGS GP, LLC, DCS REAL
ESTATE INVESTMENTS, LLC, DCS
REAL ESTATE INVESTMENTS I, LLC,
DCS REAL ESTATE INVESTMENTS
II, LLC, DCS REAL ESTATE
INVESTMENTS III, LLC, DCS REAL
ESTATE INVESTMENTS IV, LLC, DCS
REAL ESTATE INVESTMENTS IV-A,
LLC, DCS REAL ESTATE
INVESTMENTS V, LLC, BELLA
COLLINA PROPERTY OWNERS
ASSOC., INC., DAVID BURMAN,
AEGIS COMMUNITY MANAGEMENT
SOLUTIONS, INC., RANDALL F.
GREENE, KEITH CLARKE, PAUL
LEBREUX, RICHARD C. ARRIGHI,
JAMES D. RYAN, MICHAEL J. RYAN,
THE RYAN LAW GROUP, LLC,
CULLEN D'AMBROSIO, ROCKING
RED H, LLC, RICKY L. SCHARICH
and BELLA COLLINA TOWERS, LLC**

     **Defendants.**

## ORDER

Before the Court is a motion for a more definite statement.   (Doc. 8).   It is brought (or at least joined (Docs. 21, 25)) by all of the Defendants and Plaintiffs have now responded (Docs. 29–31).   In sum, Defendants ask the Court to order Plaintiffs to file a new pleading, contending that the current Complaint (Doc. 1) is either a quintessential shotgun pleading or is otherwise so unwieldy that it constitutes a *de facto* shotgun pleading that renders a response impossible.

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."   A movant proceeding under 12(e) "must point out the defects complained of and the details desired."   Fed. R. Civ. P 12(e). Generally speaking, such motions are disfavored in this district "in view of the liberal pleading and discovery requirements set forth in the Federal Rules of Civil Procedure."   *BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 640 (S.D. Fla. 2007); *Pesci v. Budz*, No. 2:10-CV-428-FTM-38, 2015 WL 1349711, at *2 (M.D. Fla. Mar. 25, 2015) ("Rule 12(e) motions are disfavored and granted only sparingly.").

In the context of a Rule 12(e) request that a complaint be re-plead, when a complaint "gives the defendants fair notice of the nature and basis of the claims as well as a general indication of the type of litigation involved," the motion for a more definite statement will be denied.   *Decker v. Cty.*, No. 5:15-CV-24-OC-30PRL, 2015 WL 12844302, at *3 (M.D. Fla. May 19, 2015).   In other words, "[t]he basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient."   *S.E.C. v. Digital Lightwave, Inc.*, 196 F.R.D. 698, 700 (M.D. Fla. 2000).   With all of that said, I note that there is certainly a context

in which Rule 12(e) motions are favored: courts prefer that a defendant seek a more definite statement—in lieu of a responsive pleading—when faced with a "shotgun" complaint.  *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *Nehrer v. Bank of Am., N.A.*, No. 6:11-CV-50-ORL-31DAB, 2011 WL 1883041, at *2 (M.D. Fla. May 17, 2011); Judge Emmett Ripley Cox, *Thirty-Two Years on the Federal Bench: Some Things I Have Learned*, 66 FLA. L. REV. 1685, 1693 (2014) ("[T]he Federal Rules provide an effective weapon in Federal Rule 12(e) to combat bad pleading.").

The instant action arises from a real estate development located in Lake County known as Bella Collina.   There are over ten Plaintiffs and over twenty named Defendants.   I note that some of the Defendants represent that they are already familiar with some of the Plaintiffs and their counsel, given previous state-court proceedings that involved Bella Collina.   *See* (Doc. 8 at p.4) (stating that Plaintiffs seek to litigate here previously adjudicated or settled matters); (Doc. 21 at p.3) (same).

The Complaint at issue here spans ninety-one pages, includes over five-hundred paragraphs, and attempts to state eighteen claims for relief.   The claims range from racketeering to breach of contract.   To be sure, Defendants' plight is certainly sympathetic.   They are faced with a ninety-one-page-behemoth-like Complaint that forces even the most interested reader to pause and re-read it several times.   But based on the motion before me, I am compelled to deny this 12(e) request for the following reasons.

First, Defendants argue that the Complaint is a shotgun pleading because it incorporates each and every of the four-hundred and eight factual allegations into each and every of the eighteen counts (or as the Complaint calls them, "claims").   (Doc. 8 at pp.1, 5–6).   Certainly, one form of a quintessential shotgun pleading is when the complaint re-alleges each and every *count* into the

subsequent counts, *see Anderson*, 77 F.3d at 366; but this Complaint does not do that and thus this case is distinguishable from *Nehrer*, upon which Defendants rely.   *See Nehrer*, 2011 WL 1883041 at *1 ("Each of the claims begins with a sentence incorporating every single sentence that preceded it. The Complaint is a quintessential shotgun pleading."); *see also Kassem v. Martin*, No. 5:15-CV-623-OC-30PRL, 2016 WL 3079952, at *1 (M.D. Fla. June 1, 2016) (declining to find a complaint a shot gun pleading when "it incorporate[d] the sixty-five general allegations from the beginning of the complaint into each count, [but did] not incorporate allegations of preceding counts into each count").   Notably, Defendants do not claim that the counts themselves fail to list the facts that support them—indeed, they do not point to even one particular purportedly defective count.   *Compare Hepp v. Paul Revere Life Ins. Co.*, No. 8:13-CV-02836-EAK, 2014 WL 3865389, at *7 (M.D. Fla. Aug. 5, 2014) (declining to find a shotgun pleading when the complaint re-alleged and incorporated all of the general allegations in every count but "each count [wa]s supported by additional particular facts") *with Le Macaron, LLC v. Le Macaron Dev. LLC*, No. 8:16-CV-918-17TGW, 2016 WL 6211718, at *5 (M.D. Fla. Oct. 24, 2016) (ordering the plaintiffs to file a more definite complaint and directing them to "either include all necessary facts within [the count at issue] or Plaintiffs shall selectively incorporate specific paragraph numbers by reference").

And the failure to point to any specific count that is purportedly so defective as to render a response impossible leads me to Defendants' other basis for their 12(e) motion: Defendants argue that the Complaint contains so many conclusory, irrelevant, implausible, and unwieldy factual allegations that it is impossible to respond to Plaintiffs' claims (even if the Complaint is not technically at shotgun pleading).   (Doc. 8 at pp.2, 4, 6; Doc. 21 at pp.1–3).   Admittedly, Defendants anecdotally identify facts that are allegedly irrelevant to the claims at hand (Doc. 8 at

p.6; Doc. 21 at p.2–3), yet they do not explain how a simple denial of such irrelevant facts would be insufficient (and it is notable that Defendants have not moved to strike any pleading under Rule 12(f) as redundant, immaterial, impertinent, or scandalous).   They instead claim that the inclusion of these facts forces the Court (and Defendants) to "pars[e] through the allegations for support for the individual claims."   (Doc. 8 at p.1).   This claim, however, stops short of submitting that the counts themselves fail to give Defendants notice of the facts supporting them; in other words, Defendants do not assert that the counts are *only* supported by incorporated yet irrelevant factual allegations (as was apparently the case in *Lawrie v. Ginn Dev. Co., LLC*, No. 3:09-CV-446-J-32JBT, 2014 WL 4788067, at *9 (M.D. Fla. Sept. 19, 2014), *aff'd,* 656 F. App'x 464 (11th Cir. 2016), which they cite in support of their motion).

Lastly, Defendants also argue that the Complaint fails to suffice under Rules 8 and 10. (Doc. 8 at pp.6–7).   As to Rule 10, Defendants provide no example of any particular paragraph that purportedly is not limited to a single set of circumstances, at least as far as practicality would allow.   Fed. R. Civ. P. 10(b).   And as to Rule 8, Defendants appear to argue that by incorporating all of the factual allegations, which contain supposed irrelevancies, into the counts Plaintiffs have rendered the Complaint "the exact opposite of 'short and plain.'"   (Doc. 8 at p.6).   But this theory falls short of asserting that the counts themselves do not rectify this purportedly problematic incorporation of the factual allegations.

Accordingly, the motion for a more definite statement (Doc. 8) is **DENIED**.   The unopposed motion to file a motion to dismiss in excess of twenty-five (but no more than fifty) pages (Doc. 9) is **GRANTED**.   Defendants may answer the Complaint or otherwise respond **on or before April 14, 2017**.

**DONE** and **ORDERED** in Ocala, Florida on March 28, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

.
Copies furnished to:

Counsel of Record
Unrepresented Parties