UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CS BUSINESS SYSTEMS, INC., JAMES L. SHELTON, VIRGINIA L. SHELTON, BRAD HECKENBERG, LANA C. HECKENBERG, PJS RENTAL, LLC, WON Y. SHIN TRUST, WON Y. SHIN, BART SUTHERIN, KATHRYN SUTHERIN and ITZ GROUP, LLC, a foreign for-profit corporation

  Plaintiffs,

v.                   Case No: 5:17-cv-86-Oc-PGBPRL

DWIGHT C. SCHAR, PAUL E. SIMONSON, DCS INVESTMENTS HOLDINGS GP, LLC, DCS REAL ESTATE INVESTMENTS, LLC, DCS REAL ESTATE INVESTMENTS I, LLC, DCS REAL ESTATE INVESTMENTS II, LLC, DCS REAL ESTATE INVESTMENTS III, LLC, DCS REAL ESTATE INVESTMENTS IV, LLC, DCS REAL ESTATE INVESTMENTS IV-A, LLC, DCS REAL ESTATE INVESTMENTS V, LLC, BELLA COLLINA PROPERTY OWNERS ASSOC., INC., DAVID BURMAN, AEGIS COMMUNITY MANAGEMENT SOLUTIONS, INC., RANDALL F. GREENE, KEITH CLARKE, PAUL LEBREUX, RICHARD C. ARRIGHI, JAMES D. RYAN, MICHAEL J. RYAN, THE RYAN LAW GROUP, LLC, CULLEN D'AMBROSIO, ROCKING RED H, LLC, RICKY L. SCHARICH and BELLA COLLINA TOWERS, LLC

  Defendants.

_____

# REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiffs' motion for a temporary restraining order and a preliminary injunction (Doc. 10), which was filed on March 3, 2017 and then referred to me last Friday. Defendants have responded in opposition to Plaintiffs' request. (Docs. 15, 22, 26, 35). For the reasons stated below, I submit that Plaintiffs have failed to show entitlement to the relief they seek.

## I. BACKGROUND

This March, Plaintiffs filed a ninety-one page, eighteen-count complaint, which names over ten plaintiffs and over twenty defendants and alleges a number of complex claims and conspiracies, including a federal racketeering claim under 18 U.S.C. § 1962. (Doc. 1). In their complaint, Plaintiffs sought a temporary restraining order, but the Court summarily denied that request without prejudice given Plaintiffs' failure to comply with the pertinent local and federal rules that govern injunctive relief. (Doc. 2). Plaintiffs have now filed a motion seeking injunctive relief. (Doc. 10). I will try to frame the facts pertinent to the instant motion as simply as I can.

Plaintiffs own real estate in a development named Bella Collina. Defendants allegedly operate the Property Owner's Association for that development. In operating the Bella Collina Property Owner's Association, Defendants have initiated lawsuits against Plaintiffs to obtain unpaid association dues, have permitted construction of a commercial hotel in the development, and have otherwise taken actions allegedly adverse to Plaintiffs. In turn, Plaintiffs argue that

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Defendants should no longer operate the Property Owner's Association and that Plaintiffs (and the other property owners of Bella Collina) should now control it.

This dispute is apparently not new. According to Plaintiffs, about a year ago Judge G. Richard Singletary of Florida's Fifth Circuit Court found that the Property Owner's Association should have a "turnover election," but Defendants defied that order and prevented the election thus improperly retaining control of the Property Owner's Association. (Doc. 10 at ¶¶2–3 and pp.6–7). Judge Singletary also issued an injunction in that case, which apparently permanently enjoined Defendants (or at least some of the Defendants) from denying Plaintiffs (or at least some of the Plaintiffs) control of the Bella Collina Property Owner's Association. (Doc. 1 at ¶¶71, 156; Doc. 10 at p.9).

Plaintiffs now seek a temporary restraining order and a preliminary injunction prohibiting Defendants from acting as agents or officers of the Bella Collina Property Owners Association, from enforcing provisions of amendments to the Bella Collina Property Owners Association's governing documents (which are allegedly titled the Declaration of Covenants, Restrictions and Easements for Bella Collina, which the parties refer to as the "CC&Rs," and which Plaintiffs allege are illegal), and from continuing construction of a hotel located in Bella Collina.

## II.   ANALYSIS

As an initial matter, I submit that a hearing on whether Plaintiffs are entitled to injunctive relief is not necessary at this time. As explained *infra*, the current motion—like Plaintiffs' first request for injunctive relief—does not meet the requirements of the applicable procedural rules and is therefore due to be denied.

In sum, the motion before me does not comply with Local Rule 4.05(b)'s strictures, which *both* a request for a temporary restraining order *and a request of a preliminary injunction* must

meet. *See* Local Rule 4.05(b)(1–5) (setting forth numerous procedural requirements for submitting a motion for a temporary restraining order); 4.06(b)(1) ("The party applying for the preliminary injunction shall fully comply with the procedural requirements of Rule 4.05(b)(1) through (b)(5) of these rules pertaining to temporary restraining orders."). For an example of these strictures, in order to obtain injunctive relief, under Rule 4.05(b)(2) a request must "be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits . . . that the moving party is threatened with irreparable injury."

But here Plaintiffs have not submitted a verified complaint, see (Doc. 1), nor have they submitted an affidavit that contains any specific facts. What they have submitted is a document titled "Verification" by Plaintiff James L. Shelton, who states in two sentences and without notarization that "the facts set forth in the within pleading are true and correct to the best of my information and belief" and that "[t]his statement is made subject to the penalties relating to unsworn verification to authorities." (Doc. 11). The Verification say nothing more.

As Defendants aptly note (Doc. 15 at p.7), Plaintiffs make no showing at to why this so-called "Verification" constitutes a verified complaint or an affidavit for purposes of Rule 4.05 or otherwise. *Delano v. Mastec, Inc.*, No. 8:10-CV-320-T-27MAP, 2011 WL 1557863, at *1 (M.D. Fla. Apr. 25, 2011) ("An affidavit is 'a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public.'") (quoting *Tishcon Corp. v. Soundview Communciations, Inc.*, No. 1:04–CV–524–JEC, 2005 WL 6038743, at *3 (N.D. Ga. Feb. 15, 2005)) (brackets and internal quotation marks omitted); *see* 28 U.S.C. § 1746 (allowing for unsworn declarations if the declarant declares that the statements at issue are true and correct under penalty of perjury). Further, even if the "Verification" constituted an affidavit and actually contained specifics facts showing that Plaintiffs are threatened with

irreparable injury (which it does not), it still fails to support the injunctive relief sought as Mr. Shelton fails to assert that he has actual personal knowledge of the allegations. When, as here, "'the primary evidence introduced is an affidavit made on information and belief rather than on personal knowledge, it generally is considered insufficient to support a motion for preliminary injunction.'" *Touchston v. McDermott*, 120 F. Supp. 2d 1055, 1059 (M.D. Fla.), *aff'd,* 234 F.3d 1133 (11th Cir. 2000) (quoting 11A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2949 (2d ed.1995)).

In similar fashion, the request fails to comply with Local Rule 4.05(b)(3)(ii). Under Rule 4.05(b)(3)(ii), a movant must "set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to [Federal] Rule [of Civil Procedure] 65(c)." In turn, under Rule 65(c), "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

Here, Plaintiffs' only showing as to why they should not give security under Rule 65(c) is their mere belief that Defendants will not suffer harm if an injunction is entered (Doc. 10 at ¶20); Plaintiffs provide no legal citation for why a security is not necessary in this case. I submit that there is not a sufficient factual basis—as required by Rule 4.05(b)(3)(ii)—in which a court can make a reasoned determination as to the amount of security that should be posted. As an example of how this Court lacks the ability to make a reasoned determination as to the posting of security, I note that to grant the relief sought will assumedly stop construction of a hotel—surely there is potentially significant financial harm in wrongfully enjoining the completion of an ongoing building project, but Plaintiffs do not address this issue.

Accordingly, for these reasons, I am compelled to submit that Plaintiffs' request for a temporary restraining order and preliminary injunction is due to be denied at this time. *See Littlejohn v. CitiMortgage Inc.*, No. 3:15-CV-194-J-34, 2015 WL 789131, at *1 (M.D. Fla. Feb. 24, 2015) (denying a motion for a temporary restraining order and preliminary injunction based in part on the movant's failure to comply with Local Rule 4.05 and Federal Rule of Civil Procedure 65). Although the above-mentioned shortcoming are sufficient grounds for denial, additional substantive issues exist that warrant discussion, issues which Defendants have addressed in their responses (Docs. 15, 35).

There is no doubt that the issuance of injunctive relief is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of four prerequisites. *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011); *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). The four prerequisites are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is not granted; and (4) an injunction would not do harm to the public interest. *Bloedorn*, 631 F.3d at 1229; *Four Seasons Hotels & Resorts*, 320 F.3d at 1210.

Here, the instant motion suffers from a dearth of legal authority, and this dearth renders the Court unable to determine whether Plaintiffs can to carry their burden. As Defendants note, the only case law citation contained in the motion before the Court is Florida case law that describes the general legal standard for obtaining injunctive relief in a Florida state court; the motion does not contain any other case law. (Doc. 10 at pp.8–9).

In any event, as to the first prerequisite to obtaining injunctive relief, Plaintiffs apparently base their request here on Counts I, II, III, IV, V, VI, and XIV of their Complaint. *See Alabama*

*v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) (noting that injunctive relief must be based upon a cause of action). But their brief in support of their motions contains no attempt to show why these particular counts are likely to succeed on the merits. (Doc. 10 at p.8).

To be sure, Plaintiffs' brief takes two pages to outline factual allegations that purportedly support their claims and to show how Defendants purportedly violated Florida Statute § 720.307, a violation which according to Plaintiffs "establishes the first element" of obtaining injunctive relief. (Doc. 10 at pp. 6–7, 9). They do not, however, explain how either a violation of § 720.307 or the two pages of factual assertions show that they are likely to succeed on Counts I–VI or Count XIV, nor do they even list the elements of any of these counts or even cite any case law supporting the proposition that they are likely to succeed of these counts. *See, e.g.*, *Littlejohn*, 2015 WL 789131 at *2 (noting the movant's failure to cite any legal authority to support her contention that she is likely to succeed on the merits of her claim when denying a motion for injunctive relief).

As to the second element, an injury is only "irreparable" if the injury cannot be undone via monetary remedies and the injury is both actual and imminent, but neither remote nor speculative. *Ne. Florida Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990). Plaintiff assert here that "[t]he inability to value the loss of voting rights and autonomy over one's property" constitutes the threat of irreparable harm and that "proof of the violation of law of CC&Rs constitutes *per se* irreparable harm under Florida law." (Doc. 10 at p.9). Yet they fail to assert any legal authority showing why either this inability to vote or a violation of the CC&Rs constitutes irreparable harm; nor do they attempt to show why any purported injury cannot be undone via monetary remedies.

And Plaintiffs make no argument as to how their alleged injury, if the injunction is not granted, outweighs Defendants' potential injury if they are enjoined. They instead merely make the conclusion—without any legal support—that "[a]ny harm to the Defendants would be outweighed by the harm to the Plaintiffs." (Doc. 10 at ¶18). But as I noted above, granting the requested relief would at the minimum halt the construction of a hotel, so surely Plaintiffs have not adequately addressed the potential injury that Defendants may suffer if the injunction is granted.

On the fourth prerequisite, as to any potential harm to the public interest, Plaintiffs only state that "[t]he public interest is expressed in the legislative intent of the statutes that have been violated" and that granting the motion "will serve the public interest in creating and protecting self-governing homeowner associations." (Doc. 10 at ¶19 and p.9). Again, they cite no case law to support these assertions.

Lastly, Plaintiffs' own motion also raises serious doubts about whether this Court is even the proper forum to address the relief they seek here. Indeed, some of the Defendants vehemently assert in a persuasive response that this Court should abstain from entering injunctive relief under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. (Doc. 35). And Plaintiffs' own motion makes clear that a state court judge—namely Judge Singletary of Florida's Fifth Circuit Court—has already entered an injunction "on the same issues in a related case." (Doc. 10 at p.9; Doc. 1 at ¶156). More to the point, Plaintiffs allege that Judge Singletary permanently enjoined Defendants from interfering with Plaintiffs' involvement with the Bella Collina Property Owner's Association and Plaintiffs even clarify that Defendants have defied that state court order thus giving rise to the instant motion. (Doc. 1 at ¶156 and Doc. 10 at p.9). Plaintiffs do not, however, give any argument whatsoever as to why the State Court is unable to address the relief they seek

here (or why this Court should in light of the permanent injunction already entered by the State Court and the *Younger* abstention doctrine). Thus, as I said above, though the motion before me is due to be denied based upon its failure to comply with the Local Rules, the motion certainly suffers from other substantive issues.

### III. RECOMMENDATION

Accordingly, I respectfully **RECOMMENDED** that Plaintiffs' motion (Doc. 10) for a temporary restraining order and a preliminary injunction be **DENIED**.

**Recommended** in Ocala, Florida on March 31, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy