**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CS BUSINESS SYSTEMS, INC., JAMES
L. SHELTON, VIRGINIA L. SHELTON,
BRAD HECKENBERG, LANA C.
HECKENBERG, PJS RENTAL, LLC,
WON Y. SHIN TRUST, WON Y. SHIN,
BART SUTHERIN, KATHRYN
SUTHERIN and ITZ GROUP, LLC, a
foreign for-profit corporation

       **Plaintiffs,**

v.                                      **Case No: 5:17-cv-86-Oc-PGBPRL**


DWIGHT C. SCHAR, PAUL E.
SIMONSON, DCS INVESTMENTS
HOLDINGS GP, LLC, DCS REAL
ESTATE INVESTMENTS, LLC, DCS
REAL ESTATE INVESTMENTS I, LLC,
DCS REAL ESTATE INVESTMENTS II,
LLC, DCS REAL ESTATE
INVESTMENTS III, LLC, DCS REAL
ESTATE INVESTMENTS IV, LLC, DCS
REAL ESTATE INVESTMENTS IV-A,
LLC, DCS REAL ESTATE
INVESTMENTS V, LLC, BELLA
COLLINA PROPERTY OWNERS
ASSOC., INC., DAVID BURMAN,
AEGIS COMMUNITY MANAGEMENT
SOLUTIONS, INC., RANDALL F.
GREENE, KEITH CLARKE, PAUL
LEBREUX, RICHARD C. ARRIGHI,
JAMES D. RYAN, MICHAEL J. RYAN,
THE RYAN LAW GROUP, LLC,
CULLEN D'AMBROSIO, ROCKING
RED H, LLC, RICKY L. SCHARICH and
BELLA COLLINA TOWERS, LLC

       **Defendants.**

_____

## ORDER

Before the Court is a motion to compel the production of documents filed by Defendant DCS Real Estate Investments, LLC, against Plaintiffs James L. Shelton, Virginia L. Shelton, Brad Heckenberg, and Lana C. Heckenberg. (Doc. 70). According to DCS, it served Plaintiffs with its First Request for Production on April 3, 2017 by hand-delivery. But, to date, DCS has not received any response from Plaintiffs.

DCS further states that its counsel attempted to confer with Plaintiffs' counsel on several occasions via phone and email and that it was not until May 11, 2017, the day this motion was filed, that Plaintiffs' counsel finally responded. According to DCS, that response was inadequate: "Counsel for the plaintiffs reacted as though the thirty-day deadline [in which to respond to the production requests] was merely a suggestion or soft guidance." (Doc. 70 at 2).

But on the *same day* that DCS filed its motion, Plaintiffs James L. Shelton, Virginia L. Shelton, Brad Heckenberg, and Lana C. Heckenberg filed their own motion requesting an additional thirty days to respond to DCS's production request. (Doc. 71). Plaintiffs further represent that they have been diligently acquiring responsive documents, that it is impossible to respond to the production requests within thirty days, and that DCS refused their request for an extension.[1] (Doc. 71 ¶¶3, 4, 5).

---

[1] DCS then filed a response to Plaintiff's motion for an extension arguing that Plaintiffs have not shown a good faith basis for the requested extension nor shown any excusable neglect. (Doc. 75). While I agree that Plaintiffs should have filed their motion sooner than they did, they do assert in their motion that they are working to acquire responsive documents, that they cannot produce the documents within the initial thirty days, and that DCS refused their request for an extension (presumably this request, however, was untimely made on May 11, 2017, over a week after the documents at issue were due). And as to any prejudice that DCS may suffer from Plaintiffs' delay, I note that motions to dismiss are currently pending in this case (Docs. 43, 48), that no Defendant has filed an answer at this time, and that neither a case management report nor a scheduling order has been entered in this case at this time.

Upon due consideration, the motion to compel (Doc. 70) is **TERMINATED AS MOOT**. Plaintiffs have stated that they will produce responsive documents and the Court is disinclined to guess what documents may still be at issue at that time.   Accordingly, Plaintiffs' motion for an extension of time (Doc. 71) is **GRANTED** and they may respond to DCS's production requests **on or before June 5, 2017**.

All counsel are reminded of their duty to confer under Middle District of Florida Local Rule 3.01(g).   Counsel may also benefit from reviewing the Middle District of Florida's Discovery Handbook (see http://www.flmd.uscourts.gov/forms/Civil/2015-Civil_Procedure_Handbook.pdf).

**DONE** and **ORDERED** in Ocala, Florida on May 19, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties