UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CS BUSINESS SYSTEMS, INC., JAMES L. SHELTON, VIRGINIA L. SHELTON, BRAD HECKENBERG, LANA C. HECKENBERG, PJS RENTAL, LLC, WON Y. SHIN TRUST, WON Y. SHIN, BART SUTHERIN, KATHRYN SUTHERIN and ITZ GROUP, LLC, a foreign for-profit corporation

  Plaintiffs,

v.              Case No: 5:17-cv-86-Oc-PGBPRL

DWIGHT C. SCHAR, PAUL E. SIMONSON, DCS INVESTMENTS HOLDINGS GP, LLC, DCS REAL ESTATE INVESTMENTS, LLC, DCS REAL ESTATE INVESTMENTS I, LLC, DCS REAL ESTATE INVESTMENTS II, LLC, DCS REAL ESTATE INVESTMENTS III, LLC, DCS REAL ESTATE INVESTMENTS IV, LLC, DCS REAL ESTATE INVESTMENTS IV-A, LLC, DCS REAL ESTATE INVESTMENTS V, LLC, BELLA COLLINA PROPERTY OWNERS ASSOC., INC., DAVID BURMAN, AEGIS COMMUNITY MANAGEMENT SOLUTIONS, INC., RANDALL F. GREENE, KEITH CLARKE, PAUL LEBREUX, RICHARD C. ARRIGHI, JAMES D. RYAN, MICHAEL J. RYAN, THE RYAN LAW GROUP, LLC, CULLEN D'AMBROSIO, ROCKING RED H, LLC, RICKY L. SCHARICH and BELLA COLLINA TOWERS, LLC

  Defendants.

_____

## ORDER

Before the Court is a motion to compel filed by Defendants Bella Collina Towers, LLC, DCS Real Estate Investments, LLC, and DCS Real Estate Investments II, LLC, (collectively "DCS"). (Doc. 77). DCS asserts that Plaintiffs CS Business Systems, Inc., Bart Sutherin, and Kathryn Sutherin (collectively "CSBS and Sutherins") failed to respond to its First Request for Production and that Plaintiff ITZ Group, LLC, ("ITZ") failed to respond to its First Set of Interrogatories. DCS also seeks attorney's fees.

According to DCS, it served CSBS and the Sutherins with its First Request for Production on April 12, 2017. (Doc. 77 at p.2). DCS also served ITZ with its First Set of Interrogatories on that day. To date, neither CSBS and the Sutherins, nor ITZ, has responded to DCS's discovery request or requested an extension of time from DCS or this Court. *See United States v. Arnao*, No. 8:16-CV-2553-T-30JSS, 2017 WL 1251582, at *1 (M.D. Fla. Apr. 5, 2017) ("Responses and objections to discovery requests must be made within thirty days of being served.") (citing Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A)). Further, CSBS and the Sutherins and ITZ have not responded to the instant motion and the time for doing so has now passed. *See* Local Rule 3.01(b) ("Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request . . . ."); 3.04(a) (stating that the party opposing of motion to compel shall respond as required by Local Rule 3.01(b)).

Given CSBS and the Sutherins and ITZ's complete failure to respond to DCS's discovery requests (and the instant motion), the motion to compel (Doc. 77) is due to be **GRANTED**. *Arnao*, 2017 WL 1251582 at *1 (noting that the "court may enter an order compelling discovery

when a party fails to respond or make objections to discovery requests"). CSBS and the Sutherins and ITZ are compelled to respond to DCS's discovery requests **on or before June 20, 2017**.

Finally, under Federal Rule of Civil Procedure 37(a)(5), if a motion to compel is granted, then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The court must not, however, order this payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(i–iii).

Thus, **on or before June 20, 2017**, DSC is directed to provide an assessment of its reasonable expenses, including attorney's fees, necessitated by CSBS and the Sutherins and ITZ's discovery failures. CSBS and the Sutherins and ITZ shall then have until **on or before July 4, 2017**, to show cause why costs and fees should not be awarded to DCS, failing which the requested costs and fees may be imposed as requested.

**DONE** and **ORDERED** in Ocala, Florida on June 6, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -