UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CS BUSINESS SYSTEMS, INC., JAMES L. SHELTON, VIRGINIA L. SHELTON, BRAD HECKENBERG, LANA C. HECKENBERG, PJS RENTAL, LLC, WON Y. SHIN TRUST, WON Y. SHIN, BART SUTHERIN, KATHRYN SUTHERIN and ITZ GROUP, LLC, a foreign for-profit corporation

    Plaintiffs,

v.   Case No: 5:17-cv-86-Oc-PGBPRL

DWIGHT C. SCHAR, PAUL E. SIMONSON, DCS INVESTMENTS HOLDINGS GP, LLC, DCS REAL ESTATE INVESTMENTS, LLC, DCS REAL ESTATE INVESTMENTS I, LLC, DCS REAL ESTATE INVESTMENTS II, LLC, DCS REAL ESTATE INVESTMENTS III, LLC, DCS REAL ESTATE INVESTMENTS IV, LLC, DCS REAL ESTATE INVESTMENTS IV-A, LLC, DCS REAL ESTATE INVESTMENTS V, LLC, BELLA COLLINA PROPERTY OWNERS ASSOC., INC., DAVID BURMAN, AEGIS COMMUNITY MANAGEMENT SOLUTIONS, INC., RANDALL F. GREENE, KEITH CLARKE, PAUL LEBREUX, RICHARD C. ARRIGHI, JAMES D. RYAN, MICHAEL J. RYAN, THE RYAN LAW GROUP, LLC, CULLEN D'AMBROSIO, ROCKING RED H, LLC, RICKY L. SCHARICH and BELLA COLLINA TOWERS, LLC

    Defendants.
_____

## ORDER

Before the Court is Defendant Rick L. Scharich's motion to compel. (Doc. 83). Mr. Scharich asserts that Plaintiff CS Business Systems, Inc. failed to respond to his First Request for Production. Mr. Scharich also seeks attorney's fees.

According to Mr. Scharich, he served CSBS with his First Request for Production on April 21, 2017. (Docs. 83 at p.2; 83-1). But to date, CSBS has not responded to his discovery request nor requested an extension of time from him or this Court. *See United States v. Arnao*, No. 8:16-CV-2553-T-30JSS, 2017 WL 1251582, at *1 (M.D. Fla. Apr. 5, 2017) ("Responses and objections to discovery requests must be made within thirty days of being served.") (citing Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A)). Further, CSBS has not responded to the instant motion and the time for doing so has now passed. *See* Local Rule 3.01(b) ("Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request . . . ."); 3.04(a) (stating that the party opposing of motion to compel shall respond as required by Local Rule 3.01(b)).

Given CSBS's complete failure to respond to Mr. Scharich's discovery requests (and the instant motion), the motion to compel (Doc. 83) is due to be **GRANTED**. *Arnao*, 2017 WL 1251582 at *1 (noting that the "court may enter an order compelling discovery when a party fails to respond or make objections to discovery requests"). CSBS is compelled to respond to Mr. Scharich's discovery requests **on or before June 30, 2017**.

Finally, under Federal Rule of Civil Procedure 37(a)(5), if a motion to compel is granted, then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The

court must not, however, order this payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(i–iii).

Thus, **on or before June 30, 2017**, Mr. Scharich is directed to provide an assessment of its reasonable expenses, including attorney's fees, necessitated by CSBS's discovery failures. CSBS shall then have until **on or before July 14, 2017**, to show cause why costs and fees should not be awarded to Mr. Scharich, failing which the requested costs and fees may be imposed as requested.

**DONE** and **ORDERED** in Ocala, Florida on June 15, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties