UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CS BUSINESS SYSTEMS, INC., et al.,

    Plaintiffs,

v.                                                Case No: 5:17-cv-86-Oc-PGBPRL

DWIGHT C. SCHAR, et al.,

    Defendants.

## ORDER

Before the Court is Defendants Bella Collina Towers, LLC, DCS Real Estate Investments, LLC, and DCS Real Estate Investments II, LLC,'s (collectively "DCS") request for attorney's fees relating to Plaintiff CS Business Systems, Inc.'s inadequate discovery responses.[1] (Docs. 77; 84; 100; 100-1). Plaintiff has responded in opposition to the fee request. (Doc. 108). For the following reasons, DCS's request is due to be granted.

### I. BACKGROUND

DCS served CSBS with its First Request for Production on April 12, 2017. (Doc. 77 at 2). CSBS never responded to DCS's discovery request or requested an extension of time from

---

[1] The underlying motion originally sought relief against Plaintiffs Bart and Kathryn Sutherin and ITZ Group, Inc. (Doc. 77). These parties, and any claims that DCS may have against them, have now been dismissed. (Docs. 100 at 2; 104; 111). Given the small amount of fees at issue, and that the arguments made in the motion to compel was applicable to each party it was asserted against, I find it fair and reasonable that CSBS is responsible for the amount sought. *See Council for Periodical Distributors Associations v. Evans*, 827 F.2d 1483, 1487 (11th Cir. 1987) ("In addition to having discretion on when to apportion fees, district courts also have wide discretion on *how* to divide liability for fees" and should do so "to make the best possible assessment consistent with both efficiency and fairness.") (emphasis in the original).

this Court, although it claims DCS declined its request for an extension. (*See* Doc. 108 at ¶6). DCS then filed a motion to compel, which the Court granted. (Docs. 77, 84).

Under Federal Rule of Civil Procedure 37(a)(5), the Court gave DCS time in which to file an assessment of its reasonably incurred expenses and gave CSBS an opportunity to show cause why those expenses should not be imposed against it. (Doc. 84 at 3). DCS has now filed the affidavit of its attorney, Michael D. Crosbie, Esq., and requests $437.50 in attorney's fees, but DCS does not request any costs. (Doc. 100-1). CSBS has responded and submit numerous different reasons why DCS should not receive any fees. (Doc. 108).

## II. DISCUSSION

### A. Entitlement

As noted, CSBS asserts numerous grounds for denying DCS fees here. These grounds are based on Rule 37(a)(5)(i, iii), which states that the court must not order payment if the party seeking fees filed the underlying motion to compel before attempting in good faith to obtain the discovery without court intervention or if circumstances make an award of expenses unjust.

CSBS notes that DCS's production requests totaled thirty-nine, covering over a decade of records—a voluminous request that CSBS has diligently worked towards satisfying (Doc. 108 at ¶¶4, 24); DCS denied its request for an extension (Doc. 108 at ¶¶6, 12) and this bad faith denial necessitated the Court's involvement (Doc. 108 at ¶23); CSBS's counsel mistakenly failed to obtain an extension upon its behalf and then he operated under this error until the Court granted DCS's motion to compel (Doc. 108 at ¶¶8, 9); opposing counsel has acted unreasonably and without tact by frequently requesting sanctions (like the ones at issue here), which is behavior that the Court should not encourage (Doc. 108 at ¶¶13, 14, 20); DCS has experienced no prejudice—whatsoever—given this case's infancy (Doc. 108 at ¶¶15, 19); given that a motion to dismiss is

pending, discovery is discouraged and DCS's aggressive discovery is in bad faith (Doc. 108 at ¶¶18, 19, 22); DCS has effectively stalled discovery as to it by its request for a blanket protective order, which the Court denied (Doc. 108 at ¶21); and, finally, CSBS complied with the Court's previous order by producing the documents at issue by the June 30 deadline (Doc. 108 at ¶26). Given all of this, I still cannot say that DCS is not entitled to fees here.

First, according to CSBS, before DCS filed its motion to compel, CSBS requested an extension of time, which it argues DCS refused to agree to in bad faith. Even assuming this, DCS's assertion that CSBS never opposed the underlying motion to compel is well taken. (Doc. 100-1 at 3). Indeed, the underlying motion sat on the docket unanswered from May 18 to June 6—over two weeks and contained a Local Rule 3.01(g) certification (see Doc. 77 at 4). It is at a late hour now to assert, for the first time, that DCS wrongfully refused to agree to a requested extension of time and failed to confer in good faith, which is an assertion, if true, that could have resolved the underlying motion to compel back in May.

Second, while CSBS complains that DCS has undertaken extensive discovery, that's DCS's choice. Certainly, DCS, as is true with any party, can engage in discovery within the bounds of the Local Rules and the Federal Rules of Civil Procedure.

As the Court previously noted, "given the contentious nature of this suit, [the Court] will not hesitate to impose discovery related sanctions, where appropriate." (Doc. 93 at 13). I find here that given CSBS's failure to seek an extension from the Court and given its failure to respond to the motion to compel against them, there is no basis for finding that DCS's 3.01(g) certification is erroneous nor is there a basis to find that the circumstances would make a fee award unjust.

### B. Attorney's Fees

DCS seeks $437.50 in attorney's fees. (Doc. 100-1 at ¶5). In determining reasonable attorney's fees, the Court applies the federal lodestar approach, by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman v. Hous. Auth. of the City of Montgomery*, 836 F. 2d 1292, 1302 (11th Cir. 1988).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "'an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Norman*, 836 F. 2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

#### 1. *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate *in the relevant legal community* for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (emphasis added). The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id*. The

trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id*. at 1303.

DCS requests the following hourly rates: $415 for Mr. Crosbie and $210 for Nicole Ballante, an associate who works at his direction and both of whom work at Shutts and Bowen, LLP. As to Mr. Crosbie, he is a former Middle District law clerk, former in-house counsel, former chair of Shutts and Bowen's Business Litigation Practice Group, and is thus familiar with hourly rates based on his twenty-plus-years-experience as practitioner, law clerk, and consumer of legal services. (Doc. 100-1 at ¶7). No further mention is made of Ms. Ballante.

A review of decisions from this Division shows that the prevailing market rate is consistent with the proposed attorney's fees. *See, e.g.*, *Ranize v. Town of Lady Lake, Fla.*, No. 511-CV-646-OC-PRL, 2015 WL 1037047, at *5 (M.D. Fla. Mar. 10, 2015) (awarding counsel a rate of $375 per hour in Ocala). Thus, given the fact the CSBS does not challenge the requested rates, and based upon the foregoing and the Court's own experience and familiarity with rates in the Ocala Division, the undersigned finds that the requests hourly rates are reasonable.

### 2. *Reasonableness of Hours Expended*

The next step in the lodestar analysis is to determine what hours were reasonably expended on the litigation. The attorney fee applicant should present records detailing the amount of work performed and "[i]nadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). Then, the fee opponent "has the burden of pointing out with specificity which hours should be deducted." *Rynd v. Nationwide Mut. Fire Ins. Co.*, No. 8:09-cv-1556-T-27TGW, 2012 WL 939387, at *3 (M.D. Fla. January 25, 2012) (quoting *Centex-Rooney Const. Co., Inc. v. Martin Cnty.*, 725 So.2d 1255,

1259 (Fla. App. Ct. 1999); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.").

Additionally, attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). And a court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.*

DCS requests 1.4 hours' worth of attorney's fees: 0.7 hours for Mr. Crosbie and 0.7 hours for Ms. Ballante. (Doc. 100-1 at ¶8). I find that 1.4 hours was a reasonable amount of time to spend on the underlying motion to compel, which contained both case law, argument, and exhibits. *Cf. Odom v. Navarro*, No. 09-21480-CIV, 2010 WL 547652, at *4–5 (S.D. Fla. Feb. 11, 2010) (awarding 1.2 hours when "[t]he portion of the motion which asks the Court to compel discovery requests from Defendants appears to be a form, containing no case law, and merely states the various requirements of [the Civil Rules]" and when "a reasonable amount of time to spend in drafting the motion to compel, which was based upon a total failure to respond to discovery, should not have exceeded one hour, even for a relatively inexperienced attorney").

### 3. Lodestar Summary

There are no further grounds to either reduce or increase the requested fees. Accordingly, DCS should be awarded a total $437.50 in fees: $290.50 for Mr. Crosbie and $147 for Ms. Ballante.

### III. CONCLUSION

Accordingly, and upon due consideration, DCS's request for attorney's fees against CSBS is **GRANTED** in the amount of $437.50.

**DONE** and **ORDERED** in Ocala, Florida on July 12, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties