# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**CS BUSINESS SYSTEMS, INC., et al.,**

    **Plaintiffs,**

**v.**                                                                Case No: 5:17-cv-86-Oc-PGBPRL

**DWIGHT C. SCHAR, et al.,**

    **Defendants.**

## ORDER

Before the Court is Defendant Rick L. Scharich's request for attorney's fees relating to Plaintiff CS Business Systems, Inc.'s inadequate discovery responses. (Docs. 83, 94, 101, 101-1). Plaintiff has responded in opposition to the fee request. (Doc. 114). For the following reasons, Mr. Scharich's request is due to be granted.[1]

### I. BACKGROUND

Mr. Scharich served CSBS with its First Request for Production on April 21, 2017. (Docs. 83 at p.2; 83-1). CSBS never responded to Mr. Scharich's discovery request or requested an extension of time from this Court, although it claims Mr. Scharich opposed its request for an extension. (*See* Doc. 114 at ¶4). Mr. Scharich then filed a motion to compel, which the Court granted. (Docs. 83, 94).

Under Federal Rule of Civil Procedure 37(a)(5), the Court gave Mr. Scharich time in which to file an assessment of its reasonably incurred expenses and gave CSBS an opportunity to show

---

[1] This is the second request for fees made against CSBS for its failure to participate in discovery. (Docs. 77, 84, 100, 100-1, 112). The previous request was granted in its entirety too. (Doc. 112).

cause why those expenses should not be imposed against it. (Doc. 94 at 3). Mr. Scharich has now filed the affidavit of its attorney, Michael D. Crosbie, Esq., and requests $415 in attorney's fees, but Mr. Scharich does not request any costs. (Doc. 101-1). CSBS has responded and submits that Mr. Scharich should not receive any fees. (Doc. 114).

## II. DISCUSSION

### A. Entitlement

As noted, CSBS asserts that Mr. Scharich is not entitled to fees here. CSBS incorporates its arguments from its previous opposition to fees sought against, which was based on a different discovery failure. (Doc. 114 at ¶1). CSBS also notes that the enormous breadth of Mr. Scharich's (and the Defendants' collective) discovery requests made it impossible for CSBS (and the other Plaintiffs) to do the following: respond within the initial time period prescribed, request multiple extensions from both the Court and opposing counsel (who was wrongfully denying any extensions), timely respond to the numerous motions filed by opposing counsel, and continue to attempt to comply with the discovery requests while also propounding CSBS's own discovery request. (Doc. 114 at ¶4). CSBS also notes that it would be duplicative and unjust to sanction CSBS for another attorney's fees award when CSBS worked tirelessly to comply with the requests and indeed did so late last month. (Doc. 114 at ¶5). CSBS finally notes that it is impossible that Mr. Scharich has been prejudiced in any way by any delay in discovery caused by CSBS given the infancy of this case. (Doc. 114 at ¶7).

Although the Court is mindful that this case has been heavily litigated from the start and that, indeed, this young docket is already decorated with many substantive motions (by the Court's count, over ten substantive motions have been file to date, though this case in only four months

old), it is unpersuaded by many, if not all, of the arguments above for the reasons set forth in the previous order on fees. (Doc. 113 at 3).

Most notably, similar to the previous motion to compel, the underlying motion to compel sat on the docket unanswered for two weeks and contained a Local Rule 3.01(g) certification. (*See* Docs. 83, 94). Given this, and given CSBS's failure to seek an extension from the Court prior to the filing of the underlying motion to compel, there is no basis for finding that Mr. Scharich's 3.01(g) certification is erroneous nor is there a basis to find that the circumstances would make a fee award unjust.

### B. Attorney's Fees

Mr. Scharich seeks $415 in attorney's fees. (Doc. 100-1 at ¶5). In determining reasonable attorney's fees, the Court applies the federal lodestar approach, by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman v. Hous. Auth. of the City of Montgomery*, 836 F. 2d 1292, 1302 (11th Cir. 1988).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "'an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent

judgment either with or without the aid of witnesses as to value.'" *Norman*, 836 F. 2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

       *1. Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate *in the relevant legal community* for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (emphasis added). The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id*. The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id*. at 1303.

Mr. Scharich requests the following hourly rate: $415 for Mr. Crosbie, who is a partner at Shutts and Bowen, LLP. As previously stated, Mr. Crosbie is a former Middle District law clerk, former in-house counsel, former chair of Shutts and Bowen's Business Litigation Practice Group, and is thus familiar with hourly rates based on his twenty-plus-years-experience as practitioner, law clerk, and consumer of legal services. (Doc. 101-1 at ¶7).

A review of decisions from this Division shows that the prevailing market rate is consistent with the proposed attorney's fees. *See, e.g.*, *Ranize v. Town of Lady Lake, Fla.*, No. 511-CV-646-OC-PRL, 2015 WL 1037047, at *5 (M.D. Fla. Mar. 10, 2015) (awarding counsel a rate of $375 per hour in Ocala). Thus, given the fact the CSBS does not challenge the requested rates, and based upon the foregoing and the Court's own experience and familiarity with rates in the Ocala Division, the undersigned finds that the requests hourly rates are reasonable.

       *2. Reasonableness of Hours Expended*

The next step in the lodestar analysis is to determine what hours were reasonably expended on the litigation. The attorney fee applicant should present records detailing the amount of work

performed and "[i]nadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). Then, the fee opponent "has the burden of pointing out with specificity which hours should be deducted." *Rynd v. Nationwide Mut. Fire Ins. Co.*, No. 8:09-cv-1556-T-27TGW, 2012 WL 939387, at *3 (M.D. Fla. January 25, 2012) (quoting *Centex-Rooney Const. Co., Inc. v. Martin Cnty.*, 725 So.2d 1255, 1259 (Fla. App. Ct. 1999); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.").

Additionally, attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). And a court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.*

Mr. Scharich requests one hour's worth of attorney's fees for Mr. Crosbie. (Doc. 101-1 at ¶8). I find that a single hour was a reasonable amount of time to spend on the underlying motion to compel, which contained case law, argument, and exhibits. *Cf. Odom v. Navarro*, No. 09-21480-CIV, 2010 WL 547652, at *4–5 (S.D. Fla. Feb. 11, 2010) (awarding 1.2 hours when "[t]he portion of the motion which asks the Court to compel discovery requests from Defendants appears to be a form, containing no case law, and merely states the various requirements of [the Civil Rules]" and when "a reasonable amount of time to spend in drafting the motion to compel, which was based upon a total failure to respond to discovery, should not have exceeded one hour, even for a relatively inexperienced attorney").

3. *Lodestar Summary*

There are no further grounds to either reduce or increase the requested fees. Accordingly, Mr. Scharich should be awarded a total $415 for Mr. Crosbie.

**III. CONCLUSION**

Accordingly, and upon due consideration, Mr. Scharich's request for attorney's fees against CSBS is **GRANTED** in the amount of $415.

**DONE** and **ORDERED** in Ocala, Florida on July 17, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties