UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CS BUSINESS SYSTEMS, INC., et al.

    Plaintiffs,

v.                                                      Case No: 5:17-cv-86-Oc-PGBPRL

DWIGHT C. SCHAR, et al.

    Defendants.

## ORDER

Plaintiffs brought this RICO action alleging DCS Real Estate Investments, LLC, et al., ("DCS"), conspired to deprive them of the value of their homes. This matter comes before me on DCS's Motion for Sanctions under Federal Rule of Civil Procedure 37. (Doc. 87). I submit that the motion is due to be granted based on Plaintiffs' failure to respond in a timely way to this Court's order directing them to provide discovery. (Doc. 79). Plaintiffs are cautioned that continued refusals to comply with court orders may lead to harsher sanctions. Fed. R. Civ. P. 37(b)(2)(A).

    **I.**    **Background**

Plaintiffs were served with DCS's first discovery request on April 3, 2017. A month later, DCS moved to compel plaintiffs James L. Shelton, Virginia L. Shelton, Brad Heckenberg, and Lana C. Heckenberg, (the "Sheltons and Heckenbergs")[1] to respond to DCS's first request for production. (Doc. 70). In response, the Sheltons and Heckenbergs moved for an extension of time,

---

[1] Plaintiffs are represented by the same counsel. However, DCS has moved to compel discovery as to certain plaintiffs separately.

which this Court granted. (Doc. 71). The Court ordered the Sheltons and Heckenbergs to respond to the discovery request by June 5, 2017. (Doc. 79).

When the Sheltons and Heckenbergs failed to respond by that deadline, DCS moved for sanctions under Rule 37(b)(2)(A), arguing that sanctions were due to be granted because of the Sheltons and Heckenbergs failure to comply with this Court's order. (Doc. 87).[2] That same day, the Sheltons and Heckenbergs moved for a second extension of time. (Doc. 88). This Court then granted the second extension, requiring the Sheltons and Heckenbergs to respond by June 30 to the production request, and also ordering the Sheltons and Heckenbergs to respond to DCS's motion for sanctions by June 23. (Doc. 98). The Sheltons and Heckenbergs have now responded to that motion, (Doc. 105), and complied with the discovery request. (Doc. 109). Thus, DCS's motion for sanctions is now ripe.

## II.     Legal Standard

Rule 37(b) provides for sanctions when a party fails to respond to a discovery order from the court. In such instances, the court may impose a variety of sanctions, including dismissing the claim or claims, entering a default judgment, or treating the party's actions as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i–vii). Rule 37(b) also provides the court the power to impose expenses, including reasonable attorney's fees, on the party who failed to obey the court's discovery order. Fed. R. Civ. P. 37(b)(2)(C).

"Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th

---

[2] DCS also moved for sanctions under Rule 37(d)(1)(A)(ii) for the Sheltons and Heckenbergs failure to respond to its discovery request. Because the Sheltons and Heckenbergs have certified that they have now provided the requested discovery, (Doc. 109), the Court declines to address this basis for sanctions.

Cir. 1999). The failure to comply with the Court's order need not be willful or in bad faith unless the court "imposes the most severe sanction—default or dismissal." *Coquina Invs. V. TD Bank, N.A.*, 760 F.3d 1300, 1319 (11th Cir. 2014).

### III. Discussion

The Sheltons and Heckenbergs raise a variety of issues in their response in opposition to sanctions. They argue that the requested discovery was extensive, seeking years' worth of documents from the many named plaintiffs, and that DCS refused to confer in good faith on any extension to respond. (Doc. 105 ¶¶ 4–5, 11, 16). They also argue that DCS could have sought a stay of discovery while its motion to dismiss was outstanding instead of propounding discovery. (Doc. 105 ¶ 17). Finally, as a fallback, the Sheltons and Heckenbergs argue that its actions do not constitute the sort of bad faith and or willfulness necessary to impose the harshest sanctions under Rule 37(b)(2)(A). (Doc. 105 ¶ 28).

As the Court has previously observed in this case, whatever the merits of Plaintiffs' argument that the discovery request is over broad, Plaintiffs have never opposed the requests. The Sheltons and Heckenbergs have not moved for a protective order or made any argument that the information sought is not discoverable. *See* Fed. R. Civ. P. 26(c) (providing for protective orders from discover on a showing of good cause). More to the point, even if DCS's requests were overly burdensome, the Sheltons and Heckenbergs would not be entitled to simply ignore this Court's order instructing them to comply with the discovery request by a date certain. (Doc. 79). Only after this Court's deadline came and passed, and DCS moved for sanctions, did the Sheltons and Heckenbergs seek an extension of time. The Sheltons and Heckenbergs have provided no justification for not filing their motion for an extension on or before this Court's deadline.

As to DCS's bad faith in not agreeing to the extensions sought, both DCS's motion to compel (Doc. 70) and motion for sanctions (Doc. 87) aver that counsel for DCS spoke with counsel for Plaintiffs but no agreement could be reached. The Plaintiffs' motion for extension, likewise, includes boilerplate language that they conferred but could not reach an agreement. The Court has previously cautioned both parties to work together to resolve discovery disputes in good faith. While there appears to be blame on both sides for the failure to confer and resolve discovery issues, the failure to timely respond to this Court's order to provide discovery by June 5 rests on Plaintiffs, and nothing about DCS's refusal to agree to an extension in good faith would entitled Plaintiffs to ignore the Court's deadline.

The Shelton and Heckenberg's argument that DCS could have sought a stay of discovery pending its motion to dismiss also fails. Continuing discovery despite outstanding motions is the rule, not the exception, and a stay of discovery is granted where the party seeking the stay establishes good cause for it. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Moreover, the Sheltons and Heckenbergs have not explained why they could not have moved for a stay of discovery themselves if they believe that there was good cause for a stay in order to respond to the motion to dismiss.

I find, then, that sanctions are appropriate under Rule 37(b)(2)(A) for the Sheltons and Heckenbergs' failure to comply with this Court's order to comply with the motion to compel or timely request an extension. Although, at this time, I do not find that harsh sanctions provided by Rule 37(b)(2)(A)(i–iv) are appropriate, I do find that the imposition of reasonable expenses caused by the failure to comply is appropriate. Fed. R. Civ. P. 37(b)(2)(C).

**IV.     Conclusion**

Accordingly, DCS's motion for sanctions is **GRANTED**. **On or before September 19, 2017**, DCS is directed to provide an assessment of its reasonable expenses, including attorney's fees, incurred as a result of the Sheltons and Heckenbergs' failure to comply with this Court's order. The Sheltons and Heckenbergs shall have until **October 3, 2017** to show cause why the expenses should not be awarded, failing which the requested expenses may be imposed.

**DONE** and **ORDERED** in Ocala, Florida on September 5, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties