**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CS BUSINESS SYSTEMS, INC., a foreign for-profit corporation, at al.,

    Plaintiffs,

v.

DWIGHT C. SCHAR, et al.

    Defendants.
_____/

NO. 5: 17-CV-86-OC-40-PRL

**RESPONSE TO ECF DOCKET NO. 136 ORDER TO SHOW CAUSE**

## RESPONSE TO ORDER TO SHOW CAUSE (Doc. 136)

Plaintiffs, James L. Shelton, Virginia Shelton, Brad Heckenberg and Lana Heckenberg (collectively "Plaintiffs"), by and through the undersigned, hereby file their response this Court's Order to Show Cause (Doc. 136), and would state as follows:

1. The instant action was initiated on March 2, 2017 by the filing of Plaintiffs' *Complaint* (Doc. 1).

2. Defendant DCS responded to the *Complaint* by filing a Motion to Dismiss on March 31, 2017 (Doc. 43).

3. With their Motion to Dismiss (43) still pending, DCS then served Plaintiffs with their First Requests for Production on April 12, 2017.

4. The four sets of requests are extensive, containing 61 identical requests for each Plaintiff, totaling 244 requests, seeking production of documents from the year 2004 until present.

5. DCS' attorney also served discovery on Plaintiffs CS Business Systems (Request for Production from Bella Collina Towers, LLC), Bart Sutherin and Kathryn Sutherin (Request

CS Business Systems, et. al. v. Dwight C. Schar, et. al.
NO. 5: 17-CV-86-OC-40-PRL
Response to Order to Show Cause (Doc. 136)

Page 1 of 5

for Production from DCS Real Estate Investments, LLC), all of which are also represented by the undersigned, on April 12, 2017.   These additional requests totaled 39 requests, in addition to the 244 requests sent to Plaintiffs, with the requests seeking similar documents dating back more than a decade.

6.   The obvious intent of these propounded requests was to overwhelm counsel and deny requested extensions, which are often granted liberally when requested as a matter of professional courtesy, knowing it would be impossible to produce such voluminous documents in the 30 day time period prescribed for production requests.

7.   As has been previously noted, when plaintiffs were unable to produce the voluminous documents requested, they sought extensions from the Court after being denied extensions by Attorney Crosbie.

8.   First, Plaintiffs sought a 45 day extension of the discovery deadline (ECF Docket No. 71), to which DCS Defendant's counsel refused consent when requested.

9.   The Court partially granted the request, entering an Order on May 19, 2017 (ECF Docket No. 79), extending the discovery deadline until June 5, 2017 (25 days from the date of the motion and 17 days from the date of the Order).

10.   When Plaintiffs again were unable to meet the deadline because of the sheer size and volume of the request, they filed for another extension of time (ECF Docket No. 88), requesting that the deadline be set for June 30, 2017, which was granted by this Court on June 16, 2017 (ECF Docket No. 88).

11.   On June 30, 2017, Plaintiffs produced the requested discovery; while DCS has not produced a single requested document to date.

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                                                         Page 2 of 5
NO. 5: 17-CV-86-OC-40-PRL
Response to Order to Show Cause (Doc. 136)

12. Plaintiffs have been forced to respond to several motions seeking attorney's fees and sanctions by DCS relative to the discovery, with the instant response being in regard to a sanctions motion (Doc. 87) that sought "harsh sanctions."

13. As Attorney Crosbie has stated in his assessment affidavit, he believes himself to be a well-credentialed attorney who yields significant experience and a familiarity with hourly rates. (Doc. 139-1 Paragraph 9).

14. Despite this, Attorney Crosbie sought harsh sanctions against Plaintiffs after denying them requested extensions, stating "A lesser sanction will not suffice here." (Doc. 87 Page 3 Paragraph 3).

15. As Plaintiffs noted in their response (Doc. 105), harsh sanctions require a strict threshold to be met, stating "Because dismissal with prejudice is considered a drastic sanction, a district court may implement it as a last resort only when: (1) a party's failure to comply with a court order is a result of **willfulness** or **bad faith** [emphasis added]; and (2) less drastic sanctions would not ensure compliance with the court's orders.

16. It is reasonable to believe that Attorney Crosbie should have been aware of the threshold that needed to be met in order for the Court to implement harsh sanctions and realize that they are wholly inappropriate in this instance.

17. "[C]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Cox Enters. v. News-Journal Corp.*, 2012 U.S. Dist. LEXIS 176650, *20 *citing* *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423 (11th Cir.1999).

CS Business Systems, et. al. v. Dwight C. Schar, et. al.　　　　　　　　　　　　　　　　　　　　　Page 3 of 5
NO. 5: 17-CV-86-OC-40-PRL
Response to Order to Show Cause (Doc. 136)

18. DCS has filed multiple motions seeking awards of attorney's fees for their discovery requests, of which two have already been granted. (Doc. 113 & 115)

19. Awarding DCS and their Attorney further monetary sanctions for a motion that explicitly stated anything lesser than harsh sanctions is not sufficient, despite being obviously inappropriate at the time of filing, would be duplicative and excessive, especially in consideration of DCS and Attorney Crosbie's assertion that lesser sanctions will not suffice.

20. Further, on May 11, 2017, the undersigned filed a request for an extension of the discovery deadline, requesting a 45 day extension (Doc. 71), a due date of June 25, 2017.

21. This motion was granted (Doc. 79) which should have meant a due date of June 25, 2017; however, the Court entered a date of June 5, 2017, decreasing the due date requested by Plaintiffs by 20 days.

22. The undersigned mistakenly worked under the presumption that the due date was June 25 and proceeded in good faith that there would be sufficient time to respond.

23. Despite procuring another extension of time (June 30, 2017 – four days beyond the June 25 date), this mistake led to subsequent sanctions motions, including the motion seeking harsh sanctions.

Accordingly, as DCS has requested that this Court impose harsh sanctions upon Plaintiffs (explicitly noting that lesser sanctions will not suffice), and such sanctions were not imposed because Plaintiffs conduct was not willful or in bad faith (essential elements for the imposition of harsh sanctions), and because DCS has already been awarded monetary sanctions in previous orders; as well as counsel's mistaken initial belief on the June 25 discovery deadline, DCS should be denied another award of attorney's fees.

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                             Page 4 of 5
NO. 5: 17-CV-86-OC-40-PRL
Response to Order to Show Cause (Doc. 136)

Dated: October 3, 2017                                           Respectfully submitted,

                                                                             /s/ E. Timothy McCullough
E. TIMOTHY McCULLOUGH, Esq.
Trial Counsel for Plaintiffs
Florida Bar Number: 0033624
7463 Conroy Windermere Rd., Suite A
Orlando, FL 32835
Telephone: (407) 601-6941
Fax: (407) 601-5982
timlaw81@aol.com

**CERTIFICATE OF SERVICE**

I certify that on October 3, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, of which will send a notice of electronic filing to all counsel of record.

*/s/ E. Timothy McCullough, Esq.*
**Attorney for Plaintiffs**

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                   Page 5 of 5
NO. 5: 17-CV-86-OC-40-PRL
Response to Order to Show Cause (Doc. 136)