**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CS BUSINESS SYSTEMS, INC., a foreign
for-profit corporation, at al.,

               Plaintiffs,

v.

DWIGHT C. SCHAR, et al.

               Defendants.

_____/

NO. 5: 17-CV-86-OC-40-PRL

**PLAINTIFFS' AMENDED**
**MOTION FOR CLASS**
**CERTIFICATION**
**AND MEMORANDUM**

<u>**PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION**</u>

<u>**AND SUPPORTING MEMORANDUM**</u>

      Plaintiffs, CS Business Systems, Inc., James L. Shelton, Virginia Shelton, Brad

Heckenberg, and Lana Heckenberg (collectively "Plaintiffs"), by and through the undersigned,

pursuant to Fed. R. Civ. P. 23, move for class certification of the instant proceeding, basing their

*Amended Motion* on the facts and authorities set forth in the following memorandum of law,

incorporated fully herein.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF CLASS CERTIFICATION**

## I.      INTRODUCTION

      Plaintiffs submit this Memorandum of Law in support of their *Amended Motion*, pursuant

to Fed. R. Civ. P. 23, to certify this proceeding as a class action.

      The proposed classes are defined as follows:

## Class I.

Bella Collina lot owners during the period of June 27, 2012 to the present.

Approximately 350-400 individuals and entities are eligible for this proposed class. Proposed class members are easily ascertainable through county records.

***Excluded*** from this Class are developers Ginn-LA Pine Island, Ltd. LLLP and DCS Real Estate Investments, LLC; all employees, subsidiaries and parent companies of Ginn-LA Pine Island, Ltd. LLLP and DCS Real Estate Investments, LLC; all employees, subsidiaries and parent companies of named preferred builders for homes within the Bella Collina Community; and any other developer lot owners.


## Class II.

All current Bella Collina lot owners.

Approximately 95 individuals and entities are eligible for this proposed class. Proposed class members are easily ascertainable through county records.

***Excluded*** from this Class are developers Ginn-LA Pine Island, Ltd. LLLP and DCS Real Estate Investments, LLC; all employees, subsidiaries and parent companies of Ginn-LA Pine Island, Ltd. LLLP and DCS Real Estate Investments, LLC; all employees, subsidiaries and parent companies of named preferred builders for homes within the Bella Collina Community; and any other developer lot owners.

### Class Representatives and Counsel

Plaintiffs James L. Shelton, Brad Heckenberg and Michael Choo as managing member of

CS Business Systems, Inc., also move to be appointed representatives of the Class.  Plaintiffs

have standing as they are owners of lots situated within the community and this action is brought

against those who have acted as or on behalf of the developer and Property Owners Association.

Plaintiffs also move for the appointment of the following firms as Class Counsel pursuant

to Fed. R. Civ. P. 23(g): Widerman Malek, PL, and E. Timothy McCullough Attorney at Law.

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                    Page 2 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

Widerman Malek will assume the role of lead counsel in this litigation. Widerman Malek is a national law firm with offices in Melbourne Florida, Orlando Florida, Alexandria, Virginia, and Evansville, Indiana. With 28 attorneys, Widerman Malek brings the bandwidth of attorneys and support staff to properly manage a class action case of this magnitude. Widerman Malek also has the financial capabilities to support this case throughout the litigation. Named partners Scott Widerman and Mark Malek have both been successfully involved with prior class action litigation in California. Many of the firm's partners and attorneys have tremendous experience in both Federal Court and in complex business litigation courts, including land use and real estate related issues. Further, Widerman Malek currently represents several homeowner associations, and is well versed with the applicable laws governing these organizations. Widerman Malek has the ability to, and will devote whatever resources are required to successfully represent all members of the proposed class in this litigation. Widerman Malek is also able and willing to seek additional of-counsel support if necessary. Widerman Malek will work closely with attorney E. Timothy McCullough in properly managing this case.

E. Timothy McCullough has practiced law for 35 years and is currently licensed to practice in Florida, Pennsylvania and Massachusetts.  Mr. McCullough has extensive experience in both Federal Court and complex business litigation courts.  Mr. McCullough has also been involved with prior class action litigation in the US District Court in South Carolina, involving breach of contract and ERISA claims. Mr. McCullough is also well versed in Florida homeowner's association law and has also represented numerous homeowner's associations. Mr. McCullough will work closely with Widerman Malek in managing this case.

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                    Page 3 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

Both proposed counsel are sufficiently qualified to properly prosecute, manage and fund this case as a class action.

## A.  Factual Background

Plaintiffs commenced this action against the above-captioned Defendants in March 2017. Plaintiffs aver that on June 27, 2012, DCS Real Estate Investments, LLC ("DCS") purchased the distressed in-development community of Bella Collina, a luxury community located in Montverde, Florida, from Ginn-LA Pine Island LTD, LLLP, the original developer.

The purchase included all of the land within the confines of the community, the Bella Collina Club, LLC and Ginn Bella Collina Golf, LLC, the community golf course.  Once the land conveyance was complete, Defendants conspired to create a monopoly in the sale and development of real estate within the Bella Collina community.

Defendant developer DCS illegally usurped control of the Property Owners Association ("POA"), despite the statutory percentage of community conveyances for turnover to lot owners having been reached on August 29, 2005.  Usurping control of the POA allowed for the passage of various self-serving special assessments subsequent to the passage of amendments to the Covenants, Conditions and Restrictions ("CC&R") of the community.  These amendments and assessments were improper ab initio, as a proper vote by its members was never held and no member authorization was obtained. The most egregious amendment allowed for the POA and DCS to enter into an "Assignment and Assumption Agreement" which allowed for the POA to act as a debt collector on behalf of the Bella Collina Club.

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                 Page 4 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

Acting in this capacity, the POA filed approximately 400 lawsuits against lot and home owners to coerce surrender of the individual lots and homes.  The surrendered lots and homes were then subjected to various conveyances in which the title encumbrances were cleared through the usage of tax deeds and POA write-offs, with DCS finally obtaining an unencumbered title. DCS has obtained approximately 700 lots, for little or no payment, and has been advertising the sale of the lots and homes with numerous incentives individual lot owners cannot offer.  Further, DCS has placed numerous obstacles in the path of potential sales from individual lot owners, including the requirement that lot and home owners obtain permission from DCS to sell their individual properties.

In their Complaint, Plaintiffs have pled the elements of a class action pursuant Fed. R. Civ. P. 23 (Doc. 1, ¶¶ 196 – 211) and now submit this Memorandum in support of the instant *Motion for Class Certification* pursuant to the same.

## B.  Statement of Issues Before the Court

Whether the proposed classes satisfy the requirements of Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

## C.  Summary of Argument

The proposed class definition meets the requirements of Fed. R. Civ. P. 23(a) and (b) and class certification is proper.  The prospective classes are easily definable. The named

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                    Page 5 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

Representatives have standing to bring forth these claims, and the claims of the class are live.

The proposed class satisfied the four requirements of Rule 23(a): (1) the proposed classes, the first totaling approximately 350-400 individuals and entities and the second totaling approximately 95 individuals and entities, is so numerous that joinder is impractical; (2) there are questions of law or fact common to the proposed class of lot and home owners, including whether DCS illegally usurped control of the POA through the usage of illegal amendments to the CC&R and implementation of special assessments with an ultimate goal of recovering lots to monopolize resale within the community; (3) the claims of the named Plaintiffs are typical of the class claims; and (4) the named Plaintiffs will fairly and adequately protect the interests of the class because they are aggrieved lot and home owners who have been subjected to the same amendments and special assessments illegally set forth by DCS and the POA, and have suffered the same damages as the proposed class members.

The proposed class also meets the requirements of Rule 23(b) because Rule 23(a) is satisfied and: (1) prosecuting separate actions by individual class members will create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; (2) the party opposing the class has both acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; and (3) the questions of law and fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                          Page 6 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

## II.     ARGUMENT

### A.  THE PROPOSED CLASS DEFINITION SATISFIES THE REQUIREMENTS OF FED. R. CIV. P. 23(a)

#### 1.  *Class Definition Satisfaction*

A court should deny class certification when the class definition is "overly broad, amorphous, and vague, or where the number of individualized determinations required to determine class membership becomes too administratively difficult." *Gittens v. Sch. Bd*., 2017 U.S. Dist. LEXIS 115987, *18 (M.D. Fla. July 7, 2017)

The two class definitions pled by Plaintiffs are sufficiently tailored to identify prospective class members without need for any individualized determinations to determine membership beyond certification that that the individual is or was a property owner in Bella Collina on the defined dates. This certification can be easily obtained by referencing public records.

#### 2.  *Middle District Local Rule 4.04 Compliance*

While considering a motion for class certification under Fed. R. Civ. P. 23, the Court must take the allegations in support of the certification as true and refrain from conducting a preliminary assessment of the merits of the case. *Susan J. v. Riley*, 254 F.R.D. 439, 458, (M.D. Ala. Oct. 24, 2008) [*citing Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)].

In Plaintiffs' *Complaint,* a bold-headlined section titled "CLASS ACTION ALLEGATIONS" was included in compliance with Middle District Local Rule 4.04(a).  The allegations contained in that section, and which are further set forth in this *Memorandum*, are sufficient to support a ruling for class certification.

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                             Page 7 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

### 3. *Fed. R. Civ. P. 23(a) Certification*

The district court has discretion to certify a class if, after a rigorous analysis, the court is satisfied that the requirements of Fed. R. Civ. P. 23 are met. *Lee-Bolton v. Koppers Inc*., 319 F.R.D. 346, 351, (N.D. Fla. Mar. 20, 2017).

Fed. R. Civ. P. 23(a) contains four prerequisites that must be satisfied under a rigorous analysis to proceed as a class action:

> (a) One or more members of a class may sue or be sued as representative parties on behalf of all only if:
> (1) the class is so numerous that joinder of all members of the class is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

All four of these elements required under Fed. R. Civ. P. 23(a) have been by Plaintiffs, as set forth below.

### i.    **Numerosity - Rule 23(a)(1)**

The test for **numerosity** is whether "the class [is] so numerous that joinder of all members is impracticable." *Phillips v. Joint Legislature Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1022 (5th Cir. 1981) [*citing Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 462, (S.D. Fla. Feb. 19, 2002)].

"There exists **no** definite numerical standard as to what size **class** satisfies this numerosity requirement. [*Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir. 1980), **cert. denied**, 449 U.S. 1113, 66 L. Ed. 2d 842, 101 S. Ct. 923 (1981); *David v. Showtime/Movie Channel, Inc*., 697 F. Supp.

CS Business Systems, et. al. v. Dwight C. Schar, et. al.
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

Page 8 of 22

752, 756 (D.C.N.Y. 1988).] Rather, **impracticability** will be gauged according to the circumstances of the particular case. [*Fifth Moorings Condominium, Inc. v. Shere*, 81 F.R.D. 712, 715-716 (S.D. Fla. 1979)]" *Alfred v. Okeelanta Corp*., 1990 U.S. Dist. LEXIS 21021, *26 (S.D. Fla. July 18, 1990).

Plaintiffs are seeking to certify classes of approximately 350 members and approximately 95 members.  Numerous Courts have held that such numbers are more than adequate to justify the numerosity requirement of Rule 23(a)(1).  *See Alfred v. Okeelanta Corp*., 1990 U.S. Dist. LEXIS 21021, *26 (S.D. Fla. July 18, 1990) – (Classes of 893 and 686 found sufficient); *Cox v. American Cast Iron Pipe Co*., 784 F.2d 1546, 1553 (11th Cir. 1986), cert. denied 479 U.S. 883, (1986) – (Class of 240 members found sufficient).  Joinder with approximately 350 members or with 95 members is certainly impracticable and is certainly in line with precedent for class certification.

The members of each proposed class are either former or current property owners within Bella Collina. All Bella Collina property owners since June 27, 2012, excluding those related to the various Defendants and listed specifically above, have been subjected to the alleged illegal actions of Defendants alleged within Plaintiffs' Complaint. These members are easily defined, and readily available through a public records search. Plaintiffs have adequately satisfied the numerosity requirement of Fed. R. Civ. P. 23(a) and met their burden.

### ii.      Commonality – Rule 23(a)(2)

"The commonality analysis.….measures the extent to which all members of a putative class have similar claims." *Susan J. v. Riley*, 254 F.R.D. 439, 460 (M.D. Ala. Oct. 24, 2008).

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                          Page 9 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

"'[F]or purposes of Rule 23(a)(2) even a single common question will do.' *Carriuolo*, 823 F.3d at 984 (quoting Dukes, 564 U.S. at 359); *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) ("Commonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members.")." *Lee-Bolton v. Koppers Inc.*, 319 F.R.D. 346, 384, (N.D. Fla. Mar. 20, 2017).

"The common question must be one that has a class-wide answer or resolution, 'which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.' *Carriuolo*, 823 F. 3d at 984. Also, the class members must have all suffered the same injury. *See Dukes*, 564 U.S. at 350 (quoting *Gen. Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 157, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).' *Lee-Bolton v. Koppers Inc.*, 319 F.R.D. 346, 384 (N.D. Fla. Mar. 20, 2017).

In the instant action, Plaintiffs seek to certify a class action in a case that, at its heart, involves the Developer of a community common to all prospective class members and the Property Owner's Association that owes fiduciary duties to all prospective class members by virtue of owning property within the community.  All prospective class members either currently own or at one-time owned property within the community, and have incurred the same alleged illegal actions alleged within Plaintiffs' Complaint.  By usurping control of the POA, passing various self-serving special assessments subsequent to passing improper and illegal amendments to the CC&R, and acting as a debt collector on behalf of the privately-owned Bella Collina Club, all prospective class members were subjected to the alleged illegal actions of the Defendants. Plaintiffs' detailed allegations, as argued above, are all contained within its Complaint.

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                                   Page 10 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

If Plaintiffs are to prevail in their causes of action against Defendants, and the post

August 29, 2005 turnover actions of Defendants are deemed to be void, this resolution will affect

all or a significant number of the putative class members. Plaintiffs, needing to have only one

common question of law with a prospective class, have met their burden for commonality.

### iii.      Typicality – Rule 23(a)(3)

"The typicality requirement in Fed. R. Civ. P. 23 measures whether a sufficient nexus

exists between the claims of the named representatives and those of the class at large. All

putative class members are not required to have identical claims, and factual differences among

the claims of the putative class members do not defeat certification. However, the named

plaintiffs' claims must still share the same essential characteristics as the claims of the class at

large." *Susan J. v. Riley*, 254 F.R.D. 439, 444, (M.D. Ala. Oct. 24, 2008).

"The commonality and typicality requirements of Rule 23(a) tend to merge." AHM, 2000

U.S. Dist. LEXIS 14788 at *8 (quoting Griffin v. Carlin, 755 F.2d 1516 (11th Cir.

1985))(citation omitted)." Ass'n for Disabled Americans, Inc. v. Amoco Oil Co., 211 F.R.D.

457, 463, (S.D. Fla. Feb. 19, 2002). "Although the considerations of subsections [23]a(2), a(3),

and a(4) tend to overlap, [see *De La Fuente v. Stokely-Van Camp, Inc*., 713 F.2d 225 (7th

Cir.1983); 7 C. Wright & A. Miller, Federal Practice and Procedure § 1764 (1972);] subsection

a(3) primarily directs the district court to focus on whether named representatives' claims have

the same essential characteristics as the claims of the class at large. 713 F.2d at 232." *Appleyard*

*v. Wallace*, 754 F.2d 955, 958, (11th Cir. Ala. 1985).

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                    Page 11 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

Plaintiffs have set forth an action with the same essential characteristics of the class at large.  As stated above, in the instant action, Plaintiffs seek to certify a class action in a case that, at its heart, involves the Developer of a community common to all prospective class members and the Property Owner's Association that owes fiduciary duties to all prospective class members by virtue of owning property within the community.  All prospective class members either currently own or at one-time owned property within the community, and have incurred the same alleged illegal actions alleged within Plaintiffs' Complaint.  By usurping control of the POA, passing various self-serving special assessments subsequent to passing improper and illegal amendments to the CC&R, and acting as a debt collector on behalf of the privately-owned Bella Collina Club, all prospective class members were subjected to the alleged illegal actions of the Defendants.

These specific claims of the named Plaintiffs are typical of the claims of the class. Plaintiffs, needing to show that their claims share the same essential characteristics as the claims of the class at large, have met their burden for typicality.

### iv.      Adequacy of Representation – Rule 23(a)(4)

The adequacy requirement encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action. [*Busby v. JRHBW Realty, Inc.,* 513 F.3d 1314, 1323 (11th Cir. 2008)].  *Susan J. v. Riley*, 254 F.R.D. 439, 461, (M.D. Ala. Oct. 24, 2008).

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                                 Page 12 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

A substantial conflict occurs when "some party members claim to have been harmed by the same conduct that benefitted other members of the class." [*Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003)]. *Id. at 461.*

 Plaintiffs do not have any substantial conflict with proposed class members.  As has been previously noted to the contrary, Plaintiffs have nearly identical factual situations to the proposed class members, share common interests with proposed class members and have suffered the same damages as proposed class members.

Further, as more particularly described above in the paragraph titled "Class Representative and Class Counsel," both Widerman Malek, PL and E. Timothy McCullough are more than qualified to fairly and adequately manage and prosecute this case as a class action. Class counsel also possess the financial capabilities and resources to properly fund this case through completion.

Plaintiffs, needing to show that there are no substantial conflicts of interest exist between the representatives and the class, and that they as representatives will adequately prosecute the action, have met their burden.


**B.  THE PROPOSED CLASS ALSO FITS THE QUALIFICATIONS OF RULE 23(b)(3)**

Once all of the requirements of **Rule** 23(a) are met, then the party seeking class certification must satisfy one of the requirements of **Rule** 23(b). *Gittens v. Sch. Bd.,* 2017 U.S. Dist. LEXIS 115987, *40-41 (M.D. Fla. July 7, 2017) [*citing Valley Drug Co. v. Geneva*

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                    Page 13 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

*Pharms., Inc.,* 350 F.3d 1181, 1188 (11th Cir. 2003)]. In the instant *Motion*, Plaintiffs seek certification under Rule 23(b)(3).

A class action may be maintained under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). There are two prongs to satisfy the requirements of Rule 23(b)(3) to achieve class certification, "predominance" and "superiority."

### a. Predominance

For a Plaintiff to satisfy the first prong, predominance, to obtain Rule 23(b)(3) class certification, "the issues in the class action that are subject to generalized proof and applicable to the class as a whole must predominate over those issues that are subject only to individualized proof. *Babineau*, 576 F.3d at 1191. 'Common issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief.' *Williams*, 568 F.3d at 1357." *Gittens v. Sch. Bd.*, 2017 U.S. Dist. LEXIS 115987, *45 (M.D. Fla. July 7, 2017).

"To determine whether class or individual issues predominate, a court must take into account the claims, defenses, relevant facts, and applicable substantive law to assess the degree to which resolution of class-wide issues will further each individual class member's claim against the defendant. (citations omitted). The common issues will not predominate over individual

CS Business Systems, et. al. v. Dwight C. Schar, et. al.
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

Page 14 of 22

questions if the 'resolution of [an] overarching common issue breaks down into an

unmanageable variety of individual legal and factual issues.'" *Id. at 46-47.*

In the instant action, Plaintiffs' claims, as applied to a class, predominate over any

potential issues that are subject only to individualized proof.  A resolution of a common issue

will not break down into an unmanageable variety of individual and legal issues.  As stated

above, in the instant action, Plaintiffs seek to certify a class action in a case that, at its heart,

involves the Developer of a community common to all prospective class members and the

Property Owner's Association that owes fiduciary duties to all prospective class members by

virtue of owning property within the community.  All prospective class members either currently

own or at one-time owned property within the community, and have incurred the same alleged

illegal actions alleged within Plaintiffs' Complaint.  By usurping control of the POA, passing

various self-serving special assessments subsequent to passing improper and illegal amendments

to the CC&R, and acting as a debt collector on behalf of the privately-owned Bella Collina Club,

all prospective class members were subjected to the alleged illegal actions of the Defendants.

This express purpose of the alleged illegal actions of the Defendants was to extort lot

ownership from legitimate lot owners to, and for the sole benefit of, the Defendants.

Approximately 700 lots to date have been appropriated from prior lot owners.  The developer-

controlled POA's actions, as have been detailed above, amount to a gross breach of the fiduciary

duty owed to its members, both past and present.  As a direct result, all class members, whether

present or past lot owners, have been deprived of property value and have been subjected to a

shocking deprivation of rights afforded to lot owners by Florida law and the governing

documents. "Common issues of fact and law predominate if they 'have a direct impact on every

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                      Page 15 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief.'" *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11ᵗʰ Cir. 2004).

Members of the prospective class need not introduce a great deal of individualized proof of their claims or argue a number of individualized legal theories. The alleged illegal actions of the Defendants have impacted every member of the class, and have resulted in common damages. The individual damages are easily calculable, since the individual lots were all originally sold and recorded at their inherent value at that time. Therefore, those lots will each have a set percentage value in comparison to the entire development, based upon real value prior to the alleged illegal actions of the Defendants. Any award by this Court could be easily calculated and distributed according to that identical percentage.  Expert testimony can be utilized to determine the true value of the entire development at the time any determination of actual damages is needed by this Court.  This Court would not be required to determine the individualized value of each lot, and instead could simply value the entire development as a whole. That overall development value could then be proportionately divided amongst each individual lot according to each lots' original, true inherent percentage value, as explained above.

The proposed classes are sufficiently cohesive to warrant adjudication by representation. Therefore, Plaintiffs have met their burden for predominance.

### b.  Superiority

The second prong of Rule 23(b)(3) requires Plaintiffs to show that "a class action is superior to other available methods fairly and efficiently adjudicating the controversy." *Fed. R. Civ. P. 23(b)(3)*. For this prong, the focus 'is not on the convenience or burden of a class action

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                           Page 16 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

suit per se, but on the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs.'" *Gittens at 50-51.*

Certifying the instant action as a class action is a tremendous advantage over other forms of litigation that are realistically available to Plaintiffs.  As previously noted, Plaintiffs and the prospective class have all been damaged in an identical or nearly identical manner, share common interests, are owed the same fiduciary duty by the POA and any individual relief sought would mirror that of the class.  The proposed classes total approximately 350 individuals and entities for the first and approximately 95 for the second, making individual suits an enormous undertaking that would surely require a colossal devotion of time, resources and efforts.

Fed. R. Civ. P. 23(b)(3) also sets forth four specific considerations, though non-exclusive, that are pertinent to satisfying the requirements of the rule.  *Id. at 51.*  There considerations are:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Plaintiffs satisfy each one of these considerations, as set forth below.

### i. *Rule 23(b)(3)(A) Consideration*

Rule 23(b)(3)(A) considers "the class members' interest in individually controlling the prosecution of defense of separate actions."

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                     Page 17 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

The interest in class members individually controlling the prosecution or defense of separate actions is minimal or non-existent.  The instant action is much better resolved as a class action with a single adjudication rather than a flood of individual law suits from the members of the proposed class, should they stay individual, subsequent to a potential favorable verdict obtained by Plaintiffs.  Efficiency is inherent.  Further, the total costs for individuals to prosecute their own action versus the recovery pool is far outweighed by a potential recovery in a successful class action. **Lastly, none of the potential class members have pursued litigation against the Defendants based upon the fraud, RICO and conspiracy allegations presented by Plaintiffs. Although many of the proposed class members have been sued by the Defendant POA, those suits were typically foreclosure suits filed through the illegal actions of the Defendants. These class members can therefore bring forth these new claims as a group as opposed through costly, individual lawsuits.**

### ii.   *Rule 23(b)(3)(B) Consideration*

Rule 23(b)(3)(B) considers "the extent and nature of any litigation concerning the controversy already begun by or against class members."

In the instant Motion, Plaintiffs have pled that common issues of fact and law predominate over individualized issues and a single action in a single forum will certainly reduce time, effort and expense for class members, rendering the proposed class action economically advantageous.

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                                   Page 18 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

As detailed in the *Complaint*, other proceedings have been initiated against Defendants in the Lake County, Florida judicial system and a single forum to address all class members' common interests is desirable.

### iii.   *Rule 23(b)(3)(C)*

Rule 23(b)(3)(C) considers "the desirability or undesirability of concentrating the litigation of the claims in the particular forum."

The particular forum that the action was initiated in holds jurisdiction over all of the Defendants individually, the monetary amount has been satisfied, and federal questions of law exist.

### iv.   *Rule 23(b)(3)(D)*

Rule 23(b)(3)(D) considers "the likely difficulties in managing a class action."

As more particularly described above in the paragraph titled "Class Representative and Class Counsel," both Widerman Malek, P.L. and E. Timothy McCullough are more than qualified to manage and prosecute this case as a class action, as well as possess the financial capabilities and resources to properly fund this case.

## C.  IN THE ALTERNATIVE, THE PROPOSED CLASS ALSO FITS THE QUALIFICATIONS OF RULE 23(b)(1)(B)

As stated above, once all of the requirements of Rule 23(a) are met, then the party seeking class certification must satisfy one of the requirements of Rule 23(b). *Gittens v. Sch. Bd.*,

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                        Page 19 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

2017 U.S. Dist. LEXIS 115987, *40-41 (M.D. Fla. July 7, 2017) [citing *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 (11th Cir. 2003)].  In the instant Motion, Plaintiffs alternatively seek certification under Rule 23(b)(1)(B).

A class action may be maintained under Rule 23(b)(1) if "prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1).

Rule 23(b)(1)(B) is applicable when the action threatens to impair or dispose of the rights and interests of absent class members, as in the case of lawsuits filed by shareholders or against trustees, or where there is a limited fund available to pay damages. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833-36, 119 S. Ct. 2295 (1999). Rule 23(b)(1)(B) applies when there is a risk that separate actions would adversely affect absent class members or substantially impair their ability to protect their interests. Since the alleged illegal actions of the Defendants involve a POA whose power and control extends over all prospective class members, Rule 23(b)(1)(B) would be applicable. All prospective class members either currently own or at one-time owned property within the community, which is equally governed by the POA.  By usurping control of the POA, passing various self-serving special assessments subsequent to passing improper and illegal amendments to the CC&R, and acting as a debt collector on behalf of the privately-owned Bella Collina Club, all prospective class members were subjected to the alleged illegal actions of the

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                    Page 20 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

Defendants. These actions by the Defendants directly affected all prospective class members in the exact same manner. The resulting damages to the prospective class members may vary based upon the value of their particular lot, but the effect of passing improper and illegal amendments to the CC&R is common to all class members.

The Defendant POA was obligated under Florida law to treat all members of the prospective class alike, since they are all either current or former lot owners within Bella Collina. If this Court determines that the actions of the Defendants after the statutory turnover date of August 29, 2005 were improper, invalid or void ab initio, this determination would directly affect the rights of all the other lot owners, both past and present. These post-turnover actions include passing improper and illegal amendments to the CC&R, which is at the core of Plaintiffs' Complaint. A favorable Order from this Court on this issue would affect all lot owners, past and present, whether they were Plaintiffs or not in this action. Any award of damages in the instant case should rightfully benefit all of the lot owners affected by the Defendants' alleged illegal actions, and not just the named Plaintiffs. Rule 23(b)(1)(B) would protect the Defendants from a risk that adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications.

### III.    CONCLUSION

For the foregoing reasons outlined in this Memorandum of Law in support of their Amended Motion for Class Certification, Plaintiffs respectfully request that this honorable Court

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                                                                  Page 21 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum

grant their Amended Motion for Class Certification pursuant to the satisfaction of the perquisites set forth in Fed. R. Civ. P. 23(a) and 23(b)(1) & (3).

Dated: September 19, 2017                    Respectfully submitted,

                                             /s/ James Ippoliti
                                             James Ippoliti, Esq.
                                             WIDERMAN MALEK P.L.
                                             Co-Counsel for Plaintiffs
                                             Florida Bar Number: 102674
                                             506 Celebration Avenue
                                             Celebration, FL 34747
                                             Telephone: (407) 566-0001
                                             Fax: (407) 601-5982
                                             jim@uslegalteam.com

## CERTIFICATE OF SERVICE

I certify that on September 19, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, of which will send a notice of electronic filing to all counsel of record.

                                             /s/ James Ippoliti, Esq.
                                             **Co-Counsel for Plaintiffs**

CS Business Systems, et. al. v. Dwight C. Schar, et. al.                                   Page 22 of 22
NO. 5: 17-CV-86-OC-40-PRL
Amended Motion for Class Certification and Memorandum