# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

CS BUSINESS SYSTEMS, INC.;
JAMES L. SHELTON and VIRGINIA L.
SHELTON; BRAD HECKENBERG and
LANA C. HECKENBERG; PJS RENTAL, LLC;
WON Y. SHIN TRUST; WON Y. SHIN TRUSTEE;
BART SUTHERIN and KATHRYN SUTHERIN;
ITZ GROUP, LLC,

                Plaintiffs,                     CASE NO.: 5:17-cv-86-OC-40-PRL

v.

DWIGHT C. SCHAR; PAUL E. SIMONSON;
DCS INVESTMENT HOLDINGS GP, LLC;
DCS REAL ESTATE INVESTMENTS, LLC;
DCS REAL ESTATE INVESTMENTS I, LLC;
DCS REAL ESTATE INVESTMENTS II, LLC;
DCS REAL ESTATE INVESTMENTS III, LLC;
DCS REAL ESTATE INVESTMENTS IV, LLC;
DCS REAL ESTATE INVESTMENTS IV-A, LLC;
DCS REAL ESTATE INVESTMENTS V, LLC;
BELLA COLLINA PROPERTY OWNERS ASSOC.,
INC.; DAVID BURMAN; AEGIS COMMUNITY
MANAGEMENT SOLUTIONS, INC.; RANDALL
F. GREENE; KEITH CLARKE; PAUL LEBREUX;
RICHARD C. ARRIGHI; JAMES D. RYAN;
MICHAEL J. RYAN; THE RYAN LAW GROUP,
LLC; CULLEN D'AMBROSIO; ROCKING RED
H, LLC; RICK L. SCHARICH; BELLA COLLINA
TOWERS, LLC,

                Defendants.

_____/

## DCS DEFENDANTS' SECOND MOTION FOR RULE 11 SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

The defendants, Dwight C. Schar, Paul E. Simonson, DCS Investment Holdings GP,

LLC, DCS Real Estate Investments, LLC, DCS Real Estate Investments II, LLC, DCS Real

Estate Investments IV, LLC, DCS Real Estate Investments I, LLC, DCS Real Estate Investments III, LLC, DCS Real Estate Investments IV-A, LLC, DCS Real Estate Investments V, LLC, Rocking Red H, LLC, The Club at Bella Collina, LLC, Richard C. Arrighi, Rick L. Scharich and Bella Collina Towers, LLC (collectively, the "DCS defendants"), through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 11(c), move again for sanctions against the remaining plaintiffs, CS Business Systems, Inc., James L. Shelton and Virginia L. Shelton, and Brad Heckenberg and Lana C. Heckenberg (collectively, the "plaintiffs"), and their current counsel.

## INTRODUCTION

The DCS defendants previously moved for sanctions [Doc. 54] in connection with the plaintiffs' Complaint [Doc. 1] and Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion") [Doc. 10]. That motion for sanctions remains pending, and the DCS defendants incorporate it by reference.

Now, the DCS defendants seek sanctions in connection with the Plaintiffs' Motion for Class Certification and Memorandum [Doc. 118] and "Petitioner's [sic] Motion for Leave to File Amended Motion for Class Certification and Memorandum." [Doc. 138] (collectively "Class Papers"). The plaintiffs' Class Papers, including the proposed Amended Motion for Class Certification, are presented *solely* for an improper purpose. Many of the factual contentions are directly and obviously contradicted by papers previously filed in this case. The issues raised by the plaintiffs have been litigated, or are being litigated, in state court. The plaintiffs' new counsel has adopted and advocated the allegations set forth in the Complaint and thus is subject to sanctions.

This is not a trivial matter. The remaining plaintiffs and their counsel have accused all the defendants of crimes, including robbery, extortion, wire and mail fraud, and perjury. The plaintiffs and their counsel have interacted in litigation and in Bella Collina with some of the defendants over the last five years. They know the allegations are false. Yet they persist with airing their false claims in a very public forum. Thus the DCS defendants are forced to defend their names and reputations publicly, at great expense. The Court should sanction the plaintiffs and counsel for this abuse of the legal system.

## LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure provides a mechanism for a court to impose sanctions against a party and its counsel for "presenting to the court a pleading, written motion, or other paper – whether by signing, *filing, submitting, or later advocating* it" that: (1) has an improper purpose; (2) has no reasonable legal basis; or (3) has no reasonable factual basis. Fed. R. Civ. P. 11 (emphasis added); *see also Thomas v. Evans*, 880 F. 2d 1235, 1239 (11th Cir. 1989); *Kaplan v. Burrows*, No. 6:10-cv-95, 2011 WL 5358180, *4 (M.D. Fla. Sept. 6, 2011); *Fish v. Florida Dept. Corrections*, No. 6:07-cv-1543, 2007 WL 4365727, *1 (M.D. Fla. Dec. 11, 2007). Counsel who appear after the offending papers have been presented to the Court and advocate the positions set forth in those papers are subject to sanctions. *See, e.g., Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1421 (11th Cir. 1996).

The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, and motions, and to deter costly, meritless litigation tactics. *See Massengale v. Ray,* 267 F.3d 1298, 1302 (11th Cir. 2001). When a party or its counsel violates Rule 11, the court "may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." *Smith v.*

*Psychiatric Sols., Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1417 (2015) (quoting Rule 11(c)(2)).

In assessing whether Rule 11 sanctions are warranted, the Eleventh Circuit requires a two-step inquiry: (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous. *See Diaz v. First Marblehead Corp.*, 643 Fed. App'x. 916, 921 (11th Cir. 2016) (quoting *Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998)). In evaluating whether the claims raised are objectively frivolous, "the court 'must determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified.'" *Adams v. Austal, U.S.A., L.L.C.*, 503 Fed. App'x. 699, 703 (11th Cir. 2013)(quoting *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003)).

As set forth more fully below, Rule 11 sanctions are warranted in this case because the plaintiffs have knowingly advanced claims and arguments that are not supported by existing law or a non-frivolous attempt to expand existing law. Further, Rule 11 sanctions are warranted as many of the plaintiffs' factual assertions had no evidentiary support at the time the Class Papers were filed, and will never have such support. Finally, because the plaintiffs' new counsel has submitted baseless Class Papers that adopt the baseless assertions from the Complaint, new counsel is as liable for a sanctions award as is the plaintiffs' original counsel.

## **ARGUMENT**

**I.     RULE 11 SANCTIONS ARE WARRANTED AS THE PLAINTIFFS' CLAIMS AND ARGUMENTS ARE NOT SUPPORTED BY EXISTING LAW OR A NONFRIVOLOUS ARGUMENT FOR EXTENDING, MODIFYING OR REVERSING EXISTING LAW.**

When a party files a paper based on a legal theory with "no reasonable chance of success," Rule 11 sanctions are warranted against the attorney who made such filing. *See Didie*

*v. Howes*, 988 F. 2d 1097, 1104 (11th Cir. 1993); *U.S. v. 8 Luxury Vehicles*, No. 2:15-cv-91, 2015 WL 4349524, *1 (M.D. Fla. July 14, 2015). In this case, sanctions are warranted against the plaintiffs and their attorneys as a result of the filing of Class Papers, which are subject to the infirmities detailed below.

### A.     The Arguments Included in the Class Papers are Barred by Res Judicata.

Sanctions are warranted in this case because the plaintiffs have previously litigated the issues raised in the Class Papers. In the factual recitations in the Class Papers, the plaintiffs refer to the litigation in which they have been involved with the Property Owners Association (the "POA"). For example, the plaintiffs assert, in connection with amendments to Bella Collina's governing documents, that "[t]hese amendments and assessments were improper ab initio, as a proper vote by its members was never held and no member authorization was obtained." [Doc. 138-1, p. 5]; *see also* [Doc. 138-1, p. 10 & 22]. The plaintiffs also assert that "If … the post August 29, 2005 turnover actions of Defendants are deemed to be void, this resolution will affect all or a significant number of the putative class members." [Doc. 138-1, p. 12].

Yet, the Florida Circuit Court for the Fifth Judicial Circuit has resolved that issue. In an order dated June 24, 2016, well before this case was filed, Judge Singeltary addressed issues relating to the POA in which plaintiffs CS Business Systems, Inc. ("CS BS"), and  James L. Shelton and Virginia L. Shelton (together, the "Sheltons"), are parties. That case is currently on appeal to Florida's Fifth District Court of Appeal, Case No. 5D16-3704. The plaintiffs quote part of that order in the Complaint. Judge Singeltary also found that:

> 19)     Petitioners argue because the Board Members were appointed by Declarant and not elected by members of the BCPOA, the Board Members should not be recognized.
>
> 20)     However, Florida Statute, Section 720.306(9)(b) provides "[t]he validity of any action by the board is not affected if it is later determined that the

person . . . is ineligible for board membership." Therefore, the Court finds *no merit* in the Petitioners['] argument.

[Doc. 48-8, p. 4] (emphasis added). Judge Singeltary concluded as follows: ORDERED AND ADJUDGED . . . The actions of the BCPOA Board are valid.…" [Doc 48-8, p. 8-9].

The doctrine of *res judicata* bars the filing of claims that were raised or could have been raised in an earlier proceeding. *Schafler v. Indian Spring Maint. Ass'n*, 139 Fed. Appx. 147, 150 (11th Cir. 2005). In assessing the preclusive effect of a prior state court judgment, federal courts afford that judgment the same full faith and credit it would receive in the issuing state's courts. *Parsons Steel, Inc. v. First Alabama Bank*, 474 106 S. Ct. 768, 772 (1986); *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F. 3d 1284, 1286 n.2 (11th Cir. 2003).

The factual arguments "at the heart" of the plaintiffs' Class Papers were asserted by the plaintiffs in the state court actions. Judge Singeltary rejected the arguments. Indeed, the Complaint's constant refrain, adopted in the Class Papers, that the defendants' actions made subsequent state court filings "fraudulent" is merely another way of saying that such allegations could have been defenses against entry of judgment in the state court proceedings. Through the instant action, the plaintiffs invite the Court to revisit the merits of the state court decisions. But such arguments are barred by the doctrine of *res judicata*. The plaintiffs' counsel knew or should have been aware that these assertions are barred by *res judicata* and therefore had no reasonable chance of success in this forum. For that reason, sanctions are warranted.  *See, e.g., Kaplan v. Burrows*, No. 6:10-cv-95, 2011 WL 5358180 (M.D. Fla. March 21, 2011); *Ransaw v. Hernando County School Board*, No. 8:06-cv-2393, 2007 WL 4163396 (M.D. Fla. November 20, 2007).

In *Kaplan*, Judge Scriven and Magistrate Judge Baker faced a similar situation as that presented to the Court in this case. There, Judge Baker considered a Motion for Rule 11 Sanctions filed by the defendant. *Kaplan*, 2011 WL 5358180 at *1. The plaintiff and his attorney

6

had filed previously a complaint in state court seeking unpaid wages from his former employer. *Id.* The state court entered a default in Kaplan's favor. *Id.* Kaplan then sued the former employer's Chief Financial Officer for a "minimum wage" and retaliation. *Id.* Kaplan employed the same attorneys in both the state and federal cases. *Id.*

The defendant moved for Rule 11 sanctions. Judge Baker recommended that the Court grant the motion but reserve on the appropriate sanction. *Id.* Judge Baker determined that the claims for unpaid wages and retaliation were "objectively frivolous – or 'patently unreasonable.'" The Court noted that "Rule 11 imposes a duty on counsel to make a reasonable inquiry before filing any written document to ensure that the assertions are not objectively frivolous." *Id.* at *6.

Because Judge Scriven had determined that *res judicata*, among other things, barred the underlying claims, Judge Baker found the plaintiff's attempt to re-litigate frivolous. *Id.* at *8. The Court also highlighted the fact that Kaplan's counsel had not only been involved in the state court litigation, but was also involved in a related arbitration. *Id.* at *7. Judge Baker found that because counsel knew that Kaplan had been awarded unpaid wages by the state court, "they should have known the FLSA claim against [the defendant] for the same wages was barred by the doctrine of *res judicata*." *Id.* Thus, Judge Baker concluded that "the history of litigation and the 'patently unreasonable' nature of Kaplan's FLSA claims support a finding of bad faith and the improper motive of retaliation." *Id.* at *8. The Court recommended entry of an order sanctioning the plaintiff and his counsel. *Id.*[1]

---

[1] Judge Scriven adopted the Report and Recommendation in part, but concluded that one of the two attorneys should not suffer sanctions because he appeared late in the case. *Kaplan v. Burrows*, 2011 WL 5358666 (M.D. Fla. Oct. 31, 2011). The DCS defendants suggest that the facts here dictate that the plaintiffs' new counsel should be accountable for adopting original counsel's papers, particularly because a Rule 11 motion has been pending since April. That motion should have put counsel on notice of the serious problems in persisting with the existing claims.

Here, the plaintiffs' counsel knew these arguments were barred at the time the Class Papers were filed because the defendants had already filed motions to dismiss and for sanctions relating to these same assertions. Accordingly, the plaintiffs' attorneys were aware that such claims have "no reasonable chance of success." Under such circumstances, Rule 11 sanctions are clearly warranted.

## II.   RULE 11 SANCTIONS SHOULD BE AWARDED AS THE PLAINTIFFS' CLAIMS DO NOT CURRENTLY, NOR WILL THEY EVER, HAVE EVIDENTIARY SUPPORT.

Pursuant to Rule 11(b)(3), factual assertions made without evidentiary support can provide the basis for an award of attorney fees as a sanction. *See Moore v. R. Craig Hemphill & Associates*, No. 3:13-cv-900, 2014 WL 2527162, *3 (M.D. Fla. May 6, 2014) (Rule 11(b)(3) "requires a factual contention in a pleading to have evidentiary support"); *Maale v. Kirchgessner*, No. 08-80131-CIV, 2012 WL 2254083 (S.D. Fla. May 29, 2012)(imposing sanctions against plaintiff and his counsel where factual allegations in complaint lacked an evidentiary basis). In this case, numerous claims included by the plaintiffs in the Complaint and TRO Motion, and adopted in the Class Papers, are wholly lacking in evidentiary support and will not find evidentiary support in the future. For that reason, sanctions are warranted against the plaintiffs and their counsel for asserting these claims.

### The Factual Allegations Made by the Plaintiffs Related to Their Rule 23(b)(3)(A) Argument are Inaccurate, Justifying the Imposition of Sanctions.

In the Class Papers, the plaintiffs assert that "none of the potential class members have pursued litigation against Defendants based upon the fraud, RICO and conspiracy allegations presented by Plaintiffs." [Doc. 138-1, p. 18] In truth, though, the class *representatives* have all asserted claims or defenses of fraud, conspiracy, and other matters raised in the Complaint. For example CS BS raised the defense of "illegality" of the POA's amendments in assessments in

8

state court, Bella Collina Property Owners Association, Inc. v. CS Business Systems, Inc., Case No. 12-CA-4229. [Doc. 47-2, p. 6, 11 & 14]. It litigated the defense of fraud. [Doc. 47-2, p. 12]. CS BS asserted affirmative causes of action relating to "unlawful special assessments." [Doc. 47-2, p. 28]. As in this case, CS BS sought injunctive relief relating to the POA and related entities. [Doc. 47-2, p. 44]. And, contrary to the assertions in the Class Papers, CS BS "pursued litigation" against some of the instant defendants on cause of action for "conspiracy." [Doc. 47-2, p. 48].

Similarly, the Sheltons also litigated claims or defenses against some of the DCS defendants in the Fifth Circuit, Bella Collina Property Owners Association, Inc. v. James Shelton and Virgina Shelton, Case No. 2013-CA-002108. The matters the Sheltons asserted in the litigation included: Illegality [Doc. 47-3, p. 5]; Fraud [Doc. 47-3, p. 11 & 45]; Temporary Injunction [Doc. 47-3, p. 48]; Conspiracy [Doc. 47-3, p. 53]; Consumer Collection Practices Act [Doc. 47-3, p. 63]; and Fair Debt Collection Practices Act [Doc. 47-3, p. 64]. The Sheltons seek to assert these same claims on behalf of a class of plaintiffs. Thus, the suggestion "none" of the potential class members have litigated these issues against the defendants is either intentionally inaccurate or demonstrates a lack of pre-assertion investigation. In all events, the plaintiffs' assertions in the Complaint and the Class Papers do not and will not enjoy evidentiary support.

## **CONCLUSION**

Under Rule 11(b)(1), an award of sanction is appropriate where a court filing is presented for an improper purpose such as "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." An improper purpose may be inferred from the filing of frivolous papers. *See Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 665 (11th Cir. 2010).

No doubt exist that those plaintiffs who haven't extracted themselves from this case remain upset at their neighborhood's governance. But that doesn't excuse their persistence, and their counsel's persistence, in advancing factually and legally-specious arguments and claims.

Rule 11 allows a court to impose sanctions on a party who has presented a pleading, motion or other paper to the court without evidentiary or legal support or for "any improper purpose." In this case, the Complaint and TRO Motion were filed for harassment purposes only and both include claims not supported by the law or evidence. The filing of the Class Papers continues this unfortunate pattern. Under these circumstances, the Court should enter Rule 11 sanctions against the plaintiffs and their counsel.

WHEREFORE, the DCS Defendants respectfully request the Court to:  (i) determine that the plaintiffs and their counsel have violated Fed. R. Civ. P. 11(b), through their frivolous filing of the Class Papers; and (ii) impose appropriate sanctions on the plaintiffs and their counsel pursuant to Rule 11(c), including requiring them to pay the reasonable attorney fees and costs the DCS defendants have incurred, and continue to incur, as a result of their Rule 11(b) violations.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), the undersigned certifies that he conferred with counsel for the plaintiffs, in a good faith effort to resolve the issues presented and that the plaintiffs oppose the Motion. Pursuant to Fed. R. Civ. P. 11, the undersigned served counsel for the plaintiffs with a letter dated October 31, 2017, attaching a unfiled copy of this motion, and counsel for the plaintiffs did not agree to withdraw the Class Papers.


Dated: November 22, 2017

*/s/ Michael D. Crosbie*
**Michael D. Crosbie, Esq. (Trial Counsel)**
Florida Bar No. 72575
mcrosbie@shutts.com
**Jennifer P. Sommerville, Esq.**
Florida Bar No. 126616
jsommerville@shutts.com
**Nicole Ballante, Esq.**
Florida Bar No. 125356
nballante@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone:  407-423-3200
Facsimile:   407-425-8316

11

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 22, 2017, I electronically filed the foregoing with the Clerk of the Court which will send a notice of electronic filing to all counsel of record.


*/s/ Michael D. Crosbie*
Michael D. Crosbie, Esq.