**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CS BUSINESS SYSTEMS, INC., a foreign for-profit corporation, at al.,

NO. 5: 17-CV-86-OC-40-PRL

        Plaintiffs,

v.

DWIGHT C. SCHAR, et al.

        Defendants.
_____/

**ATTORNEY JAMES IPPOLITI'S REPLY TO RESPONSES IN OPPOSITION FILED BY DCS DEFENDANTS (Doc. 163) AND PLAINTIFFS (Doc. 164) AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to this Court's Order dated December 12, 2017 (Doc. 166), Attorney James Ippoliti and his firm Widerman Malek P.L.,file this Reply to Responses in Opposition filed by the DCS Defendants (Doc. 163) and Plaintiffs (Doc. 164) regarding James Ippoliti's Amended Motion to Withdraw (Doc. 157).

**A. APPLICABLE LAW**

1. "We hold that in a civil case any attorney of record has the right to terminate the attorney-client relationship and to withdraw as an attorney of record upon due notice to his client and approval by the court. Approval by the court should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court. The approval of the court of such withdrawal will not relieve the attorney of any civil liability for breach of duty or negligence to his client nor from

appropriate disciplinary procedures for such act, if it is wrongfully done." *Fisher v. State*, 248 So.2d 479, 486 (Fla. 1971).

2. "This power, however, derives from its responsibility to effectively conduct the business of the Court. It does not mean that the requirement of consent by the Court to such withdrawal includes the power to compel an attorney to continue in the representation of a party when he complies with rules for withdrawing or gives due notice to his client of his intention to withdraw, unless Unusual circumstances exist which would interfere with the orderly processes of the Court such as we shall discuss." *Id* at 484.

3. "It is generally held, however, that the client's failure to pay or to secure the payment of proper fees upon reasonable demand will justify the attorney in refusing to proceed with the case." *Id*. At 485.

4. "Withdrawal may generally be granted when the case has not been set for trial, when the clients do not complain of delay, and when the clients do not fulfill their payment obligations." *Brooks v. State*, 980 So.2d 1095 (Fla. 4th DCA 2008).

5. "That approval was wrongfully withheld below, as the subject withdrawal would not have substantially delayed the cause or interfered with the efficient and proper functioning of the court." *Preddy, Kutner, Hardy, Rubinoff, Brown & Thompson v. Kleinschmidt*, 498 So.2d 453, 454 (Fla. 3rd DCA 1986).

6. "Further, they were not paying the law firm as they had obligated themselves to do, and were not cooperating with the firm." *Becker & Poliakoff v. King*, 642 So.2d 821, 822 (Fla. 4th DCA 1994).

7. Local Rule 2.03(b) states "[n]o attorney, having made a general appearance under subsection (a) of this rule, shall thereafter abandon the case or proceeding in which the

appearance was made, or withdraw as counsel for any party therein, except by written leave of Court obtained after giving ten (10) days' notice to the party or client affected thereby, and to opposing counsel."

8. Local Rule 2.03(b) states " [b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion. If the interested parties agree to all or part of the relief sought in any motion, the caption of the motion shall include the word "unopposed," "agreed," or "stipulated" or otherwise succinctly inform the reader that, as to all or part of the requested relief, no opposition exists.

9. Rule 74, Fed. R. of Civ. P. states "[a]n attorney may withdraw from the case by filing with the court and serving on all parties a notice of withdrawal. The notice of withdrawal shall include the address of the attorney's client and a statement that no motion is pending and no hearing or trial has been set. If a motion is pending or a hearing or trial has been set, an attorney may not withdraw except upon motion and order of the court. The motion to

withdraw shall describe the nature of any pending motion and the date and purpose of any scheduled hearing or trial."

10. ABA Model Rule 1.6(b) states "[a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonable believes necessary: (5) to establish a claim or defense between the lawyer and a client… or to respond to allegations in any proceeding concerning the lawyer's representation of the client; and (6) to comply with other law or a court order."

11. Rule 4-1.6(c), Florida Rules of Professional Conduct, states "A lawyer may reveal such information to the extent the lawyer reasonably believes necessary: (2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and client; (4) to respond to allegations in any proceeding concerning the lawyer's representation of the client."

## B. APPLICABLE PROCEDURAL BACKGROUND

On November 27, 2017, attorney Ippoliti and his firm Widerman Malek P.L. filed its Amended Motion to Withdraw as Counsel for Plaintiffs (Doc. 157). Within its motion, attorney Ippoliti cited irreconcilable differences as the reason for his motion. On December 11, 2017, the DCS Defendants filed a Response in Opposition (Doc. 163). On December 11, 2017, Plaintiffs filed a Response in Opposition (Doc. 164). On December 12, 2017, this Court issued an Order directing attorney Ippoliti to file a Reply to the two Responses in Opposition by December 27, 2017 (Doc. 166).

## C.  MEMORANDUM OF LAW SUPPORTING ITS ARGUMENTS

Attorney Ippoliti and his firm Widerman Malek P.L. are entitled to withdraw from this case under Florida laws. As the Florida Supreme Court made clear in *Fisher,* courts should rarely withhold approval of an attorney's motion to withdraw, and then only if the withdrawal would "interfere with the efficient and proper functioning of the court." *Fisher* at 486. The Court further defined what those "unusual circumstances" would be, specifically referring to cases in which the withdrawal was after a trial date was not only set, but also close at hand. *Id* at 485. It is important to note in this case that no trial date has been set. In fact, this Court has not yet even rendered an order on the two pending motions to dismiss. Since the pleadings are still open in this case, the unusual circumstances related to timing contemplated by the *Fisher* court are not present.

On October 30, 2017, attorney Ippoliti provided written notice to the Plaintiffs of his firm's intention of withdrawing from the case based upon a conflict in the strategic direction of the case. Plaintiffs were provided a written strategic plan, and given the option to either proceed under the Widerman Malek strategic plan or remain under the legal representation of co-counsel Tim McCullough.  Attorney Ippoliti and his firm met with Plaintiffs in person, and exchanged numerous emails related to the new strategic path. Plaintiffs ultimately chose to remain on the strategic path offered by attorney McCullough, which was in direct conflict with path presented by attorney Ippoliti and his firm. On November 4, 2017, attorney Ippoliti provided further written notice by confirming that he and his firm would be filing its motion to withdraw the following week. On November 10, 2017, Plaintiffs Brad Heckenberg and Lana Heckenberg terminated the services of attorney Ippoliti and his firm through a written email. Within the termination email, attorney Ippoliti and his firm were specifically instructed to cease involvement in this case. On or about that same

date, Plaintiff CS Business Systems, Inc. informed attorney Scott Widerman of the Widerman Malek law firm through its owner Michael Choo that they too had chosen the strategic path offered by attorney McCullough.

This situation was a classic example of clients not listening to the legal advice provided by their counsel. As a direct result of Plaintiffs' failure to cooperate with its recommended legal advice, attorney Ippoliti and his firm filed its initial motion to withdraw on November 13, 2017 (Doc. 152), and the amended motion on November 27, 2017 (Doc. 157). "Withdrawal may generally be granted when the case has not been set for trial, when the clients do not complain of delay, and when the clients do not fulfill their payment obligations." Brooks v. State, 980 So.2d 1095 (Fla. 4th DCA 2008).

Attorney Ippoliti has fully satisfied the notice requirement of the *Fisher* court. In an abundance of caution, Attorney Ippoliti has not attached the written notices referenced above in an effort to maintain attorney-client confidentiality. If the documents are requested by the Court, Mr. Ippoliti will gladly provide said written documents.

Further, it is important to highlight the fact that the original attorney of record in this case, that created the initial legal strategy and filed the resulting complaint, is still an attorney of record for Plaintiffs. Attorney Tim McCullough has continuously been an attorney of record for Plaintiffs since the inception of this case. Attorney Ippoliti was co-counsel for Plaintiffs, and attorney McCullough has maintained an active role in this case to this date. Plaintiffs cannot be prejudiced if they continually have experienced legal representation. There is no case law support that states

that Plaintiffs require multiple attorneys of record, or would be prejudiced if they only have one attorney. Attorney McCullough is a highly experienced attorney who was more than capable of starting and maintaining this case long before attorney Ippoliti's involvement. Mr. McCollough also has the assistance of attorney Andrew Shalna, who has worked alongside attorney McCullough on this case since its inception.

Even if Plaintiffs did not terminate the services of attorney Ippoliti and his firm, withdrawal is still warranted for Plaintiffs failure to follow the legal advice of attorney Ippoliti and his firm. Attorney Ippoliti provided a very detailed and specific strategic legal path for Plaintiffs, but Plaintiffs independently chose to maintain their existing legal path with attorney McCullough. Lastly, Plaintiffs have breached their client representation agreement with attorney Ippoliti and his firm by failing to make the requisite fee payments as agreed to in writing by Plaintiffs. The *Becker* case made clear that if a party failed to cooperate with the firm, or failed to make agreed upon payments, then the law firm was free to withdraw from the case. *Becker & Poliakoff v. King*, 642 So.2d 821, 822 (Fla. 4th DCA 1994). Plaintiffs in this case have failed to cooperate with attorney Ippoliti and his firm, and have failed to make the requisite payments as agreed to in writing. As such, attorney Ippoliti and his firm should be allowed to withdraw.

Attorney Ippoliti provided the proper notice to Plaintiffs and counsels of record for all Defendants. This case has not been set for trial and the pleadings are still open. In fact, there are two pending motions to dismiss. Plaintiffs have failed to cooperate with the legal strategy of attorney Ippoliti, and have failed to make the requisite payments to his firm. For these reasons, attorney Ippoliti is entitled to withdraw from this case based upon the well-established Florida laws cited above.

## D. SPECIFIC ARGUMENTS REGARDING RESPONSE IN OPPOSITION BY DCS DEFENDANTS (Doc. 163)

By reference, attorney Ippoliti and his firm incorporate the arguments made in Section C into this section specifically addressing the Response in Opposition filed by the DCS Defendants. Within its response in opposition, DCS states "no doubt exists that the DCS Defendants will suffer prejudice, and the case will suffer unnecessary delay when the plaintiffs attempt to add yet another attorney to serve as lead counsel." DCS is attempting to argue a position that is purely hypothetical. Plaintiffs already have an experienced attorney of record that has been with the case since its inception. Plaintiffs are not required to add another attorney as lead counsel, so DCS's argument must fail from the onset. Plaintiffs are properly represented, and have been continuously since day one. DCS provides no case law to support its hypothetical position, and provides no facts as to any delay that will result from the withdrawal of attorney Ippoliti and his firm.

DCs further argues that it filed a Rule 11 sanctions motion on November 22, 2017 directed at Plaintiffs and its counsel (Doc. 155). Said motion was filed after attorney Ippoliti and his firm were instructed by Plaintiffs to cease involvement in this case. It would be improper for attorney Ippoliti and his firm to have filed a response considering that Plaintiffs have an attorney of record. To the extent that attorney Ippoliti or his firm need to defend itself in any future sanctions motion based upon DCS's 2nd Motion for Rule 11 Sanctions, that day is not upon us. In fact, the Motion for Class Certification referenced within said sanctions motion is still pending before this Court. By its own admission, DCS must prove that attorney Ippoliti and his firm had an improper purpose, had no reasonable legal basis, and had no reasonable factual basis. DCS is certainly entitled to bring forth

those claims against attorney Ippoliti and his firm in the future based upon this Court's ruling on the class certification motion. However, this is absolutely not a basis under Florida law to stop an attorney from withdrawing based upon the facts presented within.

### E. SPECIFIC ARGUMENTS REGARDING RESPONSE IN OPPOSITION BY PLAINTIFFS (Doc. 164)

By reference, attorney Ippoliti and his firm incorporate the arguments made in Section C into this section specifically addressing the Response in Opposition filed by the Plaintiffs. The Response in Opposition filed by attorney McCullough states that it is being filed on behalf of Brad Keckenberg and Lana Heckenberg. This is quite simply a false statement, as both of these Plaintiffs terminated the services of attorney Ippoliti and his firm in writing on November 10, 2017 with specific instructions to cease working on this case. Similarly, CS Business Systems, Inc. also notified attorney Ippoliti's firm on or about that same date that it too chose to remain on attorney McCullough's strategic path. The Plaintiffs and attorney Ippoliti have been very clear that the Plaintiffs are one group, acting in unity and agreement with one another. The causes of action alleged by Plaintiffs are not divisible into separate Plaintiffs, and must be brought forth as a group. That group terminated the services of attorney Ippoliti and his firm through the actions of Brad Heckenberg and Lana Heckenberg, as well as CS Business Systems, Inc. Even if Plaintiffs did not terminate their services, attorney Ippoliti and his firm were entitled to withdraw based upon the facts presented above.

Attorney McCullough states in ¶6 that "WM abandoned their representation of Plaintiffs." This too is a false statement. Attorney Ippoliti and his firm diligently worked on behalf of Plaintiffs, and created a strategic legal path forward that was sustainable. That legal strategy was in direct conflict

with the strategy of attorney McCullough, which created the conflict which ultimately resulted in attorney Ippoliti and his firm's motion to withdraw. Attorney McCullough further states in ¶7 that "WM wholly fail to perform their duties owed to Plaintiff." Quite to the contrary, attorney Ippoliti and his firm provided a very specific path forward which was rejected by Plaintiffs. When Plaintiffs failed to cooperate with attorney Ippoliti, and his firm, they were left with no alternative but to proceed with the procedural steps of withdrawal.

Attorney McCullough states in ¶13 that "Plaintiffs are prejudiced by the loss of class counsel without a substitute waiting and are unnecessarily delayed on a track 2 case schedule order." As presented above, attorney McCullough is an experienced and capable attorney that has represented Plaintiffs since day one. There are no laws that require attorney McCullough to have co-counsel. If he is incapable of properly representing Plaintiffs, this is not a cause for stopping attorney Ippoliti and his firm from properly withdrawing from this case. Attorney McCullough offers no details as to why the case would be delayed, or even reference the fact that the pleadings are still open. Attorney McCullough also fails to mention that there are two motions to dismiss pending which this Court has yet to rule upon. "Withdrawal may generally be granted when the case has not been set for trial, when the clients do not complain of delay, and when the clients do not fulfill their payment obligations." *Brooks v. State*, 980 So.2d 1095 (Fla. 4th DCA 2008). Attorney Ippoliti and his firm have satisfied the requirements of withdrawal under Florida law, and are entitled to the relief that they seek within their Amended Motion to Withdraw.

## PRAYER

**WHEREFORE**, attorney James Ippoliti and his firm Widerman Malek P.L. pray this Court enter an order granting his Amended Motion to Withdraw as Counsel for Plaintiffs for the foregoing reasons outlined in this Reply to the Responses in Opposition.

## AFFIDAVIT

I, James Ippoliti, Esq., do hereby certify that the statements and allegations set forth in the foregoing Reply and the accompanying Memorandum are true and accurate to the best of my knowledge and belief.

Respectfully Submitted on this 15th day of December 2017.

> _/s/ Jim Ippoliti_
> JAMES IPPOLITI, Esq.
> Co-Counsel for Plaintiffs
> Florida Bar Number: 102674
> WIDERMAN MALEK P.L.
> 506 Celebration Avenue
> Celebration, FL 34747
> Telephone: (407) 566-0001
> jim@uslegalteam.com

## CERTIFICATE OF SERVICE

I certify that on December 15th, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, of which will send a notice of electronic filing to all counsel of record.

> _/s/ Jim Ippoliti, Esq._
> **Co-Counsel for Plaintiffs**