IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA.

BELLA COLLINA PROPERTY OWNERS
ASSOCIATION, INC., a Florida not for profit
corporation,

    Plaintiff,
vs.

CS BUSINESS SYSTEMS, INC., a foreign corporation,

    Defendant.
_____/

and

BELLA COLLINA PROPERTY OWNERS
ASSOCIATION, INC., a Florida not for profit
Corporation,

    Plaintiff,
vs.

JAMES L. SHELTON and VIRGINIA S. SHELTON,

    Defendants.
_____/

CASE NO.: 2012 CA 004229

CASE NO.: 2013 CA 002108
Consolidated with Case No. 2012 CA 004229

## PARTIAL SUMMARY JUDGMENT

THIS CAUSE having come before the Court for the hearing on Plaintiff's, BELLA COLLINA PROPERTY OWNERS ASSOCIATION, INC., *Motion for Partial Summary Judgment*, on December 21, 2015[1] and the Court having heard argument of counsel for the parties, having reviewed the court file, the record evidence submitted, and being otherwise fully advised of the premises, hereby finds:

    1.    Bella Collina Property Owners Association, Inc. (also *POA* or *Association*), moves for Summary Judgment on its claim for breach of contract, (Amended Complaint), and on Defendants' Amended Affirmative Defenses. Defendants' counterclaims are not part of this proceeding.

---

[1] The court has reserved ruling on this matter pending the resolution of non-final appeals taken by the Defendants. Those appeals have now been concluded.

Exhibit B

*Bella Collina Property Owners Ass'n., Inc. v. CS Business Systems, Inc., Shelton*
Consolidated Case No. 2012-CA-004229
[CS Business Systems, Inc.(2012 CA 004229) Shelton (2013 CA 001810)]

Order on Plaintiff's Motion for Partial Summary Judgment

2. The basis for the Association's breach of contract claim is the Defendant, CS Business Systems, Inc. failed to acquire a membership in connection with one (1) of its five (5) lots in Bella Collina and its failure to pay their Bella Collina Club dues in connection with any of its five Bella Collina lots. The Defendants, assert their obligations to pay Club membership charges are obviated by seven (7) affirmative defenses: Satisfaction, Illegality, Standing, Fraud, Ultra Vires & Alter Ego, Estoppel, and Waiver.

3. Plaintiff stipulates that Defendant, CS Business Systems, has not been sued for delinquent POA dues and that it sues only for Delinquent Club Charges.

4. The Court takes judicial notice of the Declarations of Covenants, Conditions and Restrictions for Bella Collina, (collectively *CC&Rs*), and of the deeds transferring title for lots 128, 132, 133, 186 and 377 of Bella Collina to Defendant, CS Business Systems, Inc. as set forth in the Plaintiff's Requests for Judicial Notice filed on August 26, 2015.

5. The Court finds that the Amended and Restated CC&Rs filed in the public records of and for Lake County Florida on May 17. 2004 ("ACC&Rs") clearly and unambiguously set out the nature and scope of Defendants' duty to pay Assessments for Delinquent Club Charges.

6. Article II, Section 4, subparts A, B, and D of the ACC&Rs state that a Club was anticipated at Bella Collina, that a lot owner's membership would be mandatory, and that the Association has the right and obligation to collect delinquent club Charges.

7. The CC&Rs further state that by accepting a deed to a lot in Bella Collina, one becomes an Owner of that lot and bound by the provisions of the covenants.

8. Defendant admits to ownership of each of the lots. The Court finds that the deeds for each of Defendant's Bella Collina Lots were recorded in the Official Records on the following dates: lot 186 on June 18, 2004; lot 377 on August 4, 2004; lots 132 and 133 on March 21, 2005; and, lot 128 on November 23, 2009. All versions of the governing documents at issue were recorded before the date any of Defendant's deeds were recorded -- the Amended and

*Bella Collina Property Owners Ass'n., Inc. v. CS Business Systems, Inc., Shelton*
Consolidated Case No. 2012 CA 004229
[CS Business Systems, Inc.( 2012 CA 004229) Shelton (2013 CA 001810)]

Order on Plaintiff's Motion for Partial Summary Judgment

Restated Declaration was recorded May 17, 2004, before the Defendant took title to its first two lots and long before it took title to the remaining three (3) lots. Accordingly, Defendant had actual and/or constructive notice of the contractual provision as a matter of law because the CC&Rs were entered in the public record before Defendant took title to any of its lots.

9. Defendants, CS Business Systems, Inc. has been a member of the Association continuously since June 18, 2004 thereby establishing membership in the Association. The Court finds that the Club within Bella Collina has been constructed and that the condition precedent to the Association's right and obligation to collect Delinquent Club Charges has been satisfied.

10. Defendant's, CS Business Systems, Inc., acceptance of deeds for lots 128, 132, 133, 186 and 377 ratified its obligation to pay as of the date they acquired their respective lots, making it solely responsible for all assessments due thereon so long as it owns those lots.

### Defendants' Affirmative Defenses

11. Defendant's First Affirmative Defense is payment. Plaintiffs' affidavits establish nonpayment of the assessments at issue. Defendant has not submitted any evidence establishing payment of the sums claimed to be due.

12. Defendant's Second Affirmative Defense is illegality. There are no allegations demonstrating that any part of the contract documents, the CC&R's, violate a constitutional or statutory provision. The Defendants claim that the assessments at issue were not levied in the manner required by statute or for legitimate or association purposes. However, the Plaintiff's affidavits and the CC&R's establish the contrary. In the absence of evidence produced by the Defendants demonstrating that the Bella Collina Property Owners Association is violating the constitution and/or a law by collecting assessments, Plaintiff is entitled to summary judgment against the Defendant for the amounts not paid.

13. Defendant's Third Affirmative Defense is standing. Defendant's argument is that the POA lacks standing to enforce the CC&R's because the Association has not been turned over to the Owners and instead the current board of the POA was appointed by the Successor to the

*Bella Collina Property Owners Ass'n., Inc. v. CS Business Systems, Inc., Shelton*
Consolidated Case No. 2012 CA 004229
[CS Business Systems, Inc.( 2012 CA 004229) Shelton (2013 CA 001810)]

Order on Plaintiff's Motion for Partial Summary Judgment

Developer. Neither §720.303, Fla. Stat. nor the CC&R's provide for a suspension of the Association's legal authority to collect assessments pending a resolution of their dispute over who the board members of an association should be. The Association is the party prescribed by Statute and the CC&R's with the legal right and obligation to enforce the governing documents. The CC&R's and §720.303, Fla. Stat. clearly establish the standing of the Association to enforce the governing documents and to collect assessments.

14. Defendant's Fourth Affirmative Defense is fraud. Fraud must be pled with specificity. Mr. Choo, the representative for CS Business Systems, Inc. was questioned about the fraud claim, but his responses and his pleadings failed to provide the specificity needed to support a claim of fraud. Additionally, no other reasonable basis excusing the obligation to pay Assessments was posited. The defense therefore fails as a matter of law because it is legally insufficient.

15. Defendant's Fifth Affirmative Defense is titled *Ultra Vires and Alter Ego*. As for ultra vires; collection of assessments and settlement of lawsuits for assessments are acts clearly within the scope of the powers of an Association as set forth in §720.303; Fla. Stat. Defendants allege irregularities in the method by which Board members were appointed and, as a consequence, they claim the Association is not entitled to carry out the statutory and contractual obligations imposed upon it. The Court finds as a matter of law that, under §720, Fla. Stat, board members of an Association must fulfill their statutory, contractual and fiduciary obligations regardless of any procedural irregularity that may have existed in the manner in which they came to hold a board position. Because all acts complained of are within the scope of Plaintiff's corporate authority, the governing documents and its statutory authority to collect assessments, the defense of Ultra Vires to an action by an Association to collect assessments must fail as a matter of law.

16. Defendant's Sixth Affirmative Defense is estoppel. Defendants assert no facts showing reliance to their detriment on any representation by the Association. Defendants do not

*Bella Collina Property Owners Ass'n., Inc. v. CS Business Systems, Inc., Shelton*
Consolidated Case No. 2012 CA 004229
[CS Business Systems, Inc.( 2012 CA 004229) Shelton (2013 CA 001810)]

Order on Plaintiff's Motion for Partial Summary Judgment

allege any reasonable reliance or detriment as a result of reliance on any statement or omission by the Association. The record is clear that the Defendant is deemed by law to be on notice of the provisions set forth in the covenants from before the date they accepted the deeds to its respective lots. The defense is therefore legally insufficient and fails as a matter of law.

17. Defendant's Seventh Affirmative Defense is titled waiver. The waiver defense fails to include any allegations of fact that could be construed to demonstrate the Association's intentional relinquishment of its right and obligation to collect assessments and is therefore insufficient as a matter of law. The CC&R's specifically exclude waiver as a defense to nonpayment.

18. The evidence presented established that as of the date of the hearing showed the total amount of Delinquent Club Charges and pre-judgment interest owed by CS Business Systems, Inc., was $260,714.43 and the rate at which additional charges and interest were continuing to accrue.

19. Plaintiff has provided the court with a supplemental affidavit (See Exhibit A, Attached) showing the total amount owed as of November 1, 2017 and the additional charges and interest accruing since that date. As of the date of this order the total amount due and owing including prejudgment interest is $390,341.04.

It is hereby
ORDERED AND ADJUDGED that:
A. Plaintiffs Motion for Summary judgment is GRANTED.
B. The Requests for Judicial Notice filed in Case No. 2012 CA 004229, DE 74 and Case No. 2013 CA 002108, DE 97, respectively, both filed on August 26, 2015 are GRANTED.

*Bella Collina Property Owners Ass'n., Inc. v. CS Business Systems, Inc., Shelton*
Consolidated Case No. 2012 CA 004229
[CS Business Systems, Inc.( 2012 CA 004229) Shelton (2013 CA 001810)]

Order on Plaintiff's Motion for Partial Summary Judgment

C. Plaintiff shall recover the Defendant, CS Business Systems, Inc., the total sum of $390,341.04, which includes prejudgment interest and which will bear statutory interest from the date of this order until paid for which let execution issue.

D. Plaintiff as the prevailing party is entitled to an award of fees and costs and this Court reserves jurisdiction to determine and award a judgment for the reasonable amount thereof.

DONE AND ORDERED in Chambers at Tavares, Lake County, Florida, this 20 day of December, 2017.

_____
G. Richard Singeltary
Circuit Court Judge

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document has been provided to the addresses listed below via e-mail only, on this 20 day of December, 2017.

James D. Ryan, Esq.
Ryan Law Group, PLLC
636 U.S. Highway One, Suite 110
North Palm Beach, FL  33408
jdr@ryanlawgroup.net
sue@ryanlawgroup.net

E. Timothy McCullough, Esq.
McCullough and Mitchell, PA,
7463 Conroy Windermere Rd., Suite A,
Orlando, FL, 32835
timlaw81@aol.com
ryan@mmlawpa.com

SERVICE VIA E-PORTAL

_____
Judicial Assistant

Page 6 of 6

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

BELLA COLLINA PROPERTY OWNERS          CASE NO.: 2012 CA 004229
ASSOCIATION, INC., a Florida not for profit
Corporation,
      Plaintiff,
vs.

CS BUSINESS SYSTEMS, INC., a foreign corporation,
      Defendant / Counter Plaintiff.
_____/

and

BELLA COLLINA PROPERTY OWNERS          CASE NO.: 2013 CA 002108
ASSOCIATION, INC., a Florida not for profit        Consolidated with case no. 2012CA
004229
Corporation,
      Plaintiff,
vs.

JAMES L. SHELTON and VIRGINIA S. SHELTON,
      Defendants / Counter Plaintiffs.
_____/

## SUPPLEMENTAL AFFIDAVIT OF KRISTY KONAT IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA     )
                              )
COUNTY OF LAKE      )

1. My name is Kristy Konat and I am over the age of 18 and all facts I attest to below are of my own personal knowledge.
2. I am the controller for The Club at Bella Collina and have been since April 30, 2007.
3. It is within the scope of my duties to keep all of The Club's records showing the amounts charged by The Club to each Owner's account(s), the amounts collected for said accounts and the outstanding balance due for each said account.
4. I have reviewed the Club's accounts for the Bella Collina lots owned by Defendant.
5. The total amount of Delinquent Club Charges with simple interest at 18 percent per annum, through October 31, 2017 is $381,174.31.



| | |
|---|---|
| Total Principal through October 31, 2017 | $206,387.92 |
| Total Interest through October 31, 2017 | $174,786.39 |
| Total Club Charges due as of October 31, 2017 | $381,174.31 |
| | |
| From November 1, 2017, until entry of a Judgment interest continues to accrue at | $ 98.58 per day. |
| | |
| Additional principal charges will be incurred on December 1, 2017 in the amount of | $ 2,515.00 |

**FURTHER, AFFIANT SAYETH NAUGHT.**

_____
Kristy Konat

STATE OF FLORIDA §
LAKE COUNTY §

On this day, Kristy Konat, who is personally known to me, appeared before me, the undersigned notary public. After I administered an oath to her, upon hers oath, she said that she read the foregoing *Affidavit* and that the facts stated in it are within her personal knowledge and are true and correct.

SWORN TO and SUBSCRIBED before me on November 21 2017.

_____
Notary Public in and for
the State of Florida

Notary Public State of Florida
Melissa L King
My Commission FF 148100
Expires 08/26/2018

2