UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CS BUSINESS SYSTEMS, INC.;
JAMES L. SHELTON and VIRGINIA L.
SHELTON; BRAD HECKENBERG and
LANA C. HECKENBERG; PJS RENTAL, LLC;
WON Y. SHIN TRUST; WON Y. SHIN TRUSTEE;
BART SUTHERIN and KATHRYN SUTHERIN;
ITZ GROUP, LLC,

   Plaintiffs,      CASE NO.: 5:17-cv-86-OC-40-PRL

v.

DWIGHT C. SCHAR; PAUL E. SIMONSON;
DCS INVESTMENT HOLDINGS GP, LLC;
DCS REAL ESTATE INVESTMENTS, LLC;
DCS REAL ESTATE INVESTMENTS I, LLC;
DCS REAL ESTATE INVESTMENTS II, LLC;
DCS REAL ESTATE INVESTMENTS III, LLC;
DCS REAL ESTATE INVESTMENTS IV, LLC;
DCS REAL ESTATE INVESTMENTS IV-A, LLC;
DCS REAL ESTATE INVESTMENTS V, LLC;
BELLA COLLINA PROPERTY OWNERS ASSOC.,
INC.; DAVID BURMAN; AEGIS COMMUNITY
MANAGEMENT SOLUTIONS, INC.; RANDALL
F. GREENE; KEITH CLARKE; PAUL LEBREUX;
RICHARD C. ARRIGHI; JAMES D. RYAN;
MICHAEL J. RYAN; THE RYAN LAW GROUP,
LLC; CULLEN D'AMBROSIO; ROCKING RED
H, LLC; RICKY L. SCHARICH; BELLA COLLINA
TOWERS, LLC,

   Defendants.
_____/

## DCS REAL ESTATE INVESTMENTS, LLC'S, MOTION TO COMPEL AND INCORPORATED MEMORANDUM OF LAW

  The defendant, DCS Real Estate Investments, LLC ("DCS"), through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 37, moves for an order compelling the

plaintiffs, James L. Shelton and Brad Heckenberg (collectively, the "plaintiffs"), to produce ESI in native format.

## INTRODUCTION

This is the fourth motion to compel filed in this case as a result of certain plaintiffs' failure to participate in meaningful discovery. (Docs. 70, 77, 83). DCS served its First Request for Production to the plaintiffs via e-mail on March 27, 2017 and via hand-delivery on April 3, 2017. On May 11, 2017, after several attempts to confer with opposing counsel regarding the plaintiffs' missed deadline to respond, DCS filed its motion to compel the plaintiffs' Responses to its First Request for Production (Doc. 70).

On the same day that DCS filed its motion, the plaintiffs filed an untimely motion requesting an additional thirty days to respond to DCS's production request. (Doc. 71). DCS subsequently filed a response to the plaintiffs' motion for an extension. The Court, however, granted the plaintiffs' request for an extension, and ordered the plaintiffs to respond to DCS's discovery requests on or before June 5, 2017. (Doc. 79). When that deadline passed and the plaintiffs still hadn't responded to the discovery requests, the Court granted a second extension of time for them to respond to discovery.

On June 30, 2017, eighty-eight days after the Requests for Production were hand delivered to plaintiffs' counsel, the plaintiffs served their responses and produced certain documents. On October 24, 2017, due to their discovery violations, the Court ordered the plaintiffs to pay attorney fees to DCS in connection with DCS's motion for sanctions. (Doc. 146).

The plaintiffs' production, in addition to being untimely, is insufficient. The plaintiffs produced their responsive e-mails in PDF format. DCS is unable to open the e-mail attachments,

search the e-mails, or review the production in a reasonable and efficient manner. The e-mails appear to have been printed and scanned by the plaintiffs or their counsel. As a result, there are hundreds of distinct e-mail chains combined into several large PDF documents. The PDFs are not searchable. Often times it is impossible to discern where one e-mail chain ends and another begins. This makes it difficult, if not impossible, for DCS to conduct a simple review of the production. The Court should compel the plaintiffs to produce their ESI in native format.

## **MEMORANDUM OF LAW**

The proper production of ESI is crucial to meaningful discovery. *See, e.g., Goodbys Creek, LLC v. Arch Ins. Co.*, 3:07-cv-947-J-34HTS, 2008 WL 4279693, at *3 (M.D. Fla. Sept. 15, 2008) (noting that the conversion of e-mails from native to PDF is not acceptable and stating that "information should not be produced in a form that removes or significantly degrades" the requesting party's ability to search the documents); *Factory Direct Tires, Inc. v. Cooper Tire & Rubber Co.*, 3:11-cv-255-RV-EMT, 2013 WL 12096531, at *6 (N.D. Fla. Apr. 16, 2013) (quoting *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1264 (D. Kan. 2008) ("Defendants' conversion of the emails and attachments to PDF documents and production of the PDF documents in paper format does not comply with the option to produce them in a reasonable usable form.")); *Mitchell v. Reliable Sec., LLC*, 1:15-cv-03814-AJB, 2016 WL 3093040 (N.D. Ga. May 24, 2016) (ordering a party to produce requested ESI in native format).

The parties agreed to produce ESI in native format at the Case Management Conference and in their Joint Case Management Report. (Doc. 81). In addition to the parties' agreement, DCS specifically requested that any documents produced in response to its requests for production be produced in native format. Federal Rule of Civil Procedure 34(b)(1)(c), which

governs the production of electronically stored information, provides that a party may specify the form in which electronically stored information is to be produced. A copy of DCS's requests for production[1] to Mr. Shelton and Mr. Heckenberg are attached as **Composite Exhibit "A."**

Since October, and in an attempt to persuade the plaintiffs to provide their e-mails in native format without the Court's intervention, counsel for DCS conferred with the plaintiffs' counsel on several occasions.[2] The parties appeared to resolve the issue when the plaintiffs' counsel agreed to produce all e-mails in native format by November 22. When the plaintiffs failed to meet that deadline, the undersigned agreed to extend the deadline to December 8. The plaintiffs, for the second time, failed to meet the agreed upon deadline. The undersigned then agreed to give the plaintiffs until December 20 to provide their native e-mails. On December 20, counsel for the plaintiffs provided 104 e-mails in native format. This is a small percentage of the plaintiffs' responsive e-mails. Counsel for DCS notified the plaintiffs' counsel of the inadequacy of the production and again agreed to another extension of time for the plaintiffs to produce all of their e-mails in native format. On December 22, counsel for the plaintiffs sent an e-mail to the undersigned stating that "[t]he Shelton e-mails were uploaded this evening." The plaintiffs, again, did not produce all of their native e-mails by the deadline. Instead, the plaintiffs produced approximately 500 of Mr. Shelton's e-mails, including many of the 104 e-mails produced on December 20. The plaintiffs have not produced any of Mr. Heckenberg's e-mails in native format.

The plaintiffs have consistently argued that they have "worked tirelessly to be in compliance" with discovery deadlines and rules but that the sheer amount of requests and

---

[1] DCS's requests specifically state that "production of electronically stored information should be pursuant to the parties' agreement in the Case Management Report and consistent with Rule 34, Federal Rules of Civil Procedure." Exhibit "A."

[2] Copies of various e-mail communications are attached as **Composite Exhibit "B."**

documents were "voluminous and time consuming" (Doc. 94). The plaintiffs as a whole, however, have produced less than 2,000 documents in this case. This is a surprisingly small number of documents for a case that began with eleven plaintiffs and twenty-four defendants.

The requests for production were served nine months ago. The plaintiffs have had ample time to collect all of their native e-mails. The plaintiffs' counsel has repeatedly stated that Mr. Shelton's and Mr. Heckenberg's e-mails were being collected in native format for imminent production. Instead of completing that production, however, the plaintiffs missed several agreed upon deadlines and made an insufficient partial production. The plaintiffs seem unwilling and unable to comply with discovery rules and deadlines absent an order from the Court. The Court should grant this motion to compel.

Additionally, the Court should award DCS its attorney fees pursuant to Rule 37, Federal Rules of Civil Procedure. Sanctions are imposed to prevent unfair prejudice and insure the integrity of the discovery process. *See U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 674 (M.D. Fla. 2008). Case law and the rules are clear. If the Court grants a motion to compel, the Court must direct the plaintiffs to compensate the defendant for "reasonable expenses incurred in making the motion, including attorney's fees," except in certain limited circumstances, none of which apply here. *See e.g., Poleon v. Lines*, 614-cv-2034-ORL-40TBS, 2016 WL 1030803, at *2 (M.D. Fla. Mar. 15, 2016); *Kingsbury v. Notter Sch. of Culinary Arts, LLC*, 614-cv-234-ORL-18TBS, 2014 WL 12625099, at *1 (M.D. Fla. July 7, 2014); Fed. R. Civ. P. 37(a)(5)(A). Accordingly, DCS is entitled to an award of its expenses, including attorney fees.

WHEREFORE, the defendant, DCS Real Estate Investments, LLC, respectfully requests the Court to: (i) require the plaintiffs to provide DCS with all of their responsive e-mails in

native format; (ii) award DCS's reasonable attorney fees and costs related to this lingering discovery problem; and (iii) for additional sanctions that the circumstances warrant.

### Rule 3.01(g) Certification

Counsel for DCS conferred with counsel for the plaintiffs on December 28, 2017. The plaintiffs oppose the relief sought.

Dated: December 28, 2017

/s/ Michael D. Crosbie
**Michael D. Crosbie, Esq. (Trial Counsel)**
Florida Bar No. 72575
mcrosbie@shutts.com
**Jennifer P. Sommerville, Esq.**
Florida Bar No. 126616
jsommerville@shutts.com
**Nicole Ballante, Esq.**
Florida Bar No. 125356
nballante@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: 407-423-3200
Facsimile: 407-425-8316

### CERTIFICATE OF SERVICE

I certify that on December 28, 2017, I electronically filed the foregoing with the Clerk of the Court which will send a notice of electronic filing to all counsel of record.

/s/ Michael D. Crosbie
Michael D. Crosbie, Esq.

ORLDOCS 15858975 1 45937.0001