UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CS BUSINESS SYSTEMS, INC.,
JAMES L. SHELTON and VIRGINIA L.
SHELTON, BRAD HECKENBERG and
LANA C. HECKENBERG, PJS RENTAL, LLC,
WON Y. SHIN TRUST, WON Y. SHIN TRUSTEE,
BART SUTHERIN and KATHRYN SUTHERIN,
ITZ GROUP, LLC,

                    Plaintiffs,                              CASE NO.: 5:17-cv-86-OC-40-PRL

v.

DWIGHT C. SCHAR, PAUL E. SIMONSON,
DCS INVESTMENTS HOLDINGS GP, LLC,
DCS REAL ESTATE INVESTMENTS, LLC,
DCS REAL ESTATE INVESTMENTS I, LLC,
DCS REAL ESTATE INVESTMENTS II, LLC,
DCS REAL ESTATE INVESTMENTS III, LLC,
DCS REAL ESTATE INVESTMENTS IV, LLC,
DCS REAL ESTATE INVESTMENTS IV-A, LLC,
DCS REAL ESTATE INVESTMENTS V, LLC,
BELLA COLLINA PROPERTY OWNERS ASSOC.,
INC., DAVID BURMAN, AEGIS COMMUNITY
MANAGEMENT SOLUTIONS, INC., RANDALL
F. GREENE, KEITH CLARKE, PAUL LEBREUX,
RICHARD C. ARRIGHI, JAMES D. RYAN,
MICHAEL J. RYAN, THE RYAN LAW GROUP,
LLC, CULLEN D'AMBROSIO, ROCKING RED
H, LLC, RICKY L. SCHARICH, BELLA COLLINA
TOWERS, LLC,

                    Defendants.
_____/

**DCS REAL ESTATE INVESTMENTS, LLC'S FIRST REQUEST
FOR PRODUCTION TO PLAINTIFF, JAMES L. SHELTON**

The defendant, DCS Real Estate Investments, LLC, through the undersigned counsel and

pursuant to Rule 34, Federal Rules of Civil Procedure, serves its First Request for Production to

Composite Exhibit "A"

the plaintiff, James L. Shelton, and requests that Mr. Shelton produce for inspection, copying and all other purposes within the scope of the Federal Rules of Civil Procedure, at the offices of the undersigned law firm, the following:

## DEFINITIONS AND INSTRUCTIONS

"Document" means:

      a.     All written, printed, typed, recorded or graphic matter of every type and description, however and by whoever prepared, produced, reproduced, disseminated or made, in your actual or constructive possession, custody or control, including but not limited to, all writings, letters, minutes, bulletins, correspondence, memoranda, notes, instructions, literature, notebooks, records, agreements, contracts, notations of telephone or personal conversations or conferences, address books, interoffice communications, receipts, circulars, pamphlets, advertisements, electronic mail, instant messages, catalogs, social media posts, summaries, reports, books, invoices, checks, bills, graphs, photographs, drafts, data compilations, computer data sheets, computer data compilations, calendars, statistics, recordings, or data compilations from which information can be obtained or translated into reasonably usable form;

      b.     The original and all other copies not absolutely identical;

      c.     All drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not;

      d.     All writings; and

      e.     Production of electronically stored information should be pursuant to the parties' agreement in the Case Management Report and consistent with Rule 34, Federal Rules of Civil Procedure.

"Communication" means any contact, oral or written, formal or informal, at any time or place, under any circumstance, in any manner, whereby a statement of any nature is transmitted or transferred, including any meeting or other conversation, and shall include, without limitation, any document relating to any such contact.

"DCS Defendants" means Dwight C. Schar, Paul E. Simonson, DCS Investments Holdings GP, LLC, DCS Real Estate Investments, LLC, DCS Real Estate Investments II, LLC, DCS Real Estate Investments IV, LLC, DCS Real Estate Investments I, LLC, DCS Real Estate Investments III, LLC, DCS Real Estate Investments IV-A, LLC, DCS Real Estate Investments V, LLC, Rocking Red H, LLC, The Club at Bella Collina, LLC, Richard C. Arrighi, Ricky L. Scharich, and Bella Collina Towers, LLC.

"Relating to" means referring to, reflecting, responding to, commenting upon, recording, discussing, showing, describing, analyzing, constituting or in any way concerning.

"You" and "your" mean the party to whom this discovery request is directed, its current or former agents or assigns, its officers and directors, and anyone else who possess responsive information and who is employed by or affiliated with the party.

The DCS defendants do not seek production of documents protected by the attorney-client privilege. For any document for which you claim any privilege, identify such document(s) in a privilege log to be produced with your response. The privilege log should identify the document with sufficient particularity (e.g, date, title, author, recipient, subject).

## DOCUMENTS REQUESTED

1.  All communications between you and any other plaintiff in this Case relating to or discussing the allegations or issues raised in this Case.

2.     All communications between you and any current owner of a lot in Bella Collina relating to or discussing the allegations raised in this Case.

3.     All communications between you and any former owner of a lot in Bella Collina relating to or discussing the allegations raised in this Case.

4.     All documents that support your allegations against Mr. Schar relating to his alleged wrongdoing.

5.     All documents that support your allegations against Mr. Simonson relating to his alleged wrongdoing.

6.     All documents that support your allegations against DCS Investments Holdings GP, LLC, relating to its alleged wrongdoing.

7.     All documents that support your allegations against DCS Real Estate Investments, LLC, relating to its alleged wrongdoing.

8.     All documents that support your allegations against DCS Real Estate Investments I, LLC, relating to its alleged wrongdoing.

9.     All documents that support your allegations against DCS Real Estate Investments II, LLC, relating to its alleged wrongdoing.

10.    All documents that support your allegations against DCS Real Estate Investments III, LLC, relating to its alleged wrongdoing.

11.    All documents that support your allegations against DCS Real Estate Investments IV, LLC, relating to its alleged wrongdoing.

12.    All documents that support your allegations against DCS Real Estate Investments IV-A, LLC, relating to its alleged wrongdoing.

13.    All documents that support your allegations against DCS Real Estate Investments V, LLC, relating to its alleged wrongdoing.

14.    All documents that support your allegations against Bella Collina Property Owners Assoc., Inc., relating to its alleged wrongdoing.

15.    All documents that support your allegations against David Burman, relating to his alleged wrongdoing.

16.    All documents that support your allegations against Aegis Community Management Solutions, Inc., relating to its alleged wrongdoing.

17.    All documents that support your allegations against Randall F. Greene, relating to his alleged wrongdoing.

18.     All documents that support your allegations against Keith Clarke, relating to his alleged wrongdoing.

19.     All documents that support your allegations against Paul Lebreux, relating to his alleged wrongdoing.

20.     All documents that support your allegations against Richard C. Arrighi, relating to his alleged wrongdoing.

21.     All documents that support your allegations against James D. Ryan, relating to his alleged wrongdoing.

22.     All documents that support your allegations against Michael J. Ryan, relating to his alleged wrongdoing.

23.     All documents that support your allegations against The Ryan Law Group, LLC, relating to its alleged wrongdoing.

24.     All documents that support your allegations against Cullen D'Ambrosio, relating to his alleged wrongdoing.

25.     All documents that support your allegations against Rocking Red H, LLC, relating to its alleged wrongdoing.

26.     All documents that support your allegations against Ricky L. Scharich, relating to his alleged wrongdoing.

27.     All documents that support your allegations against Bella Collina Towers, LLC, relating to its alleged wrongdoing.

28.     All documents that evince the existence of a "Conspiracy" as that term is used in the Complaint.

29.     All communications with Vince Soulsby relating to Bella Collina, this case, or the DCS Defendants.

30.     All documents described as "false documents," "fraudulent documents," or "false records" in the Complaint.

31.     All documents evincing or supporting damages you purportedly suffered as a result of the DCS Defendants' conduct.

32.     All documents supporting your allegations that the DCS Defendants, or any of them, "inflated assessments" in connection with CDD fees, annual assessments, illegal special assessments, interest, attorney fees, late fees, and country club initiation fees and dues.

33.     All documents supporting your assertions that the Bella Collina POA suffered "at least $9,000,000 in damages."

34.     All documents supporting your allegations that "the Conspirators control the CDDs of the community."

35.     All documents relating to any state court litigation or appellate proceeding relating to Bella Collina in which you have been or are a party.

36.     All documents evincing or supporting your allegations that Mr. Arrighi "fraudulently damaged the home in an attempt to make a fraudulent insurance claim and to get it condemned ...."

37.     All documents evincing or supporting your allegations that Mr. Faldo and "the Conspirators engaged in a sham real estate transaction."

38.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "financial institution fraud."

39.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "interference with commerce, robbery or extortion."

40.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "racketeering."

41.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "monetary transaction involving criminally obtained property."

42.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "fraud using the Postal Service."

43.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "fraud using wire, radio or television communication."

44.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "scheme or artifice to defraud or deprive another from the intangible right to honest services."

45.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "interstate transportation of money taken by fraud."

46.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "obtaining property by false pretenses."

47.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "theft."

48.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "home or private business invasion by false personation."

49.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "criminal conspiracy."

50.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "making false statements to obtain property or credit."

51.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "making solicitation of payments prohibited."

52.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "false entries in books of business entity."

53.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "Section 817.155."

54.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "Section 817.2341."

55.   All documents evincing or supporting your allegations that the DCS Defendants engaged in "Cheating."

56.   All documents evincing or supporting your allegations that the DCS Defendants engaged in "unlawful filing of records against real or personal property."

57.   All documents evincing or supporting your allegations that the DCS Defendants engaged in "false lien."

58.   All documents evincing or supporting your allegations that the DCS Defendants engaged in "criminal use of a public record."

59.   All documents evincing or supporting your allegations that the DCS Defendants engaged in "threats; extortion."

60.   All documents evincing or supporting your allegations that the DCS Defendants engaged in "false official statements."

61.   All documents evincing or supporting your allegations that the DCS Defendants engaged in "perjury in official proceedings."

Dated: April 3, 2017

/s/ Michael D. Crosbie
**MICHAEL D. CROSBIE, ESQ.**
Florida Bar No. 72575

11

mcrosbie@shutts.com
**JENNIFER P. SOMMERVILLE, ESQ.**
Florida Bar No. 126616
jsommerville@shutts.com
**NICOLE BALLANTE, ESQ.**
Florida Bar No. 125356
nballante@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone:  407-423-3200
Facsimile:  407-425-8316
*Attorneys for DCS Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 3, 2017, I hand-delivered a copy of the foregoing to:

**E. TIMOTHY MCCULLOUGH, ESQ.**
timlaw81@aol.com; mmlawecf@gmail.com
7463 Conroy Windermere Road, Suite A
Orlando, Florida 32835
*Attorneys for Plaintiffs*

and forwarded copies to the following by electronic mail:

**CHRISTINA BREDAHL GIERKE, ESQ.**
christina.gierke@csklegal.com
**JEFFREY M. PARTLOW, ESQ.**
jeffrey.partlow@csklegal.com
Cole, Scott & Kissane, P.A.
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
*Attorneys for Defendants, Bella Collina*
*Property Owners Association, Inc., David*
*Burman, Aegis Community Management*
*Solutions, Inc., Randall F. Greene, Keith Clark*
*and Paul Lebreux*

**JAMES D. RYAN, ESQ.**
jdr@ryanlawgroup.net
Ryan Law Group, PLLC
636 U.S. Highway One, Suite 110
North Palm Beach, Florida 33408
*Attorneys for Defendants, Ryan Law Group*
*PLLC, Cullen D'Ambrosio and James D. Ryan*

**MICHAEL J. RYAN, ESQ.**
Mikeryan32645@yahoo.com;
mrj@ryanlawgroup.net;
sue@ryanlawgroup.net
Ryan Law Group, PLLC
636 U.S. Highway One, Suite 110
North Palm Beach, Florida 34408
*pro se*

*/s/ Michael D. Crosbie*
MICHAEL D. CROSBIE, ESQ.

13

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

CS BUSINESS SYSTEMS, INC.,
JAMES L. SHELTON and VIRGINIA L.
SHELTON, BRAD HECKENBERG and
LANA C. HECKENBERG, PJS RENTAL, LLC,
WON Y. SHIN TRUST, WON Y. SHIN TRUSTEE,
BART SUTHERIN and KATHRYN SUTHERIN,
ITZ GROUP, LLC,

         Plaintiffs,                    CASE NO.: 5:17-cv-86-OC-40-PRL

v.

DWIGHT C. SCHAR, PAUL E. SIMONSON,
DCS INVESTMENTS HOLDINGS GP, LLC,
DCS REAL ESTATE INVESTMENTS, LLC,
DCS REAL ESTATE INVESTMENTS I, LLC,
DCS REAL ESTATE INVESTMENTS II, LLC,
DCS REAL ESTATE INVESTMENTS III, LLC,
DCS REAL ESTATE INVESTMENTS IV, LLC,
DCS REAL ESTATE INVESTMENTS IV-A, LLC,
DCS REAL ESTATE INVESTMENTS V, LLC,
BELLA COLLINA PROPERTY OWNERS ASSOC.,
INC., DAVID BURMAN, AEGIS COMMUNITY
MANAGEMENT SOLUTIONS, INC., RANDALL
F. GREENE, KEITH CLARKE, PAUL LEBREUX,
RICHARD C. ARRIGHI, JAMES D. RYAN,
MICHAEL J. RYAN, THE RYAN LAW GROUP,
LLC, CULLEN D'AMBROSIO, ROCKING RED
H, LLC, RICKY L. SCHARICH, BELLA COLLINA
TOWERS, LLC,

         Defendants.
_____/

## DCS REAL ESTATE INVESTMENTS, LLC'S FIRST REQUEST
## FOR PRODUCTION TO PLAINTIFF, BRAD HECKENBERG

       The defendant, DCS Real Estate Investments, LLC, through the undersigned counsel and

pursuant to Rule 34, Federal Rules of Civil Procedure, serves its First Request for Production to

the plaintiff, Brad Heckenberg, and requests that Mr. Heckenberg produce for inspection, copying and all other purposes within the scope of the Federal Rules of Civil Procedure, at the offices of the undersigned law firm, the following:

## DEFINITIONS AND INSTRUCTIONS

"Document" means:

a.      All written, printed, typed, recorded or graphic matter of every type and description, however and by whoever prepared, produced, reproduced, disseminated or made, in your actual or constructive possession, custody or control, including but not limited to, all writings, letters, minutes, bulletins, correspondence, memoranda, notes, instructions, literature, notebooks, records, agreements, contracts, notations of telephone or personal conversations or conferences, address books, interoffice communications, receipts, circulars, pamphlets, advertisements, electronic mail, instant messages, catalogs, social media posts, summaries, reports, books, invoices, checks, bills, graphs, photographs, drafts, data compilations, computer data sheets, computer data compilations, calendars, statistics, recordings, or data compilations from which information can be obtained or translated into reasonably usable form;

b.      The original and all other copies not absolutely identical;

c.      All drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not;

d.      All writings; and

e.      Production of electronically stored information should be pursuant to the parties' agreement in the Case Management Report and consistent with Rule 34, Federal Rules of Civil Procedure.

"Communication" means any contact, oral or written, formal or informal, at any time or place, under any circumstance, in any manner, whereby a statement of any nature is transmitted or transferred, including any meeting or other conversation, and shall include, without limitation, any document relating to any such contact.

"DCS Defendants" means Dwight C. Schar, Paul E. Simonson, DCS Investments Holdings GP, LLC, DCS Real Estate Investments, LLC, DCS Real Estate Investments II, LLC, DCS Real Estate Investments IV, LLC, DCS Real Estate Investments I, LLC, DCS Real Estate Investments III, LLC, DCS Real Estate Investments IV-A, LLC, DCS Real Estate Investments V, LLC, Rocking Red H, LLC, The Club at Bella Collina, LLC, Richard C. Arrighi, Ricky L. Scharich, and Bella Collina Towers, LLC.

"Relating to" means referring to, reflecting, responding to, commenting upon, recording, discussing, showing, describing, analyzing, constituting or in any way concerning.

"You" and "your" mean the party to whom this discovery request is directed, its current or former agents or assigns, its officers and directors, and anyone else who possess responsive information and who is employed by or affiliated with the party.

The DCS defendants do not seek production of documents protected by the attorney-client privilege.  For any document for which you claim any privilege, identify such document(s) in a privilege log to be produced with your response. The privilege log should identify the document with sufficient particularity (e.g, date, title, author, recipient, subject).

## DOCUMENTS REQUESTED

1.      All communications between you and any other plaintiff in this Case relating to or discussing the allegations or issues raised in this Case.

3

2.     All communications between you and any current owner of a lot in Bella Collina relating to or discussing the allegations raised in this Case.

3.     All communications between you and any former owner of a lot in Bella Collina relating to or discussing the allegations raised in this Case.

4.     All documents that support your allegations against Mr. Schar relating to his alleged wrongdoing.

5.     All documents that support your allegations against Mr. Simonson relating to his alleged wrongdoing.

6.     All documents that support your allegations against DCS Investments Holdings GP, LLC, relating to its alleged wrongdoing.

7.     All documents that support your allegations against DCS Real Estate Investments, LLC, relating to its alleged wrongdoing.

8.     All documents that support your allegations against DCS Real Estate Investments I, LLC, relating to its alleged wrongdoing.

9.     All documents that support your allegations against DCS Real Estate Investments II, LLC, relating to its alleged wrongdoing.

10.     All documents that support your allegations against DCS Real Estate Investments III, LLC, relating to its alleged wrongdoing.

11.     All documents that support your allegations against DCS Real Estate Investments IV, LLC, relating to its alleged wrongdoing.

12.     All documents that support your allegations against DCS Real Estate Investments IV-A, LLC, relating to its alleged wrongdoing.

13.     All documents that support your allegations against DCS Real Estate Investments V, LLC, relating to its alleged wrongdoing.

14.     All documents that support your allegations against Bella Collina Property Owners Assoc., Inc., relating to its alleged wrongdoing.

15.     All documents that support your allegations against David Burman, relating to his alleged wrongdoing.

16.     All documents that support your allegations against Aegis Community Management Solutions, Inc., relating to its alleged wrongdoing.

17.     All documents that support your allegations against Randall F. Greene, relating to his alleged wrongdoing.

18.     All documents that support your allegations against Keith Clarke, relating to his alleged wrongdoing.

19.     All documents that support your allegations against Paul Lebreux, relating to his alleged wrongdoing.

20.     All documents that support your allegations against Richard C. Arrighi, relating to his alleged wrongdoing.

21.     All documents that support your allegations against James D. Ryan, relating to his alleged wrongdoing.

22.     All documents that support your allegations against Michael J. Ryan, relating to his alleged wrongdoing.

23.     All documents that support your allegations against The Ryan Law Group, LLC, relating to its alleged wrongdoing.

24.     All documents that support your allegations against Cullen D'Ambrosio, relating to his alleged wrongdoing.

25.     All documents that support your allegations against Rocking Red H, LLC, relating to its alleged wrongdoing.

26.     All documents that support your allegations against Ricky L. Scharich, relating to his alleged wrongdoing.

27.     All documents that support your allegations against Bella Collina Towers, LLC, relating to its alleged wrongdoing.

28.     All documents that evince the existence of a "Conspiracy" as that term is used in the Complaint.

29.     All communications with Vince Soulsby relating to Bella Collina, this case, or the DCS Defendants.

30.     All documents described as "false documents," "fraudulent documents," or "false records" in the Complaint.

31.     All documents evincing or supporting damages you purportedly suffered as a result of the DCS Defendants' conduct.

32.     All documents supporting your allegations that the DCS Defendants, or any of them, "inflated assessments" in connection with CDD fees, annual assessments, illegal special assessments, interest, attorney fees, late fees, and country club initiation fees and dues.

33.    All documents supporting your assertions that the Bella Collina POA suffered "at least $9,000,000 in damages."

34.    All documents supporting your allegations that "the Conspirators control the CDDs of the community."

35.    All documents relating to any state court litigation or appellate proceeding relating to Bella Collina in which you have been or are a party.

36.    All documents evincing or supporting your allegations that Mr. Arrighi "fraudulently damaged the home in an attempt to make a fraudulent insurance claim and to get it condemned …."

37.    All documents evincing or supporting your allegations that Mr. Faldo and "the Conspirators engaged in a sham real estate transaction."

38.    All documents evincing or supporting your allegations that the DCS Defendants engaged in "financial institution fraud."

39.    All documents evincing or supporting your allegations that the DCS Defendants engaged in "interference with commerce, robbery or extortion."

8

40.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "racketeering."

41.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "monetary transaction involving criminally obtained property."

42.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "fraud using the Postal Service."

43.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "fraud using wire, radio or television communication."

44.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "scheme or artifice to defraud or deprive another from the intangible right to honest services."

45.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "interstate transportation of money taken by fraud."

46.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "obtaining property by false pretenses."

47.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "theft."

9

48.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "home or private business invasion by false personation."

49.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "criminal conspiracy."

50.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "making false statements to obtain property or credit."

51.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "making solicitation of payments prohibited."

52.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "false entries in books of business entity."

53.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "Section 817.155."

54.     All documents evincing or supporting your allegations that the DCS Defendants engaged in "Section 817.2341."

10

55.    All documents evincing or supporting your allegations that the DCS Defendants engaged in "Cheating."

56.    All documents evincing or supporting your allegations that the DCS Defendants engaged in "unlawful filing of records against real or personal property."

57.    All documents evincing or supporting your allegations that the DCS Defendants engaged in "false lien."

58.    All documents evincing or supporting your allegations that the DCS Defendants engaged in "criminal use of a public record."

59.    All documents evincing or supporting your allegations that the DCS Defendants engaged in "threats; extortion."

60.    All documents evincing or supporting your allegations that the DCS Defendants engaged in "false official statements."

61.    All documents evincing or supporting your allegations that the DCS Defendants engaged in "perjury in official proceedings."

Dated: April 3, 2017

/s/ Michael D. Crosbie
**MICHAEL D. CROSBIE, ESQ.**
Florida Bar No. 72575

11

mcrosbie@shutts.com
**JENNIFER P. SOMMERVILLE, ESQ.**
Florida Bar No. 126616
jsommerville@shutts.com
**NICOLE BALLANTE, ESQ.**
Florida Bar No. 125356
nballante@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone:  407-423-3200
Facsimile:  407-425-8316
*Attorneys for DCS Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 3, 2017, I hand-delivered a copy of the foregoing to:

**E. TIMOTHY MCCULLOUGH, ESQ.**
timlaw81@aol.com; mmlawecf@gmail.com
7463 Conroy Windermere Road, Suite A
Orlando, Florida 32835
*Attorneys for Plaintiffs*

and forwarded copies to the following by electronic mail:

**CHRISTINA BREDAHL GIERKE, ESQ.**
christina.gierke@csklegal.com
**JEFFREY M. PARTLOW, ESQ.**
jeffrey.partlow@csklegal.com
Cole, Scott & Kissane, P.A.
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
*Attorneys for Defendants, Bella Collina*
*Property Owners Association, Inc., David*
*Burman, Aegis Community Management*
*Solutions, Inc., Randall F. Greene, Keith Clark*
*and Paul Lebreux*

**MICHAEL J. RYAN, ESQ.**
Mikeryan32645@yahoo.com;
mrj@ryanlawgroup.net;
sue@ryanlawgroup.net
Ryan Law Group, PLLC
636 U.S. Highway One, Suite 110
North Palm Beach, Florida 34408
*pro se*

**JAMES D. RYAN, ESQ.**
jdr@ryanlawgroup.net
Ryan Law Group, PLLC
636 U.S. Highway One, Suite 110
North Palm Beach, Florida 33408
*Attorneys for Defendants, Ryan Law Group*
*PLLC, Cullen D'Ambrosio and James D. Ryan*

/s/ Michael D. Crosbie
MICHAEL D. CROSBIE, ESQ.

13