**NITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CS BUSINESS SYSTEMS, INC., JAMES
L. SHELTON, VIRGINIA L. SHELTON,
BRAD HECKENBERG and LANA C.
HECKENBERG,

        Plaintiffs,

v.                                                      Case No:  5:17-cv-86-Oc-40PRL

DWIGHT C. SCHAR, PAUL E.
SIMONSON, DCS INVESTMENTS
HOLDINGS GP, LLC, DCS REAL
ESTATE INVESTMENTS, LLC, DCS
REAL ESTATE INVESTMENTS I, LLC,
DCS REAL ESTATE INVESTMENTS II,
LLC, DCS REAL ESTATE
INVESTMENTS III, LLC, DCS REAL
ESTATE INVESTMENTS IV, LLC, DCS
REAL ESTATE INVESTMENTS IV-A,
LLC, DCS REAL ESTATE
INVESTMENTS V, LLC, BELLA
COLLINA PROPERTY OWNERS
ASSOC., INC., DAVID BURMAN, AEGIS
COMMUNITY MANAGEMENT
SOLUTIONS, INC., RANDALL F.
GREENE, KEITH CLARKE, PAUL
LEBREUX, RICHARD C. ARRIGHI,
JAMES D. RYAN, MICHAEL J. RYAN,
THE RYAN LAW GROUP, LLC, CULLEN
D'AMBROSIO, ROCKING RED H, LLC,
RICKY L. SCHARICH and BELLA
COLLINA TOWERS, LLC,

        Defendants.
_____/

## ORDER

This Cause comes before the Court without oral argument on the following:

1. Defendants' Motion for Miscellaneous Relief, Specifically to Require RICO Case Statement (Doc. 34), filed March 23, 2017;

2. DCS Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 43), filed March 31, 2017;

3. Defendants' Motion for Leave to File Motion to Dismiss in Excess of Twenty-Five Pages (Doc. 46), filed April, 7, 2017;

4. Defendants' Motion to Dismiss Complaint (Doc. 48), filed April 14, 2017; and

5. Plaintiffs' Opposition and Incorporated Memorandum of Law to DCS Defendants' Motion to Dismiss (Doc. 49), filed on April 14, 2017;

6. Defendants' Motion for Sanctions (Doc. 54), filed April 20, 2017;

7. Plaintiffs' Responses in Opposition to Defendants' Motion for Sanctions, (Docs. 65, 66);

8. Defendants' Reply in Response to Motion for Sanctions (Doc. 76);

9. Defendants' Second Motion for Sanctions (Doc. 155);

10. Motion for Sanctions filed by Cullen D'Ambrosio, James D. Ryan, and The Ryan Law Group, LLC (Doc. 174); and

11. Plaintiffs' Response in Opposition to Motion for Sanctions (Doc. 185).

## I.    BACKGROUND

In pleading, as in many aspects of life, quality matters more than quantity. Plaintiffs filed a ninety-one-page, eighteen-count complaint, which names over ten plaintiffs and twenty-four defendants and alleges a number of complex claims and conspiracies, including a federal racketeering claim under 18 U.S.C. § 1962. (Doc. 1).

Plaintiffs own real estate in a development named Bella Collina. (*Id.* ¶ 1) Defendants allegedly operate the Bella Collina Property Owner's Association, Inc. ("POA") for that development. (*Id.* ¶¶ 1, 12, 15–21). In operating the Bella Collina Property Owner's Association, Defendants have initiated lawsuits against Plaintiffs to obtain unpaid association dues, have permitted construction of a commercial hotel in the development, and have otherwise taken actions allegedly adverse to Plaintiffs. (*Id.* ¶¶ 134–38). In turn, Plaintiffs argue that Defendants should no longer operate the Property Owner's Association and that Plaintiffs (and the other property owners of Bella Collina) should now control it. (Doc. 1, ¶¶ 158–95).

## II.   LEGAL STANDARDS

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. In order to survive a Rule 12(b)(6) motion, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim is not enough, and the district court need not give any credence to legal conclusions that are not supported by sufficient factual material. *Id.* District courts must accept all well-pleaded allegations within the complaint and any documents attached thereto as true and must read the complaint in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

In addition to satisfying the Rule 8 requirements articulated by *Twombly* and *Iqbal*, a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This particularity requirement is required so as to "alert[ ] defendants to the precise misconduct with which they are charged and [to] protect[ ] defendants against spurious charges of immoral and fraudulent behavior." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1277 (11th Cir. 2006) (alterations in original) (citation omitted). Rule 9(b) therefore requires that a complaint "allege the details of the defendants [sic] allegedly fraudulent acts, when they occurred, and who engaged in them." *United States ex. rel. Cooper v. Blue Cross Blue Shield of Fla.*, 19 F.3d 562, 568 (11th Cir. 1994) (per curiam). More specifically, to satisfy Rule 9(b), a complaint alleging fraud-based claims must set forth the following with respect to each allegation of fraud:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and person responsible for making (or in, the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiffs; and (4) what the defendants obtained as a consequence of the fraud.

*Rogers v. Nacchio*, 241 Fed. App'x 602, 608 (11th Cir. 2007) (quoting *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).

Where a complaint alleges fraud-based claims against multiple defendants, Rule 9(b) requires specific allegations with respect to each defendant. *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997). These specific allegations "should inform each defendant of the nature of his alleged participation in the fraud." *Ambrosia Coal*, 482 F.3d at 1317 (affirming dismissal of a RICO complaint on Rule

9(b) grounds where complaint failed to allege "the nature of each defendant's participation in the scheme," failed to identify "each alleged statement, document, or misrepresentation made with the proper level of precision," and failed to specify "the content or manner in which the statements [of misrepresentation] misled [the plaintiff]"). The Court is therefore tasked with the onerous chore of sifting through the unwieldy introduction in search of which allegations support each cause of action against each Defendant. *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

### III.   DICSUSSION

#### A. Motion to Dismiss Complaint

The length and confusing structure of the Complaint makes it difficult to understand. The Complaint contains 537 paragraphs spanning ninety-one pages, and asserts eighteen counts against twenty-four defendants. The recitation of the various counts does not begin until page 60, paragraph 409, at which point the great majority of the long-winded factual background is incorporated into each count without regard for the cause of action being pled. Faced with a shotgun pleading, the Court possesses the inherent authority to order repleader *sua sponte. Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996). In *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit outlined four types of shotgun complaints:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally,

there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (footnotes omitted). All four categories of shotgun complaints are deficient because "they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). The bases for dismissing shotgun pleadings arise from the pleadings' violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b). *Weiland*, 792 F.3d at 1320.

Plaintiffs' Complaint falls within the third category. The counts themselves aver few facts, nor do they distinguish amongst the conduct of the Defendants. For instance, Plaintiffs' fourth claim for relief indiscriminately asserts claims for violations under both Section 1 and Section 2 of the Sherman Act against all defendants. *See Bickerstaff Clay Prods. Co. v. Harris Cnty.*, 89 F.3d 1481, 1485 n.4 (11th Cir. 1996) ("The complaint is a typical shotgun pleading, in that some of the of the counts present more than one discrete claim for relief."). The Complaint fails to separate into counts the various claims asserted, depriving Defendants of "adequate notice of the claims" asserted and the grounds supporting each claim. *See Weiland*, 792 F.3d at 1323. Although the Complaint falls just short of being considered a true shotgun pleading for every count, the distinction is immaterial because the counts themselves contain few facts; rather, the "irrelevant factual allegations" through which this Court must sift are located within the 408-plus paragraphs incorporated into each count.

Due to the factual overlap of the allegations and the failure of the counts to differentiate among the Defendants, the Court finds that "it is virtually impossible to know

which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trusts. of Centr. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). The Complaint is therefore due to be dismissed and repleaded in a more concise, coherent and orderly fashion.

### B. Motion to Require a RICO Statement

In light of the Court's dismissal of the Complaint, Defendant's Motion to Require a RICO Statement will be denied as moot. However, should Plaintiffs decide to replead their RICO allegations, they will be required to file a RICO Case Statement consistent with the practices established in this Division. The statement shall include facts upon which the Plaintiffs are relying to initiate any RICO claims they allege in an Amended Complaint. In particular, this statement shall be in a form which uses the numbers and letters as set forth below, and shall state *in detail and with specificity* the following information.

1.  State whether the alleged unlawful conduct is in violation of 18 U.S.C. § 1962(a), (b), (c) and/or (d).

2.  List each Defendant and state the alleged misconduct and basis of liability of each Defendant.

3.  List the alleged wrongdoers, other than the Defendants listed above, and state the alleged misconduct of each wrongdoer.

4.  List the alleged victims and state how each victim was allegedly injured.

5.  Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a.  List the alleged predicate acts and the specific statutes which were allegedly violated;

b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

c. If the RICO claim is based on the predicate offenses of wire fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

d. State whether there has been a criminal conviction for violation of the predicate acts;

e. State whether civil litigation has resulted in a judgment in regard to the predicate acts;

f. Describe how predicate acts form a "pattern of racketeering activity"; and

g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise;

b. Describe the structure, purpose, function and course of conduct of the enterprise;

c. State whether any Defendants are employees, officers or directors of the alleged enterprise;

d. State whether any Defendants are associated with the alleged enterprise;

e. State whether you are alleging that the Defendants are individuals or entities separate from the alleged enterprise, or that the Defendants are the enterprise itself, or members of the enterprise; and

   f. If any Defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such Defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

10. Describe the effect of the activities of the enterprise in interstate or foreign commerce.

11. If the Complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

   a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

   b. Describe the use or investment of such income.

12. If the Complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13. If the Complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

   a. State who is employed by or associated with the enterprise; and

   b. State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained for which each Defendant is allegedly liable.

18. List all other federal causes of action, if any, and provide the relevant statute numbers.

19. List all pendant state claims.

### C. Motion for Sanctions

In response to Plaintiffs' Complaint, Defendants move for sanctions, stating that the allegations are made solely for improper purposes. Defendants argue that many of the issues raised in this case have been previously litigated in state court, and thus, the doctrine of res judiciata applies. Indeed, Defendants cite to numerous state court cases related to this action. (Doc. 48, pp. 2–3). Based on the shotgun nature of Plaintiffs' pleading, however, the Court cannot determine at this time which issues may be subject to the doctrine of res judicata. Accordingly, the Court will deny Defendants' Motion for Sanctions without prejudice. Defendants are directed to refile their Motions seeking sanctions at the conclusion of the pleading phase of the case.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Defendants' Corrected Motion to Dismiss Complaint (Doc. 48), filed April 14, 2017, is **GRANTED**.

2. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as an improper shotgun pleading.

3. Defendants' Motion for Miscellaneous Relief, Specifically to Require a RICO Statement (Doc. 34) is **DENIED AS MOOT**. However, should Plaintiffs replead their RICO allegations, Plaintiffs are **DIRECTED** to file a detailed RICO statement no later than ten (10) days after the filing of the amended complaint.

4. Defendants' Motion to Dismiss Complaint (Doc. 43) is **DENIED AS MOOT**.

5. Defendants' Motion for leave to file a Motion to Dismiss in excess of twenty-five pages (Doc. 46) is **DENIED AS MOOT**.[1]

6. Defendants' Motion to Postpone Determination of Class Certification, or Alternatively, to Extend the Time to Respond to Motion for Class Certification (Doc. 124) is **DENIED AS MOOT**.

7. Plaintiffs' Amended Motion for Class Certification and Supporting Memorandum of Law (Doc. 145) is **DENIED AS MOOT**.

8. Plaintiffs' Second Motion for Preliminary Injunction (Doc. 167) is **DENIED AS MOOT**.

9. Defendants' Motions for Sanctions (Docs. 54, 155, and 174) are **DENIED WITHOUT PREJUDICE**. Defendants may refile their Motions once pleadings in this case are complete.

**DONE AND ORDERED** in Ocala, Florida, on February 7, 2018.

---

[1] Defendants are warned that further motions requesting excess pages shall be denied if not submitted at least twenty-four (24) hours before the document is filed.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties