UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

NO. 5: 17-CV-86-OC-40-PRL

JAMES L. SHELTON,
and VIRGINIA SHELTON,

    Plaintiffs,

v.                                          **RESPONSE IN OPPOSITION
TO DOC. 217**

DWIGHT C. SCHAR, et al.

    Defendants.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
RICHARD C. ARRIGHI'S MOTION TO STRIKE**

    Plaintiffs, James Shelton and Virginia Shelton, by and through the undersigned, offer their Response in Opposition to Richard C. Arrighi's Motion to Strike (Doc. 217), stating as follows:

**INTRODUCTION**

    Plaintiffs filed their Amended Complaint on February 28, 2018 (Doc. 211). Plaintiffs then filed their RICO Case Statement on March 12, 2018 (Doc. 216).

    Prior to filing their Amended Complaint and RICO Case Statement, Plaintiffs served discovery requests to Defendant Arrighi (and other DCS Defendants), which included several requests regarding the criminal convictions at issue (*See Attached Exhibit 1*). Unsurprisingly, Mr. Arrighi, as well as the other DCS Defendants, offered almost total blanket objections to the

requests and have yet to meaningfully cooperate in the discovery process while chastising Plaintiffs for their good faith efforts.

Plaintiffs now respond in opposition to Defendant Arrighi's Motion to Strike.

## SUBSTANTIVE LAW

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Rule 404 governs the usage of "crimes, wrongs, or other acts" in a proceeding. While Rule 404(b)(1) states that "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character;" Rule 404(b)(2) provides that "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

## ARGUMENT

Between 1992 and 1999, Defendant Arrighi was a vital participant in devising and executing a scheme to steal $9.4 million dollars from the Massachusetts State Treasury. He was convicted and subsequently violated terms of his probation by failing to pay proper restitution. Defendant Arrighi's criminal proceeding was one of great public importance as it affected individual taxpayers and subsequently received extensive media coverage both during and after his indictment:

> "[Richard] Arrighi and Ronald A. Borino, 44, of Bedford, have both been indicted for concealing stolen money and conspiracy in connection with the 1992 theft…Prosecutors allege that Arrighi and Borino devised real estate trusts and transactions to hide the

money until it could be divvied up."[1] *(See Exhibit 2)*

"An Attleboro native convicted of helping steal $9.4 million from the state Treasury - the largest theft of state money in Massachusetts history - has agreed that he is in violation of the terms of his probation and not finished paying restitution." [2] *(See Exhibit 3)*

Plaintiffs have alleged in their Amended Complaint that "On May 14, 2012, Defendants Greene, Arrighi, Simonson, J. Ryan, and other individuals met in a boathouse owned by Defendant Dwight Schar (located at the time at 1375 South Ocean Blvd, Palm Beach, Florida)" and that "At this meeting, the "Bella Collina Project" (as it is referred to by certain Defendants) was discussed, including how, after purchasing the community from the original developer, the scheme in which DCS could recover the lots that were owned by individuals for the purpose of relaunching the community in full." (Doc. 211, Paragraph 58 and 59).

In his Answer to the Amended Complaint, Defendant Arrighi admitted that Paragraph 58 is true and denied Paragraph 59.  (Doc. 218, Paragraph 58 and 59).

Rule 404(b)(2) expressly provides that prior criminal actions may be admissible for purposes such as proving motive, opportunity, intent, preparation, and plan.  Defendant Arrighi has been convicted of felonies and those felonies involved stealing money – the largest theft of state money in Massachusetts history – and devised real estate trusts and transactions to hide the money until it could be divvied up.

Defendant Arrighi's criminal capabilities are obvious (he was able to help steal $9.4 million from the Commonwealth of Massachusetts) and his participation in the planning and execution of stealing, or attempting to steal, real property from Plaintiffs and similarly situated

---

[1] Associated Press.  "Prosecutors seek to revoke bail for attorney accused in treasury scam." <u>Seacoast Online.</u> (Posted June 13, 2001, Updated on December 16, 2010.) http://www.seacoastonline.com/article/20010613/news/306139989
[2] "City native still owes state $425,000." <u>The Sun Chronicle</u> (*September 18, 2008).*
http://www.thesunchronicle.com/news/city-native-still-owes-state/article_0d05b17d-6299-598e-a073-42c7c31f1017.html

individuals, is akin to his participation in the conspiracy he was indicted for and convicted in Massachusetts.

Plaintiffs have alleged a complex conspiracy in their Amended Complaint that includes the usage of numerous holding companies to receive extorted real property until said property can be conveyed free and clear to DCS Real Estate Investments, LLC. (Doc. 211 and 216). Defendant Arrighi was previously convicted of the aforementioned crimes, which indictment included devising real estate trusts and transactions to hide the stolen money until it could be transferred to the receiving individual.

At a minimum, Defendant Arrighi's criminal actions are relevant and admissible as evidence to show the preparation and planning that went into the Bella Collina fraud at issue in this proceeding.

## CONCLUSION

The allegations that Plaintiffs have set forth are not immaterial, impertinent, or scandalous; they are not irrelevant because Rule 404 (b)(2) expressly provides that prior criminal actions may be admissible for purposes such as proving motive, opportunity, intent, preparation, and plan; and they are certainly not harassing as the material is relevant and because Defendant Arrighi may feel the material may be sensitive does not make the mention and usage of it "harassing."  Defendant Arrighi made his own choices to engage in a significant white collar crime scandal and steal millions from taxpayers, and he made his own choice to involve himself in another (Bella Collina).

## CONCLUSION

Plaintiffs' aversions in the Amended Complaint and RICO Case Statement are founded upon fact.  The factual aversions do not rise to the level of immaterial, impertinent or scandalous

and they are relevant pursuant to Rule 404(b)(2).  Defendant Arrighi has failed to offer any evidence to the contrary that would authorize this Court to grant his Motion.

Defendant Arrighi's Motion to Strike should be denied.


Dated: March 28, 2018                                     Respectfully submitted,

                                                          */s/ E. Timothy McCullough*
                                                          E. TIMOTHY McCULLOUGH, Esq.
                                                          Trial Counsel for Plaintiffs
                                                          Florida Bar Number: 0033624
                                                          7463 Conroy Windermere Rd., Suite A
                                                          Orlando, FL 32835
                                                          Telephone: (407) 601-6941
                                                          Fax: (407) 601-5982
                                                          timlaw81@aol.com

## CERTIFICATE OF SERVICE

I certify that on March 28, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, of which will send a notice of electronic filing to all counsel of record.

                                                          */s/ E. Timothy McCullough, Esq.*
                                                          **Attorney for Plaintiffs**