UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES SHELTON and                                      NO. 5: 17-CV-86-OC-40-PRL
VIRGINIA SHELTON,

          Plaintiffs,

v.
                            RESPONSE TO
                            DOC. 225
DWIGHT C. SCHAR, et al.

          Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO DCS DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE (DOC. 225)**

       Plaintiffs, by and through the undersigned, hereby offer their Response in Opposition to the DCS Defendants' Motion for Order to Show Cause, stating as follows:

**INTRODUCTION**

       Plaintiffs filed their Original Complaint on March 2, 2017. The DCS Defendants initially responded by filing a Motion for More Definite Statement (Doc. 8), which this Court denied on March 28, 2017 (Doc. 40). The DCS Defendants then filed a Motion to Dismiss (Doc. 43), which was ultimately granted on February 7, 2018 (Doc. 201).

       Plaintiffs filed their Amended Complaint on February 28, 2018 (Doc. 211). Pursuant to the Order on the DCS Defendants' Motion to Dismiss, Plaintiffs were also directed to file a RICO Case Statement Order, with which they complied. (Doc. 216). Following the filing of both the Amended Complaint and RICO Case Statement Order, the DCS Defendants filed an Answer (Doc. 218).

Plaintiffs now respond in opposition to the DCS Defendants' Motion for Order to Show Cause in which they inexplicably seek sanctions for "failure to comply with Court's Order regarding the RICO Case Statement."

**ARGUMENT**

As has been the norm throughout the instant proceeding, the DCS Defendants seek sanctions in response to a pleading. *(See Doc. 54, 66 [excluding former counsel Whatley Kallas from Doc. 54], 155, and 219).*  In the subject motion, the DCS Defendants, whom Plaintiffs have alleged conspired to extort hundreds of parcels of real property from individual property owners, claim innocence.  They cite chains of case law throughout their *Motion* which refer to the "vexatious treatment of defendants" and reference the "stigmatizing effect on those named defendants," despite no findings by this Court to support these notions.  The relief sought is tantamount to the Court deciding the merits of this case based upon the motion at issue rather than the pleadings themselves.

The crux of the DCS Defendants' Motion is that Plaintiffs did not state with enough detail and specificity their RICO claims in the required RICO Case Statement.  Subsequently, the DCS Defendants contend that Plaintiffs' claims are made in bad faith and are objectionably general as a result.

Notably, the DCS Defendants, who have previously filed the aforementioned Motion for More Definite Statement and Motion to Dismiss, <u>Answered the *Amended Complaint*</u>.  Plaintiffs drafted their *Amended Complaint* with specificity and utilized the RICO Case Statement Order as a guiding principle for the structure.  Had the *Amended Complaint* outright failed to adequately

state a cause of action, the DCS Defendants would surely have filed a motion to dismiss rather than an answer.

Further, the DCS Defendants provide absolutely no basis in law as to why Plaintiffs should be sanctioned beyond an overly broad statement cited from case law ["'Federal courts have the inherent power to impose sanctions. . .' *In re Sunshine Jr. Stores, Inc.,* 456 F.3d 1291, 1304 (11th Cir. 2006)"*].*

Rather, the DCS Defendants set forth case law that states "In fairness to innocent parties, courts should strive to flush out frivolous RICO allegations at an early stage…"

The DCS Defendants have not been found to be "innocent parties" in this proceeding and it is contradictory to answer an amended complaint yet still refer to it as "frivolous." In fact, this Court recently ruled that there cannot be a determination as to whether the *Amended Complaint* is objectively frivolous at this time (Doc. 230):

> It should come as no surprise that the Court cannot determine whether the Amended Complaint is objectively frivolous based on the record at this time. Defendants are advised that "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." Fed. R. Civ. P. 11 advisory committee's note (1993 Amendments) (emphasis added). Defendants are admonished that any further filings of premature motions for sanctions—or any other improper filing—will be seen as an abuse of the Court's resources and will be resolved accordingly.

The DCS Defendants, who presumably read the Court's foregoing Order and therefore have notice of the same, have filed what constitutes an "improper filing" because no determination has been made to any frivolity of the pleadings at issue, it has been expressly stated that no determination can be made based on the record at this time, the Court's resources have certainly been abused, and Plaintiffs have had to expend time and resources on responding to *yet another* motion for sanctions.

When viewed in conjunction with the motion's failures to set forth any foundation as to why Plaintiffs should be sanctioned beyond the aforementioned sentence from the *Sunshine* case, the DCS Defendants should be sanctioned for abusing the Court's resources and for the Plaintiffs having to respond to a frivolous motion.

## CONCLUSION

The DCS Defendants have failed to set forth any grounds which this Court could sanction Plaintiffs for filing a required RICO Case Statement Order, negating any need for an order to show cause. Further, the DCS Defendants did not withdraw their Motion in light of the Court's recent ruling regarding objective frivolity and improper filings.

**WHEREFORE**, Plaintiffs, James and Virginia Shelton, request that this honorable Court deny the Motion at issue (Doc. 225) and award Plaintiffs attorney's fees and costs for having to defend against this improper filing; as well as grant any further relief that this honorable Court deems proper.

Dated: April 9, 2018                                         Respectfully submitted,

/s/ E. Timothy McCullough
E. TIMOTHY McCULLOUGH, Esq.
Trial Counsel for Plaintiffs
Florida Bar Number: 0033624
7463 Conroy Windermere Rd., Suite A
Orlando, FL 32835
Telephone: (407) 601-6941
Fax: (407) 601-5982
timlaw81@aol.com

**CERTIFICATE OF SERVICE**

      I certify that on April 9, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, of which will send a notice of electronic filing to all counsel of record.

*/s/ E. Timothy McCullough, Esq.*
**Attorney for Plaintiffs**
