UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JAMES L. SHELTON and VIRGINIA L. SHELTON, husband**

 **Plaintiffs,**

v.                Case No: 5:17-cv-86-Oc-PGBPRL

**DWIGHT C. SCHAR, et al.,**

 **Defendants.**

## ORDER

Before the Court is the DCS Defendants'[1] motion for attorney's fees against former Plaintiffs PJS Rental, LLC; the Won Y. Shin Trust; and Brad and Lana Heckenberg. (Doc. 220). The DCS Defendants base their motion on various state-law provisions that provide attorney's fees to prevailing parties. The former Plaintiffs have opposed the motion. (Doc. 228). The motion is due to be granted.

**I. BACKGROUND**

The original complaint brought by the former Plaintiffs ran just over ninety pages and asserted eighteen counts, based on a wide variety of legal theories, against twenty-four Defendants. (Doc. 1). Defendants moved to dismiss the complaint, but the former Plaintiffs voluntarily withdrew their claims under Federal Rule of Civil Procedure 41(a) while the motion to dismiss

---

[1] Richard C. Arrighi; Bella Collina Towers, LLC; The Club at Bella Collina, LLC; DCS Investments Holdings GP, LLC; DCS Real Estate Investments I, LLC; DCS Real Estate Investments II, LLC; DCS Real Estate Investments III, LLC; DCS Real Estate Investments IV, LLC; DCS Real Estate Investments IV-A, LLC; DCS Real Estate Investments V, LLC; DCS Real Estate Investments, LLC; Rocking Red H, LLC; Dwight C. Schar; Ricky L. Scharich; and Paul E. Simonson.

was pending. (Docs. 116, 117, 178). The District Court then granted Defendants' motion to dismiss the original complaint on the ground that it was a shotgun pleading. (Doc. 201).[2]

Now before the Court is the DCS Defendants' motion seeking attorney's fees for the cost of responding to, and defending against, the dismissed claims. Specifically, the DCS Defendants seek fees for former Plaintiffs' claims under the Florida Homeowner's Act, the Florida Unfair and Deceptive Trade Practices Act, the Florida RICO and Antitrust Acts, and the Florida Consumer Collection Practices Act. The DCS Defendants also seek sanctions against the former Plaintiffs' attorney, Timothy McCullough, Esq.

## II.  LEGAL STANDARD

Federal courts adjudicating state law claims, including claims brought under the court's supplemental jurisdiction, must apply the substantive law of the state along with the procedural law of the federal system. *Horowitch v. Diamond Aircraft Indust., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011). Statutes allowing for the recovery of attorney's fees generally apply in federal court because they reflect the substantial policy of the state. *Id.* at 1259; *see also Earthcam, Inc v. OxBlue Corp.*, 658 F. App'x 526, 529–30 (11th Cir. 2016) (noting that the Eleventh circuit generally applies state fee-shifting statutes unless there is a "direct collision" with federal law).

Under Florida law, when a plaintiff dismisses its claims without prejudice, the defendant is generally considered the prevailing party. *See Thornber v. City of Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990); *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014). In such a circumstance, the defendant is entitled to fees even though the plaintiff may ultimately refile the case and prevail on the merits of the

---

[2] The remaining Plaintiffs, James and Virginia Shelton, have filed an amended complaint asserting claims for racketeering, witness tampering, and unfair debt collection practices. (Doc. 211).

litigation. *See Alhambra Homeowners Ass'n v. Asad*, 943 So. 2d 316, 317–18 (Fla. 4th DCA 2006) (affirming attorney's fee award against plaintiff who voluntarily dismissed claims but later prevailed).

### III.   DISCUSSION

#### A.  Jurisdiction to Award Fees

Initially, the former Plaintiffs argue that this Court lacks jurisdiction over them because they were terminated from the case. However, it is "well established that a federal court may consider collateral issues after an action is no longer pending," including awarding costs and attorney's fees. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990). This is because motions for attorney's fees are "independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree." *Id.* (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 170 (1939)). Thus, there is no jurisdictional impediment to awarding fees against the former Plaintiffs.

#### B.  Entitlement to Fees

Next, the former Plaintiffs argue that the DCS Defendants have forfeited their entitlement to attorney's fees—and that the former Plaintiffs lacked notice of the DCS Defendants' intention to seek fees—because the DCS Defendants did not assert their claim for attorney's fees in a pleading. *See Stockman v. Downs*, 573 So. 2d 835, 837 (Fla. 1991) (requiring that a request for attorney's fees be pleaded). But the *Stockman* rule the former Plaintiffs rely on does not apply when a party has not yet filed a responsive pleading, and in any event, the DCS Defendants included a request for attorney's fees in their motion to dismiss, filed before the former Plaintiffs dismissed their claims. (Doc. 43 at 41). *See Green v. Sun Harbor Homeowners' Ass'n, Inc.*, 730

So. 2d 1261, 1263 (Fla. 1998) (explaining that in cases dismissed before a responsive pleading is filed, a request for attorney's fees may be made in the motion to dismiss or by separate motion).

Thus, the DCS Defendants may seek attorney's fees against the former Plaintiffs based on their various state-law claims for which fees are available. Because the various statutes at issue present different standards for assessing fees, the Court will consider each statute in turn. *See Davis v. Nat'l Med. Enter., Inc.*, 253 F.3d 1314, 1320 (11th Cir. 2001) (explaining that under Florida law where claims are "separate and divisible, each should be given separate consideration for the purpose of awarding attorneys' fees").

*1. Homeowners' Association Act Claims (Counts 8, 9, 11, 12, & 18)*

Defendants Rocking Red H, LLC, Mr. Scharich, Mr. Schar, Mr. Simonson, and DCS Real Estate Investments are all members of the homeowners association and seek fees under § 720.305(1), Florida Statutes. (Doc. 220 at 14). That section provides that in an action brought "to redress alleged failure or refusal to comply with" the Homeowners' Act, the prevailing party "in any such litigation is entitled to recover reasonable attorney fees and costs." Fla. Stat., § 720.305(1); *see also Rosenberg v. MetroWest Master Ass'n*, 116 So. 3d 641, 643 (Fla. 5th DCA 2013) (affirming award of attorney's fees in favor of HOA member).

The former Plaintiffs asserted several counts based on the members alleged failure to comply with various provisions of the Homeowners' Association Act. (Doc. 1 ¶¶466, 472, 484, 490, 527). Because as discussed above, the former Plaintiffs voluntarily dismissed their claims, Defendants Rocking Red H, LLC, Mr. Scharich, Mr. Schar, Mr. Simonson, and DCS Real Estate Investments are prevailing parties on these counts under Florida law, and thus are entitled to reasonable fees. *See Asad*, 943 So. 2d at 318.

### *2. Florida Unfair & Deceptive Trade Practices Act (Count 8)*

The FUDTPA likewise provides for prevailing party fees but permits the court discretion in determining whether to award fees. Fla. Stat., § 501.2105(1); *Human Soc'y of Broward Cty. v. Fla. Humane Soc'y*, 951 So. 2d 966, 969 (Fla. 4th DCA 2007). The former Plaintiffs brought their FUDTPA claim solely against Defendant DCS Real Estate Investment, LLC.

Florida courts have identified seven discretionary factors to consider in awarding fees: "(1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless; (6) whether the defense raised a defense mainly to frustrate or stall; (7) whether the claim brought was to resolve a significant legal question under FDUTPA law." *Fla. Humane Soc'y*, 951 So. 2d at 971.

Weighing heavily in favor of awarding fees for this claim is the fact that the original complaint was a shotgun pleading that did not provide a factual basis to support former Plaintiffs' FDUTPA claims. (Doc. 201). Instead, the allegations consisted of a laundry list of conclusory assertions that DCS Real Estate Investments engaged in various deceptive and unfair trade practices. (Doc. 1 ¶499). Moreover, the FDUPTA claim merely incorporated the first 408 paragraphs of the complaint without making any attempt to identify which factual allegations constituted a violation of the FDUTPA. (Doc. 1 ¶495).

Former Plaintiffs have not identified any factors that weigh against imposing fees. Thus, given the unreasonableness of former Plaintiffs' claims, DCS Real Estate Investment, LLC, is entitled to fees for this claim as well.

### 3. Florida RICO Claims (Count 2)

The remaining claims require the DCS Defendants to meet a higher standard than mere prevailing party fees. Under the Florida civil RICO statute, defendants are entitled to attorney's fees for claims brought "without substantial fact or legal support." Fla. Stat., § 772.104(3). While this intermediate standard is more stringent than the mere prevailing party standard, it is less stringent than the bad-faith standard used under some other fee-shifting provisions and is meant to "discourage frivolous RICO claims or claims brought for the purpose of intimidation." *Johnson Enter. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1330–31 (11th Cir. 1998). Former Plaintiffs' RICO claim was brought against all of the DCS Defendants.

As pleaded in the original complaint, the Florida RICO allegations clearly lack substantial factual support. Former Plaintiffs' allegations, again, merely incorporate all 408 allegations from earlier in the complaint without any attempt to tie these factual allegations to the asserted claims. (Doc. 1 ¶434). The complaint then lists twelve crimes under Florida law that Defendants are alleged to have committed with no explanation of when or how these crimes were committed. (Doc. 1 ¶¶435). The allegations incorporated in paragraphs 1 through 408 do not present a substantial basis to support the former Plaintiffs' Florida RICO claim. Therefore, the DCS Defendants are entitled to attorney's fees for the former Plaintiffs' Florida RICO claim.

### 4. Florida Antitrust Claims (Count 5)

Section 542.22(1), Florida Statutes, requires the court to award attorney's fees to a prevailing defendant when "the court finds there was a complete absence of a justiciable issue of either law or fact raised by the plaintiff." Florida court have held that this standard is met when the claims are "frivolous." *JES Props., Inc. v. USA Equestrian, Inc.*, 432 F. Supp. 2d 1283, 1290 (M.D. Fla. 2006). The former Plaintiffs brought this claim, as well, against all the DCS Defendants.

In their complaint, the former Plaintiffs asserted that Defendants monopolized the market for real estate within the Bella Collina property development, which they asserted is a "discrete market." (Doc. ¶¶442, 451). However, the former Plaintiffs did not provide any justification for treating the Bella Collina real estate development as a "distinct market." *JES Props.*, 432 F. Supp. 2d at 1281–82 (dismissing complaint where relevant market clearly failed to include all interchangeable products). Nor did they allege any specific acts of anticompetitive behavior aside from their conclusory assertion that many of defendants "restrained the development and resale of the lots owners' property." (Doc. 1 ¶451). *See Spanish Broadcast Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1069 (11th Cir. 2004) (explaining that "an antitrust plaintiff must show harm to competition"). As with the other counts, the former Plaintiffs' assertions are merely conclusory and unsupported. Therefore, the DCS Defendants are entitled to their fees on the former Plaintiffs' Florida antitrust claim.

*5. Florida Consumer Collection Practices Act (Count 14)*

Likewise, the FCCPA provides for attorney's fees if the FCCPA claim "fails to raise a justiciable issue of law or fact." Fla. Stat., § 559.77(2). As with the Florida antitrust claim, this standard is equivalent to a finding that the claim was "frivolous." The former Plaintiffs brought the FCCPA claim against DCS Real Estate Investment and The Club at Bella Collina, LLC (The Golf Club).

In the original complaint, the former Plaintiffs allege that the two Defendants are "debt collectors" as defined by the FCCPA, yet they provide no explanation or factual support for this conclusory assertion. (Doc. 1 ¶503). *See* Fla. Stat. § 559.55(7) (defining "debt collector" as a person in the business of collecting debts or "who regularly collects or attempts to collect . . . debts owed . . . another"). In addition, the original complaint provides no support for the allegation that

the Defendants knowingly sent false billing statements. (Doc. 1 ¶504). Thus, there appears from the original complaint to be no factual basis for this claim as well. DCS Real Estate Investments and The Golf Club are entitled to their reasonable fees required to defend this claim as well.

### 6. Sanctions against Attorney Timothy McCullough

Finally, the DCS Defendants seek sanctions against Mr. McCullough under 28 U.S.C. § 1927. Sanctions under § 1927 are appropriate for attorneys who "willfully abuse the judicial process by conduct tantamount to bad faith." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).

The DCS Defendants repeat arguments they have previously made in seeking sanctions against Mr. McCullough. *E.g.*, (Doc. 155, 160). The District Court has denied these motions without prejudice to refiling the motions for sanctions at the conclusion of the pleadings stage. (Doc. 201). The Court will do the same and deny the request for fees against Mr. McCullough at this time without prejudice to renewing the motion at a later time.

### C. Amount of Fees

The DCS Defendants have provided, along with their motion, a summary of the amount of their attorney's fees accrued thus far. (Docs. 220-3, 220-4). The Court notes two issues with these time sheets. First, they include hours billed after the former Plaintiffs were dismissed from the case, up to the dismissal of the original complaint—the former Plaintiffs are not responsible for fees incurred after they dismissed their claims. Second, the DCS Defendants do not proportion the fees equitably among Plaintiffs such that it appears the DCS Defendants are seeking reimbursement for all of their hours expended on the case from these four former Plaintiffs. *See Austin & Laurato, P.A. v. State Farm Fla. Ins. Co.*, 229 So. 3d 911, 914 (Fla. 5th DCA 2017) (finding trial court erred in imposing joint and several liability for attorney's fees award).

For these reasons, the Court will direct the DCS Defendants to file a revised estimate of their reasonable attorney's fees that excludes fees accrued after the former Plaintiffs respectively dismissed their claims. The DCS Defendants are further directed to apportion their fees among the eleven Plaintiffs such that each is responsible for their fair share.

**IV.   CONCLUSION**

Accordingly, the DCS Defendants' motion is **GRANTED**. (Doc. 220). The DCS Defendants are **directed** to provide a revised assessment of their reasonable attorney's fees **on or before May 7, 2018**. If the former Plaintiffs object to the amount of costs claimed by Plaintiff, they shall file a response within **ten days** of service of the DCS Defendants' affidavit. Upon receipt of the DCS Defendants' affidavit and any objections by former Plaintiff, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

**DONE** and **ORDERED** in Ocala, Florida on April 23, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties