UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES SHELTON and,                  NO. 5: 17-CV-86-OC-40-PRL
VIRGINIA SHELTON

        Plaintiffs,

v.

                                                         OBJECTION TO
                                                         PRETRIAL ORDER
DWIGHT C. SCHAR, et al.

        Defendants.
_____/

**PLAINTIFFS' OBJECTION TO PRETRIAL ORDER**

     Plaintiffs, by and through the undersigned, and pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, respectfully offer their Objection to the April 23, 2018 Magistrate's Order (Doc. 232), stating as follows:

**Factual Background**

     Plaintiffs, and Former Plaintiffs, collectively filed their Original Complaint (Doc. 1) on March 2, 2017.

     The DCS Defendants responded to the Original Complaint by filing a Motion for More Definite Statement (Doc. 8).  The crux of their Motion was that the Original Complaint was a "quintessential shotgun pleading" and that Plaintiffs should be ordered to file an amended complaint.  Citing case law to that effect, the DCS Defendants stated that "a defendant faced with a shotgun complaint is not expected to frame a responsive pleading . . . rather, the defendant is expected to move, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement."

Subsequently, on March 28, 2017, this Motion was denied (Doc. 40) by Order of the Magistrate.  In the opinion, Magistrate Lammens stated that "Certainly, one form of a quintessential shotgun pleading is when the complaint re-alleges each and every count into the subsequent counts, see Anderson, 77 F.3d at 366; but this Complaint does not do that and thus this case is distinguishable from Nehrer, upon which Defendants rely."  The DCS Defendants subsequently filed a motion to dismiss.

It is also well established that, when faced with a shotgun pleading, the Court possesses the inherent authority to order repleader sua sponte. *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).  Notably, the Court did not order repleader sua sponte (and in fact denied the Motion for More Definite Statement, explicitly stating that the Original Complaint was not a shotgun pleading) and the case proceeded for nearly 11 months while the motion to dismiss remained pending.  Plaintiffs continued to prosecute this case in reliance of this Order.  At no time was the magistrate's order timely objected to, thereby finalizing the Order and issue as res judicata.

On February 7, 2018, the Court dismissed the Original Complaint (Doc. 201).  The opinion, which substance spanned approximately 10 pages, provided (amongst other statements) that "The Complaint is therefore due to be dismissed and repleaded in a more concise, coherent and orderly fashion."  In the "Order and Adjudgment" section of the Order, it was stated that "The Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE as an improper shotgun pleading."  The Order also provided that Plaintiffs were to file an accompanying RICO Case Statement with the Amended Complaint.

Plaintiffs, under order of repleader, timely filed their Amended Complaint on February 28, 2018 (Doc. 211) and their RICO Case Statement (Doc. 216). In order to comply with the ordered repleader, Plaintiffs eliminated many of the causes of action contained in the Original Complaint. At no time did Plaintiffs provide a notice of voluntary dismissal for these claims.

The DCS Defendants subsequently filed an Answer to the Amended Complaint (Doc. 218) and now seek prevailing party attorney's fees (Doc. 220), as well as attorney sanctions, from the dismissal of the Original Complaint.

This motion for prevailing party attorney's fees was granted (Doc. 232).

Plaintiffs now offer their timely objection to the magistrate's order granting prevailing party attorney's fees.

## Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure states that:

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Florida courts have adopted the " American Rule" as it pertains to awarding attorney's fees to a prevailing party. A "prevailing party" is defined as a party in whose favor a judgment is rendered, regardless of the amount of damages awarded. *Black 's Law Dictionary* (9th ed. 2009).

The test for determining the "prevailing party" under section 718.303(1) is "whether the party "succeed[ed] on any significant issue in litigation which achieves some of the

benefit the parties sought in bringing suit." *Walter D. Padow , MD., P.A. v. Knollwood Club Ass'n* , 839 So. 2d 744, 745, (Fla. 4th DCA 2003). [citing *Munao, Munao, Munao & Munao v. Homeowners Ass'n of La Buona Vita Mobile Home Park, Inc.,* 740 So. 2d 73, 78 (Fla. 4th DCA 1999) (construing § 723.068, Fla. Stat. (1989) and quoting *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 809-10 (Fla. 1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)))].

"Padow teaches that courts must look to the substance of litigation outcomes - not just procedural maneuvers- in determining the issue of which party has prevailed in an action. '[I]t is [the] results, not [the] procedure, which govern the determination of which party prevailed for purposes of awarding attorney's fees[.]' [*Bessard v. Bessard*, 40 So. 3d 775, 778 (Fla. 3d DCA 2010)(second and third alterations in original) (quoting *Smith v. Adler*, 596 So. 2d 696, 697 (Fla. 4th DCA 1992))]." *Kelly v. BankUnited*, FSB, 159 So. 3d 403, 406, 2015 Fla. App. LEXIS 3956, *5-6, 40 Fla. L. Weekly D 684

If a party is entitled to attorney's fees by contract or statute, the Florida Supreme Court has ruled that a party must plead for attorney's fees in either the complaint or answer [responsive pleading], or it will be deemed waived. *Stockman v. Downs,* 573 So.2d 835 (Fla. 1991). Further, there must be proper notice to the opposing party in order to recover attorney's fees. *Id.* "In adopting [Fla R. Civ. P.] rule 1.525, this Court did not overrule Stockman's pleading requirement or the underlying objective of early, detailed notification of claims for fees and costs." *Barco v. Sch. Bd.,* 975 So. 2d 1116, 1119, 2008 Fla. LEXIS 141, *7, 33 Fla. L. Weekly S 87

It is well settled that a motion to dismiss is not a responsive pleading. *Carras v. Carpet Solutions, Inc.*, 2009 U.S. Dist. LEXIS 134481, *3 (M.D. Fla 2009); *Fla. Peninsula Ins. Co. v. Ken Mullen Plumbing, Inc.*, 171 So. 3d 194, 198, (Fla. 5th DCA 2015).

**Argument**

### a. *Plaintiffs and Former Plaintiffs relied, to their detriment, on the Magistrate's Order Denying Motion for More Definite Statement*

In the Order denying the DCS Defendants' Motion for More Definite Statement, Magistrate Lammens stated that "Certainly, one form of a quintessential shotgun pleading is when the complaint re-alleges each and every count into the subsequent counts, see Anderson, 77 F.3d at 366; but this Complaint does not do that and thus this case is distinguishable from Nehrer, upon which Defendants rely."

This Order was entered on March 28, 2017, less than a month into this proceeding and at a time that minimal work had been completed by the parties collectively.

Plaintiffs, acting in reliance of the language set forth in the Order, continued with their prosecution of this case under the apparently false belief that the manner in which the original complaint was set forth was sufficient so as to not require *sua sponte* repleader by the Court.

Instead, Plaintiffs' original complaint remained in effect for a span of approximately 10 months before it was dismissed as a shotgun pleading on February 7, 2018 (Doc. 201). Had Plaintiffs' original complaint been dismissed as a shotgun pleading in March 2017, the attorney's fees at issue would have never been incurred by any party as the complaint would have either been replead or dismissed before 10 months of work could go into the prosecution and defense of this proceeding.

Plaintiffs acted in reliance of the Magistrate's Order denying the motion for more definite statement, only to have the original complaint dismissed as a shotgun pleading 10 months later and a subsequent order granting attorney's fees to certain Defendants follow, all to their extreme detriment. Plaintiffs and Former Plaintiffs object to the Magistrate's Order at issue for the severe discord between orders affecting the pleadings, requesting that the Order be overturned.

    b. *Defendants are barred from an award of prevailing party fees for the state causes of action by the Stockman holding*

Prior to the dismissal of the original complaint, the DCS Defendants did not file a responsive pleading. Rather, the filed a motion for more definite statement (Doc. 8) and a motion to dismiss (Doc. 43). They did not file a responsive pleading until after the filing of the Amended Complaint (Doc. 218), suggesting that if the original complaint was dismissed in March 2017, rather than Plaintiffs and Former Plaintiffs relying upon the ruling set forth on the motion for more definite statement, the issues at hand would have been wholly avoided.

The Florida Supreme Court is very clear on the matter: "a claim for attorney's fees, whether based on statute or contract, must be pled." *Stockman*. It is impossible for the DCS Defendants to recover attorney's fees in this proceeding because no actual pleadings were filed before the dismissal of the original complaint and Plaintiffs did not receive adequate notice that attorney's fees would be sought, a vital element of the *Stockman* ruling.

"A party should not have to speculate throughout the entire course of an action about what claims ultimately may be alleged against him…The existence or nonexistence of a motion for attorney's fees may play an important role in decisions affecting a case. For example, the potential that one may be required to pay an opposing patty's attorney's fees may often be determinative in a decision on whether to pursue a claim, dismiss it, or settle." *Stockman*.

In the instant proceeding, had the Court properly struck down the original complaint in March 2017, rather than allow for 10 months of litigation upon a complaint that was deemed insufficient in direct contradiction of a previous order, Plaintiffs' strategy would have been drastically different (as can be seen with the material differences between the original complaint and amended complaint), leading to an entirely different course of action for this proceeding.

Instead, Plaintiffs and Former Plaintiffs have now been subjected to drastically contradictory orders regarding the stature of the original complaint and are now being ordered to pay prevailing party fees as a result. Plaintiffs and Former Plaintiffs obect to the Magistrate's Order at issue for failing to comply with the ruling in *Stockman* and for subjecting Plaintiffs to contradictory orders and awarding prevailing party attorney's fees despite it.

   c. ***Even if the DCS Defendants complied with the Stockman ruling, the individual Florida Statutes do not provide for an award of attorney's fees in this situation***

Florida courts have adopted the "American Rule" as it pertains to awarding attorney's fees to a prevailing party. A "prevailing party" is defined as a party in whose favor a judgment is rendered, regardless of the amount of damages awarded. *Black's Law Dictionary* (9th ed. 2009).

In the instant action, not only have the DCS Defendants failed to plead attorney's fees in an answer to the original complaint as required by *Stockman*, but there has been no judgment rendered nor can DCS show that, at that early stage in the litigation, a likelihood of success on the ultimate issues.

Rather, the DCS Defendants offer insulting and speculative assertions in their motion: "Similar to the former plaintiffs, and perhaps worse, the Sheltons proceeded forward on their unfounded claims for almost a year despite being made aware of the unsubstantiated and incomprehensible nature of their complaint." This assertion, speculative in nature, also implies

that because the DCS Defendants are defending the claims that have been plead against them, they are correct and Plaintiffs/Former Plaintiffs should recognize this, despite no finding to the contrary.

The DCS Defendants' motion is tantamount to requesting this Court to review a dismissed complaint, while an Amended Complaint is currently being litigated, and decide the merits of it.

Further, for the state claims that the DCS Defendants seek attorney's fees awards for, no statute provides for the recovery of attorney's fees on a claim that an answer was not filed and a Plaintiff eliminated on an Amended Complaint to comply with a repleader order.

Plaintiffs and Former Plaintiffs object to the Magistrate's Order at issue for awarding prevailing party attorney's fees for Florida state claims which do not carry statutory prevailing party awards.

### d. *Defendants are barred from an award of prevailing party fees for the state causes of action by the Padow holding*

The test set forth in *Padow* requires the Court to determine "whether the party succeed[ed] on any significant issue in litigation which achieves some of the benefit the patties sought in bringing suit." *Padow*. This is because "[I]t is [the] results, not [the] procedure, which govern the determination of which party prevailed for purposes of awarding attorney's fees[.]" *Kelly*.

In the instant proceeding, no DCS Defendant prevailed on any significant issue in litigation. Rather, this Court dismissed Plaintiffs' original complaint as a shotgun pleading and

Plaintiffs complied with the Court's directives in the Amended Complaint, of which resulted in the elimination of certain causes of action.

Plaintiffs and Former Plaintiffs object to the Magistrate's Order at issue for failing to comply with the ruling in *Padow* by not applying the test set forth in that ruling to the state causes of action the DCS Defendants sought prevailing party attorney's fees.

### e. *Defendants did not properly apportion and segregate their attorney's fees*

The DCS Defendants seek an award of prevailing party fees on various claims that were not re-plead by Plaintiffs in the amended complaint.

Prior to seeking these fees, the DCS Defendants settled their claims with various former Plaintiffs in this proceeding and failed to apportion these fees properly with what they have claimed, a notion that the motion remains silent. They are believed to have received substantial monies as a result of their settlements, including from the Sutherins and CS Business Systems, Inc. The monies received as a result of these settlements directly correlate to the legal services performed in the instant action and should offset any further award they seek so as to avoid duplicative fees.

Further, the DCS Defendants have failed to segregate their attorney's fees sought int his proceeding. Since the filing of the original complaint, the DCS Defendants have focused almost exclusively on defending against the racketeering claims, which are still in effect in the amended complaint. The remaining causes of action received little to no attention in both the discovery phase and in pleadings. By failing to segregate their claims, required under the American Rule, the DCS Defendants seek a recovery of attorney's fees which were almost exclusively incurred as a result of defending a claim that is still in effect.

Plaintiffs and Former Plaintiffs object to the Magistrate's Order at issue because the DCS Defendants' motion fails to appropriately apportion recovered fees and segregate fees and costs incurred across all claims.

Should this objection be denied, Plaintiffs will request that discovery be ordered to determine whether the DCS Defendants actually expended any fees and costs on the claims they seek recovery for and whether any of these fees and costs were offset by past settlements, rather than rely on their documentation set forth without supportive documents or other evidence.

### *f.  Fed. R. Civ. P. 41(a) does not provide for prevailing party attorney's fees*

Former Plaintiffs who dismissed their claims did so pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, following the DCS Defendants Motion to Dismiss which is not sufficient notice of a claim for attorney's fees.

Plaintiffs filed their Amended Complaint and did not include certain causes of action in order to comply with the Court's directives set forth in the Order granting the Motion to Dismiss (Doc. 201).

Rule 41(a) provides Plaintiffs a right to voluntarily dismiss and does not provide for an award of prevailing party fees subsequent to a voluntarily dismissal.  Notably, Rule 41(d) states that if a Plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court may order the plaintiff to pay all or part of the costs of that previous action.

In the instant proceeding, the claims in question, protected by Rule 41(d), were not previously dismissed and there is no provision within the rule that a court may order the Plaintiff

to pay all or part of the costs of that previous dismissed action. Rather, the provisions governing fees and costs is set to activate upon a second dismissal of the same claims previously dismissed.

Plaintiffs and Former Plaintiffs object to the Magistrate's Order at issue because Rule 41(a) provides a Plaintiff with a means to dismiss a claim but does not provide for an order of costs until a second dismissal of previously dismissed claims. As no claim was dismissed, re-pled, and dismissed again, there cannot be an award of attorney's fees and costs for a first time voluntary dismissal.

## Conclusion

Plaintiffs respectfully request that the District Judge consider this timely objection of the Magistrate's Order and deny the DCS Defendants' Motion for Attorney's Fees.

**Dated**: May 7, 2018                                             Respectfully submitted,

/s/ E. Timothy McCullough
E. TIMOTHY McCULLOUGH, Esq.
Trial Counsel for Plaintiffs
Florida Bar Number: 0033624
7463 Conroy Windermere Rd., Suite A
Orlando, FL 32835
Telephone: (407) 601-6941
Fax: (407) 601-5982
timlaw81@aol.com

## CERTIFICATE OF SERVICE

I certify that on May 7, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, of which will send a notice of electronic filing to all counsel of record.

/s/ E. Timothy McCullough, Esq.
**Attorney for Plaintiffs**