UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES SHELTON and  NO. 5: 17-CV-86-OC-40-PRL
VIRGINIA SHELTON,

        Plaintiffs,

v.

        **MOTION TO**
        **VOLUNTARILY DISMISS**

DWIGHT C. SCHAR, et al.

        Defendants.
_____/

**PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS**

Plaintiffs, by and through the undersigned, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, respectfully offer their Motion to Voluntarily Dismiss this proceeding with each side bearing their own attorney's fees and costs, stating as follows:

**INTRODUCTION**

Plaintiffs, and Former Plaintiffs, collectively filed their Original Complaint (Doc. 1) on March 2, 2017.

The DCS Defendants responded to the Original Complaint by filing a Motion for More Definite Statement (Doc. 8). The crux of their Motion was that the Original Complaint was a "quintessential shotgun pleading" and that Plaintiffs should be ordered to file an amended complaint.

Subsequently, on March 28, 2017, this Motion was denied (Doc. 40) by Order of the Magistrate. Magistrate Lammens ruled that the Complaint was not a shotgun pleading. The Magistrate's opinion stated that "Certainly, one form of a quintessential shotgun pleading is when the complaint re-alleges each and every count into the subsequent counts, see Anderson, 77

F.3d at 366; but this Complaint does not do that and thus this case is distinguishable from Nehrer, upon which Defendants rely." The Defendants did not object to the March 28, 2017 ruling, which presumably became final.

Each Defendant subsequently filed a motion to dismiss or a joinder to the motions to dismiss. On February 7, 2018, the Court effectively reversed the March 28, 2017 decision, dismissing the Original Complaint as a shotgun pleading (Doc. 201). This opinion, the substance of which spanned approximately 10 pages, provided that "The Complaint is therefore due to be dismissed and repleaded in a more concise, coherent and orderly fashion." In the "Order and Adjudgment" section of the Order, it was stated that "The Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE as an improper shotgun pleading." The Order also provided that Plaintiffs were to file an accompanying RICO Case Statement with the Amended Complaint.

Plaintiffs, under order of repleader, timely filed their Amended Complaint on February 28, 2018 (Doc. 211) and their RICO Case Statement (Doc. 216). In order to comply with the ordered repleader, Plaintiffs eliminated many of the causes of action contained in the Original Complaint. At no time did Plaintiffs provide a notice of voluntary dismissal for these claims.

Each Defendant has since answered the Amended Complaint and no counter claims were filed by any Defendant at any time in this proceeding.

During the 11 months between the March 28, 2017 decision and the February 7, 2018 Order, the Defendants entered into settlement agreements with Former Plaintiffs ITZ, the Sutherins, and CSBS. Fewer parties were available to share the costs of litigation, to participate in class certification proceedings, or to provide evidentiary support. The persistent acquisition of the ever-decreasing number of non-developer lots, and the continued control of the POA by the

DCS Defendants, eroded the basis for class certification or of remedies such as disgorgement of illegally obtained lots.  The Plaintiffs no longer had a community to protect or to control.  The concerted efforts by various Defendants to attack the Plaintiffs and their counsel with internet postings, false accusations of impropriety, anonymous mailings, harassing texts and repetitive, SLAPP lawsuits caused various Plaintiffs to endure excruciating pressure.  Under these circumstances, PJS, the Won Y. Shin Trust and Brad and Lana Heckenberg dismissed what they perceived as now moot lawsuits.

The Sheltons find themselves in a similar situation.  Most of their fellow plaintiffs entered confidential settlement agreements, sold their property or dismissed their cases.  The damages related to illegal write offs of POA assessments to benefit the DCS Defendants' coercive efforts to obtain unencumbered lots from the POA members, would go to a POA still wholly controlled by DCS, benefitting the very conspiracy that caused the harm.  As discussed later in this motion, the Sheltons also experience the sudden onset of serious health problems by Mr. Shelton, requiring a significant period of convalescence.

Accordingly, two remaining Plaintiffs now seek Voluntary Dismissal by Order of the Court, with each party bearing their own attorney's fees and costs, for the foregoing reasons.  This motion seeks a dispositive order which requires the decision of the District Judge.

## ARGUMENT

Since the initiation of this proceeding, several Former Plaintiffs settled their claims with various Defendants, leading to their dismissal of this case.  These settlements are believed to have included either significant monetary compensation or a waiver of fees and costs.

Other Former Plaintiffs voluntarily dismissed on their own accord.  James and Virginia Shelton now remain as the sole Plaintiffs in this proceeding.

Since the filing of the Amended Complaint, James Shelton has endured a serious and unforeseen onset of significant health issues, including a recent heart surgery from which he is still recovering.   Mr. Shelton's heart surgery and subsequent recovery have made his involvement in the prosecution in this case extremely difficult.

## CONCLUSION

Plaintiffs seek voluntary dismissal of this proceeding, without prejudice, with all sides bearing their own attorney's fees and costs.  Many Plaintiffs have already settled, or dismissed, their claims in this proceeding and Mr. Shelton's recent heart surgery requires significant recovery and rehabilitation.

**WHEREFORE,** Plaintiffs, James and Virginia Shelton, request that this honorable Court grant voluntarily dismissal of this proceeding, without prejudice, and with the stipulation that each party involved bears their own attorney's fees and costs; as well as grant any further relief that this honorable Court deems proper.

**Dated**: May 9, 2018                                          Respectfully submitted,

                                                                          */s/ E. Timothy McCullough*
                                                                          E. TIMOTHY McCULLOUGH, Esq.
                                                                          Trial Counsel for Plaintiffs
                                                                          Florida Bar Number: 0033624
                                                                          7463 Conroy Windermere Rd., Suite A
                                                                          Orlando, FL 32835
                                                                          Telephone: (407) 601-6941
                                                                          Fax: (407) 601-5982
                                                                          timlaw81@aol.com

## CERTIFICATE OF SERVICE

      I certify that on May 9, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, of which will send a notice of electronic filing to all counsel of record.

*/s/ E. Timothy McCullough, Esq.*
**Attorney for Plaintiffs**

## Local Rule 3.01(g) Certification

      Defendants represented by Jeffrey Partlow of the Cole, Scott and Kissane law firm have consented to the relief sought in this motion.  Defendants represented by Michael Crosbie of the Shutts & Bowen law firm and the Ryan Law Group do not consent to the relief sought in this motion.