## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JAMES L. SHELTON and VIRGINIA L.
SHELTON,

              Plaintiffs,

v.                                                                Case No:  5:17-cv-86-Oc-40PRL

DWIGHT C. SCHAR, PAUL E.
SIMONSON, DCS INVESTMENTS
HOLDINGS GP, LLC, DCS REAL
ESTATE INVESTMENTS, LLC, DCS
REAL ESTATE INVESTMENTS I, LLC,
DCS REAL ESTATE INVESTMENTS II,
LLC, DCS REAL ESTATE
INVESTMENTS III, LLC, DCS REAL
ESTATE INVESTMENTS IV, LLC, DCS
REAL ESTATE INVESTMENTS IV-A,
LLC, DCS REAL ESTATE
INVESTMENTS V, LLC, BELLA
COLLINA PROPERTY OWNERS
ASSOC., INC., DAVID BURMAN,
AEGIS COMMUNITY MANAGEMENT
SOLUTIONS, INC., RANDALL F.
GREENE, KEITH CLARKE, PAUL
LEBREUX, RICHARD C. ARRIGHI,
JAMES D. RYAN, MICHAEL J. RYAN,
THE RYAN LAW GROUP, LLC,
CULLEN D'AMBROSIO, ROCKING
RED H, LLC, RICKY L. SCHARICH and
BELLA COLLINA TOWERS, LLC,

              Defendants.

_____/

## <u>ORDER</u>

This cause is before the Court on Plaintiffs' Motion to Voluntarily Dismiss (Doc.

236), and Defendants' Response in Opposition (Doc. 239). Plaintiffs seek to voluntarily

dismiss this action without prejudice, with both sides bearing their own attorneys' fees

and costs. For the reasons discussed herein, Plaintiffs' Motion will be granted in part and denied in part.

## I.     BACKGROUND

Plaintiffs initiated this action in March 2017, alleging a number of complex claims and conspiracies, including a federal racketeering claim under 18 U.S.C. § 1962. (Doc. 1). The ninety-one-page Complaint alleged eighteen different causes of action and named ten plaintiffs and over twenty-four defendants. (*Id.*). Defendants responded to the Complaint by filling a Motion for a More Definite Statement. (Doc. 8). Defendants argued that the Complaint was a "shotgun pleading" and that Plaintiffs should be ordered to file an Amended Complaint.

The Motion for a More Definite Statement was denied by the Magistrate Judge, who found that the Complaint was distinguishable from a shotgun pleading. (Doc. 40). Each Defendant subsequently moved to dismiss the Complaint. On February 7, 2018, nearly a year after the original Complaint was filed, the Court granted Defendants' Motion to Dismiss, finding that the Complaint was indeed a shotgun pleading and that repleader was needed. The Court did not reach the merits of Plaintiffs' claims. (Doc. 201).

During the eleven months Defendants' Motions to Dismiss were pending, several Plaintiffs voluntarily dismissed their claims under Federal Rule of Civil Procedure 41(a)(1) (the "Former Plaintiffs"). Defendants sought an award of attorneys' fees for costs incurred defending the action against the Former Plaintiffs. The Magistrate Judge granted the Motion for Attorneys' Fees (Doc. 232), and this Court later affirmed the Magistrate Judge's Order (Doc. 246).

In March of 2018, the remaining Plaintiffs—James L. Shelton and Virginia L. Shelton (the "Sheltons")—filed an Amended Complaint. On May 9, 2018, the Sheltons filed the instant motion, seeking to dismiss this action without prejudice, with each side bearing their own attorneys' fees. Defendants oppose, arguing that dismissal should be with prejudice and that Defendants should be granted reasonable attorneys' fees incurred in defending this action.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The plaintiff's right to a voluntary dismissal without prejudice is not absolute," but "in most cases a dismissal should be granted unless the defendant will suffer some legal harm." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976).[1] In considering whether a defendant would suffer legal prejudice, "the Court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence . . . in prosecuting the action, insufficient explanation for . . . a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Pezold Air Charters v. Phx. Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000) (quotation omitted). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986) (emphasis omitted).

---

[1]   Decisions of the Fifth Circuit entered before October 1, 1981, are binding on the courts of the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

The Court may, however, condition a dismissal without prejudice on the payment of reasonable fees and costs. *Id.* at 860. This remedy is appropriate where it is necessary to protect the nonmoving party's interests. *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991) (per curiam) ("[W]hen exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants.").

After reviewing the parties' briefs and record, the Court finds that Defendants will not suffer clear legal prejudice should the Sheltons be permitted to voluntarily dismiss this action without prejudice. However, Defendants have been put through considerable expense in defending against Plaintiffs' claims, and should be permitted to seek an award of attorneys' fees if such an award is available under the various statutes raised in Plaintiffs' Complaint.

## III.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Dismiss Voluntarily (Doc. 236) is **GRANTED IN PART AND DENIED IN PART**:

    a. The Motion to Dismiss this action without prejudice is **GRANTED**.

    b. The request for an order directing the parties to bear their own fees and costs is **DENIED**.

2. This action is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of Court is **DIRECTED** to terminate any pending motions (Docs. 217, 224, and 225) and to thereafter close the file.

4.  The Court retains jurisdiction to resolve any remaining issues on attorneys' fees

and costs.

**DONE AND ORDERED** in Orlando, Florida on August 2, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties